# Exhibit A

**Proposed Interim Order**

4936-9343-7306.4 05863.00001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 26-10183 (___)<br><br>(Joint Administration Requested)<br><br>**Related Docket No. [  ]** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO**
**(A) CONTINUE TO MAINTAIN THEIR INSURANCE POLICIES AND PROGRAMS,**
**(B) HONOR ALL INSURANCE OBLIGATIONS, (C) RENEW, AMEND,**
**SUPPLEMENT, EXTEND, OR PURCHASE AND FINANCE INSURANCE POLICIES;**
**(II) AUTHORIZING CONTINUATION OF INSURANCE PREMIUM FINANCING**
**AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")² of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an interim order (this "Interim Order"): (i) authorizing, but not directing, the Debtors to continue their existing Insurance Policies; (ii) authorizing, but not directing, the Debtors to pay certain (a) prepetition Insurance Obligations, and (b) postpetition Insurance Obligations in the ordinary course of business; (iii) authorizing the Debtors to renew, amend, supplement, extend, or purchase and finance insurance policies in the ordinary course; (iv) authorizing the Debtors, in their discretion, to continue the Debtors' insurance premium financing agreement; and (v) granting related relief, all

---

1   The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

2   A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before the Court (the "Hearing"); and upon the Debtors' representation that the amounts authorized to be paid pursuant to this Interim Order are consistent with the Debtors' debtor-in-possession financing budget; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026, at __:__ _.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be received by the following parties, by no later than 4:00 p.m. (prevailing Eastern Time) on _____, 2026: (i) proposed counsel to

the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com) and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jon Lipshie, Esq. (jon.lipshie@usdoj.gov); (iii) counsel to the DIP Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, (a) Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases. In the event that no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

      3. Subject to the Approved Budget (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief*) (the "Interim DIP Order") or the Final Order (as defined in the Interim DIP Order), as applicable), the Debtors are authorized to pay and honor any postpetition Insurance Obligations in connection with the Insurance Policies as such obligations come due in the ordinary course of business.

4. Subject to entry of a final order and only as necessary to avoid immediate and irreparable harm, the Debtors are hereby authorized, but not directed, to: (a) maintain their Insurance Policies without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of their business, in their business judgment and at their sole discretion; and (b) enter into new financing agreements, to the extent consistent with the Debtors' ordinary course prepetition practices, and to continue, in the ordinary course of business, their current Premium Financing Agreement; *provided* that, absent further order of the Court upon notice, during the course of these Chapter 11 Cases, the Debtors shall not renew or enter into any new premium financing agreement upon any terms less favorable than those in the existing Premium Financing Agreement.

5. Notwithstanding anything to the contrary in the Premium Financing Agreement, in the event the Debtors default under the terms of the Premium Financing Agreement, the Premium Financing Company shall not cancel any insurance policy of the Debtors without first providing notice of such default in writing by overnight mail to the Debtors and their bankruptcy counsel, and counsel to the DIP Lenders, and at least 5 business days to cure. If the Debtors fail to cure the default within that time, then the Premium Financing Company may, in accordance with the terms of the Premium Financing Agreement, and without further order of this Court, exercise any and all of its rights under the Premium Financing Agreement.

6. The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that the Debtors determine that such action is in the best interest of their estates; *provided* that the Debtors shall provide prior notice of any changes

to an insurance policy or financing agreement to the U.S. Trustee, counsel to the DIP Agent, counsel to the DIP Lenders, and any official committee appointed in the Chapter 11 Cases.

7.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed to be: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8.     Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations are authorized to: (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Interim Order or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

9.     The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations, and to replace any

prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of these Chapter 11 Cases.

10. Nothing contained in this Interim Order shall be construed to accelerate payments that are not otherwise due and payable.

11. Entry of this Interim Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rules 6004(h), 7062, and 9014, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.