IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10183 (MFW)<br><br>(Joint Administration Requested)<br><br>Re Docket No. 7 |

**INTERIM ORDER: (I) AUTHORIZING THE PAYMENT OF
CERTAIN TAXES AND FEES; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and upon the Debtors' representation that the amounts authorized to be paid pursuant to this Interim Order are consistent with the Debtors' debtor-in-possession financing budget; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 6, 2026, at 11:30 a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed with the Court, and served so as to be received by the following parties, by no later than 4:00 p.m. (prevailing Eastern Time) on February 27, 2026: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com) and Mary F. Caloway (mcaloway@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Attn: Jon Lipshie, Esq. (jon.lipshie@usdoj.gov); (iii) counsel to the DIP Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, (a) Alston & Bird LLP, 90 Park

Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases.  In the event that no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. Pending entry of the Final Order, the Debtors are (a) authorized, but not directed, on an interim basis, to negotiate, pay, or remit (or use tax credits to offset), or otherwise satisfy, as applicable, the Taxes and Fees that arose or accrued prior to the Petition Date, and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Audits, or paying any Taxes and Fees arising as a result of Audits, provided that such amounts shall not, pending entry of the Final Order, exceed the amounts below:

| Taxes and Fees | Interim Amount |
|---|---|
| Sales and Use Taxes | $90,000 |
| Property Taxes | $1,340,000 |
| Franchise Taxes | $0 |
| Business Fees | $0 |
| **Total** | **$1,430,000** |

4. All applicable banks and other financial institutions are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Taxes and Fees approved herein, whether prior to or after commencement of the Chapter 11 Cases.

5. The Debtors are authorized, subject to and consistent with this Interim Order, to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement

of any checks or automated clearinghouse requests relating to Taxes and Fees that were dishonored or rejected.

6. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

7. Nothing in the Motion, this Interim Order, or the Debtors' payment of any claims pursuant to this Interim Order, shall be construed as: (i) an admission as to the validity, priority, enforceability, or perfection of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order; (iii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iv) a promise to pay any claim; (v) an implication or admission that any particular claim would constitute an allowed claim; (vi) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vii) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Interim Order. Nothing contained herein or in the Motion shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent that it is not paid.

8. Nothing contained in this Interim Order shall be construed to accelerate payments that are not otherwise due and payable.

9. Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who

4

ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Interim Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and Local Rule 9013-1(m) are satisfied by such notice.

12. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Interim Order.

Dated: February 13th, 2026  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

4916-0783-4233.20 05863.00001