# Exhibit 1

## Motion

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENGER FLIGHT GROUP, LLC, *et al.*, | Case No. 26-10183 (   ) |
| Debtors.[1] | (Joint Administration Requested) |

## MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or

"AFG") file this motion (the "Motion") for the entry of an interim order on an expedited basis,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Interim Order") and,

following a final hearing to be set by the Court (the "Final Hearing"), the entry of a final order,

substantially in the form attached hereto as **Exhibit B** (the "Proposed Final Order"): (i) approving

the Debtors' proposed form of adequate assurance of payment to the Utility Companies (as defined

below); (ii) establishing procedures for resolving objections by Utility Companies relating to the

adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility

Companies from altering, refusing, or discontinuing service to, or discriminating against, the

Debtors on the basis of the commencement of these Chapter 11 Cases or any outstanding

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.


2610183260212000000000003

prepetition debts; (iv) scheduling a final hearing; and (v) granting related relief.  In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Lawrence Perkins in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "<u>First Day Declaration</u>"), incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully represent as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      The Debtors receive essential utility services from several Utility Companies.  A list of the Utility Companies and, where available, the Debtors' account number with each Utility Company, is attached hereto as **<u>Exhibit C</u>**.  By this Motion, the Debtors seek to minimize disruption of utility services to their operations and ensure a smooth transition into bankruptcy. Specifically, the Debtors request approval of the form of adequate assurance of payment they will provide to their utility providers, a deposit, and procedures to resolve any dispute that may arise relating to the adequate assurance.  The Debtors also request that the Court prohibit their utility providers from discontinuing or otherwise affecting the Debtors' services, subject to compliance with the proposed procedures.  These measures will ensure that the Debtors maintain essential utility services to their facilities at this critical juncture in their Chapter 11 Cases, prevent irreparable harm to the Debtors' estates, and ultimately provide the Debtors with an opportunity to reorganize or otherwise sell their business as a going concern.

<u>**JURISDICTION AND VENUE**</u>

2.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[2]      A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

and the Court may enter a final order consistent with Article III of the United States Constitution.

The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of

a final order by the Court in connection with this Motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.

3.       Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested herein are sections 105(a) and 366 of

Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003, and 6004 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

### BACKGROUND

5.       On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are

operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee

or examiner has been made in the Chapter 11 Cases, and no committees have been appointed

or designated.

6.       Avenger Flight Group, LLC ("AFG LLC") and its affiliates (collectively,

"Avenger" or the "Company") is a global leader in the commercial aviation simulation and training

business.  Avenger provides a full suite of advanced flight simulator training solutions to their

customers, which include blue-chip passenger airlines, regional airlines, charter operators, and

training operators.  As of the Petition Date, the Company owns, operates or services 50 full-flight

simulators and 15 flight training devices across 11 training centers in 4 countries.

7.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

A.      **The Utility Companies and Utility Services**

8.      In the ordinary course of business, the Debtors obtain various essential utility services (collectively, the "Utility Services"), including electricity, water, gas, garbage, and internet/telecom services, from a number of utility companies (collectively, the "Utility Companies"). A non-exclusive list of the Utility Companies is attached hereto as **Exhibit C** (the "Utility Services List").[3]

9.      The Debtors rely on the Utility Companies to provide Utility Services at their seven offices and facilities located in Florida, Texas, Nevada, and Minnesota. In locations with Utility Services, the Debtors rely on the Utility Companies to provide the Utility Services which are required for the Debtors' operations and management. Preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations, and even a brief alteration or discontinuation of service would likely cause severe disruption to the Debtors' business.

10.     The Debtors have historically paid prepetition invoices provided by the Utility Companies in the ordinary course of business in a timely manner. To the best of the Debtors' knowledge, there are no defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of the Chapter 11 Cases. Based on historical averages for Utility Services, the Debtors estimate that their cost of Utility Services for the next thirty days will be approximately $82,622.30.

---

[3]     The inclusion of any entity on, or the omission of any entity from, the Utility Services List is not an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights with respect to any such determination.

**B.** **Proposed Adequate Assurance of Payment**

11.     The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner.  To provide the Utility Companies with adequate assurance pursuant to section 366 of the Bankruptcy Code, the Debtors propose to deposit cash in an amount equal to one-half of one month's cost of Utility Services, calculated using the historical average for such payments (the "Utility Deposit"), into a newly created, segregated account subject to a Uniform Depository Agreement, for the benefit of the Utility Companies (the "Adequate Assurance Account").  As of the Petition Date, the Debtors estimate that the total amount of the Utility Deposit will be approximately $41,311.15.

12.     The Debtors will transfer funds for the Utility Deposit into the Utility Deposit Account within twenty (20) calendar days after the Petition Date, which the Debtors will hold in the Utility Deposit Account for the benefit of the Utility Companies on the Utility Services List during the pendency of the Chapter 11 Cases.

13.     The Debtors may adjust the Utility Deposit if the Debtors: (i) terminate any of the Utility Services provided by a Utility Company; (ii) make other arrangements with certain Utility Companies for adequate assurance of payment; (iii) determine that an entity listed on the Utility Services List is not a utility company as defined by section 366 of the Bankruptcy Code; or (iv) supplement the Utility Services List to include additional Utility Companies.

14.     The Debtors further request that the Utility Deposit be automatically available to the Debtors, without further Court order, upon the earlier of the effective date of a chapter 11 plan and closure of the Chapter 11 Cases.  Additionally, if the Debtors terminate any of the Utility Services provided by a Utility Company, the Debtors request that they be permitted to reduce the Utility Deposit to reflect the termination of that Utility Company.

15. The Debtors submit that the Utility Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business and liquidity crated under the Debtors' proposed debtor in possession financing facility (together, the "<u>Proposed Adequate Assurance</u>"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

## C.    <u>Proposed Adequate Assurance Procedures</u>

16. To balance the right of each Utility Company to evaluate the Proposed Adequate Assurance for itself and the harm to the Debtors' businesses that would result from any interruption in services provided by the Utility Companies, the Debtors propose the following adequate assurance procedures (the "<u>Adequate Assurance Procedures</u>") in the event that any Utility Company is not satisfied with the Proposed Adequate Assurance:

    a. The Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $41,311.15, in the Adequate Assurance Account as soon as reasonably practicable after entry of the applicable Interim Order or Final Order or the interim order approving the debtor-in-possession financing, whichever is later, but in no event later than 20 days after entry of the Interim Order or Final Order, as applicable.

    b. Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached as <u>Exhibit C</u> to this Motion.

    c. If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Company by giving notice to: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Mary F. Caloway (mcaloway@pszjlaw.com), and Andrea T. Bates (abates@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); (iii) counsel to the DIP Lenders and the

Prepetition Secured Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com); (iv) counsel to the DIP Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (collectively, the "Notice Parties"). The Debtors shall honor such request within ten business days after the date the request is actually received by the Debtors, if undisputed, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d. Within two days after entry of the Interim Order or Final Order, as applicable, the Debtors will mail a copy of the Motion and Interim Order or Final Order, as appliable, to the Utility Companies.

e. Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties.

f. Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half of the monthly cost of the Utility Services the Utility Company supplies to the Debtors, calculated as a historical average over the 12-month period ended November 30, 2025; (v) certify whether the Utility Company holds a prepetition deposit and, if so, (1) the amount of the deposit and (2) any pre-petition amount(s) allegedly outstanding; (vi) provide evidence that the Debtors have a direct obligation to the Utility Company; and (vii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

g. Unless a Utility Company files and serves an Adequate Assurance Request, the Utility Company shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.       Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Company to resolve the Utility Company's Adequate Assurance Request.

i.        The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including but not limited to cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

j.        If the Debtors and the Utility Company are unable to reach a consensual resolution within 21 days of receipt of an Adequate Assurance Request, or if a Utility Company was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code, the Debtors, in consultation with the Utility Company, will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Company (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

k.       Pending resolution of such dispute at a Determination Hearing, the relevant Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l.        The portion of the Adequate Assurance Deposit attributable to each Company, including any additional amount deposited upon request of any applicable Company or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Company, (ii) the closing of a sale of all or substantially all of the Debtors' assets; or (iii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

**D.**     <u>**Subsequent Modification of Utility Services List**</u>

17.    Although the Debtors have made an extensive and good faith effort to identify all of the Utility Companies and to include them on the Utility Services List, certain Utility Companies may not be listed therein.  To the extent that the Debtors identify additional Utility Companies, the

Debtors shall promptly file amendments to the Utility Services List and serve copies of the Interim Order or Final Order, as applicable, granting this Motion on any newly identified Utility Companies. In addition, the Debtors will increase the amount of the Utility Deposit to account for any newly identified Utility Companies. The Debtors request that the Interim Order or Final Order, as applicable, bind all Utility Companies, regardless of when the Utility Companies are added to the Utility Services List.

**RELIEF REQUESTED**

18.     By this Motion, the Debtors request entry of the Proposed Interim Order and Proposed Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or any outstanding prepetition debts; and (iv) granting related relief. In addition, the Debtors request that the Court schedule a final hearing within approximately thirty (30) calendar days of the commencement of the Chapter 11 Cases to consider approval of this Motion on a final basis.

**BASIS FOR RELIEF**

19.     The relief requested in this Motion will ensure the continuation of the Debtors' business at this critical juncture as they transition into bankruptcy. The relief requested also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtors could be forced to address multiple requests by Utility Companies in a disorganized manner when the Debtors' efforts should be more

productively focused on continuing to operate their businesses for the benefit of all parties in interest.

A.     **The Proposed Adequate Assurance is More than Adequate**

20.     Pursuant to section 366 of the Bankruptcy Code, a utility company may not alter, refuse, or discontinue service to, or discriminate against, a debtor *solely* on the basis of the commencement of a chapter 11 case or unpaid prepetition amounts.  11 U.S.C. § 366(a).  However, a utility company may alter, refuse, or discontinue service if, during the first twenty days of a bankruptcy case, the debtor does not provide adequate assurance of payment for postpetition utility services, or if, during the first thirty days of a chapter 11 case, the debtor does not provide adequate assurance of payment for postpetition utility services in a form satisfactory to the utility company. 11 U.S.C. § 366(b), (c)(2).

21.     The policy underlying section 366 of the Bankruptcy Code is to protect debtors from utility service cutoffs upon the filing of a bankruptcy case and to provide utility companies[4] with adequate assurance that debtors will in fact pay for postpetition services.  *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; *see also In re Jones*, 369 B.R. 745, 748 (B.A.P. 1st Cir. 2007) ("The purpose of § 366 is 'to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid.'" (quoting *Begley v. Philadelphia Elec. Co. (In re Begley)*, 760 F.2d 46, 49 (3d Cir. 1985))).  As set forth herein, the Proposed Adequate Assurance requested in this Motion is consistent with these policy goals.

---

[4]     "Utility" is not defined in the Bankruptcy Code.  However, bankruptcy courts have generally limited this to entities that have a "special relationship" with debtors, in that they provide debtors with an essential service, for which debtors have a need for continued access.  *See, e.g., Darby v. Time Warner Cable, Inc. (In re Darby)*, 470 F.3d 573 (5th Cir. 2006).

22.     Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (*e.g.*, a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other mutually agreed upon security), while section 366(c)(1)(B) of the Bankruptcy Code expressly excludes from such definition an administrative expense priority for a utility's claim.  11 U.S.C. § 366(c).  The Bankruptcy Code does not otherwise define what makes an assurance of payment "adequate," thereby placing such determination within the reasonable discretion of the bankruptcy court.  *See* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment."); 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2)."); *accord In re Pac. Gas & Elec. Co.*, 271 B.R. 626, 644 (N.D. Cal. 2002) ("The use of the word 'may' in the second sentence [of section 366(b) of the Bankruptcy Code] clearly contemplates that the decision whether to order security lies within the discretion of the Bankruptcy Court."); *In re Steinebach*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Bankruptcy courts are afforded reasonable discretion in determining what constitutes adequate assurance . . . ." (citation omitted)).  However, when determining "whether an assurance of payment is adequate," a bankruptcy court may *not* consider three specific factors: (a) whether the debtors had a prepetition deposit; (b) whether the debtors paid their utility bills on time prepetition; or (c) the administrative expense priority afforded utilities postpetition.  11 U.S.C. § 366(c)(3)(B).

23.     However, nothing in section 366(c) of the Bankruptcy Code precludes a bankruptcy court from considering other factors that could minimize the amount of the deposit, including (without limitation): (a) the right of the utility to terminate service upon nonpayment (*see In re*

*Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987) ("We note, in this regard, . . . that the Court of Appeals has stated . . . that a utility is well-protected, after establishment of adequate assurance, by its remedy 'to disconnect service as its remedy for non-payment' without 'recourse to the bankruptcy court,' 'even though . . . the debtor is provided with an additional layer of protection arising from any available state utility commission Regulations limiting a utility's termination rights." (internal citations omitted))); (b) the chapter 11 estate's liquidity (*see In re Agrifos Fertilizer, L.P.*, No. 01-35220-H2-11, 2002 WL 32054779, at *5 (Bankr. S.D. Tex. Nov. 25, 2002) ("If a debtor demonstrates . . . evidence of post-petition liquidity, a deposit may not be necessary . . . ." (citation omitted))); and (c) the estate's net worth and ability to pay postpetition obligations (*see In re Best Prods. Co.*, 203 B.R. 51, 54 (Bankr. E.D. Va. 1996) ("[T]he court should consider the debtor's . . . net worth, and the debtor's present and future ability to pay post-petition obligations." (citation omitted))).

24.     Therefore, although section 366(c)(2) of the Bankruptcy Code allows a utility company to take action if the debtor fails to provide adequate assurance of payment that the utility company deems "satisfactory," the bankruptcy court is the ultimate arbiter of what is "satisfactory" assurance after taking into consideration all the facts of the case, including the relationship between the debtor and the utility company. *See, e.g.*, *In re Penn. Cent. Transp. Co.*, 467 F.2d 100 103–04 (3d Cir. 1972) (affirming the bankruptcy court's decision that no utility deposits were necessary where such deposits would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already [were] reasonably protected"); *Heard v. City Water Board (In re Heard)*, 84 B.R. 454, 459 (Bankr. W.D. Tex. 1987) (holding that, because the utility had not had any difficulty with the debtors during 14 years of service, "the utility need[ed] no adequate assurance"). Courts construing section 366(b) of the Bankruptcy Code have long

recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay. *See, e.g.*, *In re Caldor, Inc.—NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'" (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.— NY*, 117 F.3d 646 (2d Cir. 1997) ("<u>Caldor II</u>"); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment." (citation omitted)); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment . . . .").

25.     Thus, there is nothing to prevent a court from deciding, on the facts of the case before it, that the amount required of a debtor to provide adequate assurance of payment to a utility company should be nominal or even zero. *See, e.g.*, *In re Pac-West Telecomm, Inc.*, No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007) [Docket No. 39] (approving adequate assurance in the form of a one-time supplemental prepayment to each utility company equal to the prorated amount of one week's charges).[5] Indeed, courts consider what is "need[ed] of the utility for assurance, and . . . require that the debtor supply no more than that, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Caldor II*, 117 F.3d at 650 (emphasis in

---

[5]     Prior to the enactment of section 366(c) of the Bankruptcy Code, courts frequently made parallel rulings pursuant to section 366(b) of the Bankruptcy Code. *See Penn. Cent.*, 467 F.2d at 103–04 (affirming the bankruptcy court's decision that no utility deposit was necessary); *Caldor II*, 117 F.3d at 650 ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'").

original) (quoting *Penn Jersey*, 72 B.R. at 985); *see also Penn Cent.*, 467 F.2d at 103–04; *In re Magnesium Corp. of Am.*, 278 B.R. 698, 714 (Bankr. S.D.N.Y. 2002).

26.     Here, the Proposed Adequate Assurance is reasonable and satisfies the requirements of section 366 of the Bankruptcy Code.  As set forth above, the Debtors fully intend to pay all postpetition obligations owed to the Utility Companies.  The Debtors have historically paid prepetition invoices provided by the Utility Companies in the ordinary course of business in a timely manner.  To the best of the Debtors' knowledge, there are no material defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of the Chapter 11 Cases.  Additionally, the Utility Companies are protected through the Utility Deposit that will be held in a segregated account, and the Utility Companies are afforded flexibility and an opportunity to be heard through the Adequate Assurance Procedures.  Accordingly, the Proposed Adequate Assurance is reasonable and satisfies section 366 of the Bankruptcy Code.  Moreover, termination of the Utility Services could result in the Debtors' inability to operate their business, to the detriment of all stakeholders.  *See In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic."); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 319, 322 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors would "cease operation" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

27.     Although the Debtors believe that they have a credible argument for a lower deposit than the Utility Deposit proposed herein, they believe that one-half of one month's deposit is more than adequate and should be more than satisfactory under the totality of the facts and

circumstances. *See*, *e.g.*, *Best Prods.*, 203 B.R. at 54.[6]  This Court has granted similar relief in

other cases. *See*, *e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D.

Del. July 23, 2025); *In re Am. Tire Distribs.*, Inc., No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18,

2024); *In re Zosano Pharma Corp.*, Case No. 22-10506 (JKS) [Docket No. 33] (Bankr. D. Del.

June 8, 2022); *In re GT Real Estate Holdings, LLC*, Case No. 22-10505 (KBO) [Docket No. 49]

(Bankr. D. Del. June 6, 2022); *In re TPC Group Inc., et al.*, Case No. 22-10493 (CTG) [Docket

No. 119] (Bankr. D. Del. June 2, 2022); *In re Tect Aerospace Grp. Holdings, Inc., et al.*, Case No.

21-10670 (KBO) [Docket Nos. 35, 134] (Bankr. D. Del. April 7 and May 5, 2021).

**B.**     **The Adequate Assurance Procedures are Reasonable and Appropriate**

28.     The proposed Adequate Assurance Procedures are reasonable because they will

ensure that the essential Utility Services continue while providing a streamlined process for Utility

Companies to challenge the adequacy of the Proposed Adequate Assurance or seek an alternative

form of adequate assurance.

29.     As explained herein and in the First Day Declaration, continued and uninterrupted

utility service is critical to the Debtors' operations and the success of the Chapter 11 Cases.  In

contrast, pursuant to the Adequate Assurance Procedures proposed herein, the Utility Companies

will not be prejudiced by continuing to provide their services to the Debtors postpetition.  If a

Utility Company does not believe that the Proposed Adequate Assurance is "satisfactory," such

Utility Company may file an objection or submit an Additional Assurance Request pursuant to the

Adequate Assurance Procedures proposed herein.

30.     The Court has the power to approve the Adequate Assurance Procedures pursuant

to section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court "may issue any

---

[6]     The court in *Best Products* further permitted the debtor to apply prepetition deposits and prepayments to the
postpetition deposits required by the court's ruling. *Id.* at 54 n.2.

order, process, or judgment that is necessary or appropriate to carry out the provisions" of the

Bankruptcy Code. 11 U.S.C. § 105(a). The Adequate Assurance Procedures are necessary and

appropriate to carry out the provisions of the Bankruptcy Code, as they will ensure that the Utility

Services are continued without prejudicing the Utility Companies.

C.     **The Relief is Necessary to Avoid Immediate and Irreparable Harm**

31.     Under Bankruptcy Rule 6003, the court may grant a motion to "use . . . property of

the estate, including a motion to pay all or part of a claim that arose before the filing of the petition"

within 21 days after the commencement of a chapter 11 case to the extent the "relief is necessary

to avoid immediate and irreparable harm." Fed R. Bankr. P 6003. Here, the relief requested is

necessary to avoid immediate and irreparable harm to the Debtors and the estate, as set forth in the

First Day Declaration, and is therefore appropriate under Bankruptcy Rule 6003.

32.     As discussed above, the urgency of the relief requested justifies immediate relief.

To ensure the relief requested is implemented immediately, the Debtors request that the Court

waive the notice requirements under Bankruptcy Rule 6004(a), if applicable, and the 14-day stay

of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

33.     Nothing contained herein is intended or should be construed as an admission as to

the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim,

or an approval or assumption of any agreement, contract, or lease under section 365 of the

Bankruptcy Code. If the Court grants the relief requested in this Motion, any authorized payment

is not an admission of the validity of any claim or a waiver of the Debtors' or any other party's

right to subsequently dispute such claim. In addition, authorization to pay the claims described in

this Motion will not be deemed a direction to the Debtors to pay such claims.

34.     The Debtors further reserve all rights to:  (a) supplement the Utility Services List if it is determined that any Utility Company has been omitted; (b) challenge the status of any entity listed on the Utility Services List as a "utility" falling within the scope of section 366 of the Bankruptcy Code; and (c) terminate any Utility Services at any time and seek an immediate refund of any Utility Deposit without giving effect to any right of setoff or recoupment or claim asserted by a Utility Company against the Debtors.

## NOTICE

35.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders and DIP Agent; (d) counsel to the Prepetition Secured Lenders; (e) the Utility Companies; (f) the United States Attorney's Office for the District of Delaware; (g)the state attorneys general for all states in which the Debtors conduct business; (h)the Securities Exchange Commission; and (i) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

## NO PRIOR REQUEST

36.     The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request the entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, respectively, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:   February 11, 2026          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*
Richard M. Pachulski, Esq. (*pro hac vice* forthcoming)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652 4400
Email:           rpachulski@pszjlaw.com
                    mcaloway@pszjlaw.com

- and -

Gregory V. Demo, Esq. (*pro hac vice* forthcoming)
Cia H. Mackle, Esq. (*pro hac vice* forthcoming)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:      (212) 561-7700
Facsimile:      (212) 561-7777
Email:           gdemo@pszjlaw.com
                    cmackle@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AVENGER FLIGHT GROUP, LLC, *et al.*, | Case No. 26-10183 (    ) |
| Debtors.[1] | (Joint Administration Pending) |
|  | **Related Docket No. [   ]** |

## <u>INTERIM</u> ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an interim order (this "<u>Interim Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

[2]    A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

consideration of the First Day Declaration; and upon the Debtors' representation that any form of adequate assurance of payment to the Utility Companies is consistent with the Debtors' debtor-in-possession financing budget; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2026 at __:00 _.m. (Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed with the Court and served so as to be received by the Notice Parties (as defined herein) on or before _____, 2026 at 4:00 p.m. (Eastern Time).  In the event that no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.     All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby overruled on the merits.

4.     Subject to compliance with the procedures set forth in the Motion and this Interim Order, all utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Proposed Adequate Assurance, and all such utility providers are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5.     The following Adequate Assurance Procedures are hereby approved:

   a.     The Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $41,311.15, in the Adequate Assurance Account as soon as reasonably practicable after entry of this Interim Order or the interim order approving the debtor-in-possession financing, whichever is later, but in no event later than 20 days after entry of this Interim Order.  For the avoidance of doubt, the Adequate Assurance Account shall be maintained in an account subject to a Uniform Depository Agreement.

   b.     Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached as Exhibit C to the Motion.

   c.     If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Company by giving notice to:  (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Mary F. Caloway (mcaloway@pszjlaw.com), and Andrea T. Bates (abates@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan W. Lipshie

(Jon.Lipshie@usdoj.gov); (iii) counsel to the DIP Lenders and the Prepetition Secured Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (collectively, the "Notice Parties"). The Debtors shall honor such request within ten business days after the date the request is actually received by the Debtors, if undisputed, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.     Within two days after entry of the Interim Order, the Debtors will mail a copy of the Motion and Interim Order to the Utility Companies.

e.     Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties.

f.     Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half of the monthly cost of the Utility Services the Utility Company supplies to the Debtors, calculated as a historical average over the 12-month period ended November 30, 2025; (v) certify whether the Utility Company holds a prepetition deposit and, if so, (1) the amount of the deposit and (2) any pre-petition amount(s) allegedly outstanding; (vi) provide evidence that the Debtors have a direct obligation to the Utility Company; and (vii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

g.     Unless a Utility Company files and serves an Adequate Assurance Request, the Utility Company shall be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.  Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Company to resolve the Utility Company's Adequate Assurance Request.

i.  The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including but not limited to cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

j.  If the Debtors and the Utility Company are unable to reach a consensual resolution within 21 days of receipt of an Adequate Assurance Request, or if a Utility Company was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Interim Order, the Debtors, in consultation with the Utility Company, will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Company (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

k.  Pending resolution of such dispute at a Determination Hearing, the relevant Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l.  The portion of the Adequate Assurance Deposit attributable to each Utility Company, including any additional amount deposited upon request of any applicable Utility Company or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Company, (ii) the closing of a sale of all or substantially all of the Debtors' assets; or (iii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6.  All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures. The Utility Companies

are prohibited from requiring additional adequate assurance of payment other than pursuant to the

Adequate Assurance Procedures.

7.      The Adequate Assurance Deposits shall be placed into a segregated account for the

benefit of each Utility Company.  Notwithstanding anything to the contrary in any other Order of

this Court, including any DIP Order, the interests of any party, including but not limited to the

Debtors' postpetition or prepetition lenders, in, or lien on, the Adequate Assurance Deposits shall

be subordinate to the Utility Companies' interest in any Adequate Assurance Deposit until such

time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the

Court.

8.      The inclusion of any entity in, as well as any omission of any entity from, the Utility

Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility

within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and

defenses with respect thereto.

9.      The Debtors are authorized to amend the Utility Services List to the extent the

Debtors terminate the services of any Utility Company or identify additional Utility Companies,

and this Interim Order shall apply to any Utility Company that is added to the Utility Services List

upon such Utility Company being added to the Utility Services List and being served with this

Interim Order.  The Debtors shall serve a copy of this Interim Order upon any Utility Company

added to the Utility Services List prior to the entry of a final order.

10.      The Debtors shall increase the amount of the Utility Deposit if an additional Utility

Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility

Services provided by such additional Utility Company, calculated using the historical average for

such payments during the twelve (12) months prior to the Petition Date.

11.     The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven (7) calendar days' notice of such reduction and having not received a response thereto by such deadline.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     This Interim Order is without prejudice to any party's rights to contest any amount owed to a Utility Company.  Nothing in this Interim Order or the Motion shall be deemed to constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

14.     Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

15.     Nothing in this Interim Order affects or otherwise impairs the rights of Utility Service Providers with regards to prepetition security deposits under 11 U.S.C. § 366(c)(4).

16.     Subject to the Approved Budget (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use*

*Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "Interim DIP Order") or the Final Order (as defined in the Interim DIP Order), as applicable), the Debtors are authorized, but not directed, to pay the amounts authorized herein.

17.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

18.     Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

19.     Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

20.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Interim Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

**EXHIBIT B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVENGER FLIGHT GROUP, LLC, *et al.*, | Case No. 26-10183 (   ) |
| Debtors.[1] | (Joint Administration Pending) |
| | **Related Docket No. [   ]** |

## <u>FINAL</u> ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of a final order (this "<u>Final Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.      Subject to compliance with the procedures set forth in the Motion and this Final Order, the Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code for all utility providers that have received notice and for whose benefit Adequate Assurance Deposits are being made.

4.      Subject to compliance with the procedures set forth in the Motion and this Final Order, all utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed

Adequate Assurance, and all such utility providers are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5.  The following Adequate Assurance Procedures are hereby approved:

a.  The Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $41,311.15, in the Adequate Assurance Account as soon as reasonably practicable after entry of this Final Order or the interim order approving the debtor-in-possession financing, whichever is later, but in no event later than 20 days after entry of this Final Order.  For the avoidance of doubt, the Adequate Assurance Account shall be maintained in an account subject to a Uniform Depository Agreement.

b.  Each Utility Company shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Company in the column labeled "Proposed Adequate Assurance" on the Utility Services List, attached as <u>Exhibit C</u> to the Motion.

c.  If an amount relating to Utility Services provided postpetition by any Utility Company is unpaid and remains unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Company by giving notice to:  (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard M. Pachulski (rpachulski@pszjlaw.com), Mary F. Caloway (mcaloway@pszjlaw.com), and Andrea T. Bates (abates@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jonathan W. Lipshie (Jon.Lipshie@usdoj.gov); (iii) counsel to the DIP Lenders and the Prepetition Secured Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (b) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (iv) counsel to the DIP Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn:  William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases (collectively, the "<u>Notice Parties</u>").  The Debtors shall honor such request within ten business days after the date the request is actually received by the Debtors, if undisputed, subject to the ability of the Debtors and any such requesting Utility Company to resolve any dispute regarding such request without further order of the Court.  To the extent any Utility Company receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

d.  Within two days after entry of the Final Order, the Debtors will mail a copy of the Motion and Final Order to the Utility Companies.

e.      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties.

f.      Any Adequate Assurance Request must:  (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) certify the amount that is equal to one-half of the monthly cost of the Utility Services the Utility Company supplies to the Debtors, calculated as a historical average over the 12-month period ended November 30, 2025; (v) certify whether the Utility Company holds a prepetition deposit and, if so, (1) the amount of the deposit and (2) any pre-petition amount(s) allegedly outstanding; (vi) provide evidence that the Debtors have a direct obligation to the Utility Company; and (vii) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

g.      Unless a Utility Company files and serves an Adequate Assurance Request, the Utility Company shall be:  (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

h.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Company to resolve the Utility Company's Adequate Assurance Request.

i.      The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including but not limited to cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

j.      If the Debtors and the Utility Company are unable to reach a consensual resolution within 21 days of receipt of an Adequate Assurance Request, or if a Utility Company was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Final Order, the Debtors, in consultation with the Utility Company, will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Company (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

k.      Pending resolution of such dispute at a Determination Hearing, the relevant Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of:  (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

l. The portion of the Adequate Assurance Deposit attributable to each Utility Company, including any additional amount deposited upon request of any applicable Utility Company or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid postpetition Utility Services, by no later than five business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Utility Company's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Company, (ii) the closing of a sale of all or substantially all of the Debtors' assets; or (iii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

6. All utility providers that have received notice, and for whose benefit Adequate Assurance Deposits are being made, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7. The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8. The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies, and this Final Order shall apply to any Utility Company that is added to the Utility Services List upon such Utility Company being added to the Utility Services List and being served with this Final Order. The Debtors shall serve a copy of this Final Order upon any Utility Company added to the Utility Services List.

9. The Debtors shall increase the amount of the Utility Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date.

10. The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination. The Debtors are authorized to reduce the Utility Deposit by the amount held on

account of such terminated Utility Company upon seven (7) days' notice of such reduction and having not received a response thereto by such deadline.

11.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

12.     This Final Order is without prejudice to any party's rights to contest any amount owed to a Utility Company. Nothing in this Final Order or the Motion shall be deemed to constitute postpetition assumption of any agreement under section 365 of the Bankruptcy Code.

13.     Nothing contained in the Motion, the Interim Order, or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

14.     Subject to the Approved Budget (as defined in the *Interim Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* (the "Interim DIP Order") or the Final Order (as defined in the Interim DIP Order), as applicable), the Debtors are authorized, but not directed, to pay the amounts authorized herein.

15.     Nothing in this Final Order affects or otherwise impairs the rights of Utility Service Providers with regards to prepetition security deposits under 11 U.S.C. § 366(c)(4).

16.     Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

17.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

18.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

# EXHIBIT C

**Utility Services List**

**AVENGER FLIGHT GROUP, LLC, et al.**
*Exhibit C, Utility Services List*

| Utility Provider | Service Location Address | Account Holder Name | Last 4 Digits of Acct. No. | Type | Deposit |
|---|---|---|---|---|---|
| Gainline Atlantic International Inc. | 2800 Valley View Ln, Ste 180, Irving, TX 75062 | | 2000 | Electric | $ 14,885.26 |
| Gainline Atlantic International Inc. | 4649 Diplomacy Rd, Fort Worth, TX 76155 | | 9465 | Electric | $ 6,847.86 |
| Atmos Energy | 4649 Diplomacy Rd, Fort Worth, TX 76155 | | 2219 | Gas | $ 122.39 |
| Atmos Energy | 2800 Valley View Ln, Ste 180, Irving, TX 75062 | | 6532 | Gas | $ 250.62 |
| CenturyLink | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | | 4408 | Internet | $ 104.16 |
| Comcast Business | 920 Apollo Rd, Eagan, MN 55121 | | 5935 | Internet | $ 378.76 |
| Crown Castle Fiber LLC | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | | 38 | Internet | $ 1,359.61 |
| Dakota Electric Association | 920 Apollo Rd, Eagan, MN 55121 | | 1611 | Electric | $ 1,319.67 |
| Duke Energy | 2612 Consulate Dr, Suite 200B, Orlando, FL 32819 | | 484 | Electric | $ 2,729.69 |
| FPL | 1440 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 1145 | Electric | $ 213.06 |
| FPL | 1440 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 1433 | Electric | $ 103.66 |
| FPL | 1440 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 1434 | Electric | $ 343.24 |
| FPL | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 2112 | Electric | $ 775.69 |
| FPL | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 5256 | Electric | $ 1,242.87 |
| FPL | 1440 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 6225 | Electric | $ 1,197.66 |
| FPL | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 7583 | Electric | $ 1,536.78 |
| FPL | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 8206 | Electric | $ 695.51 |
| FPL | 1440 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 8491 | Electric | $ 293.11 |
| Lingo | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group | 369 | Phone | $ 72.20 |
| Logix Fiber Networks | 2800 Valley View Ln, Ste 180, Irving, TX 75062 | Avenger Flight Group | 3163 | Internet | $ 470.94 |
| Minnesota Energy Resources | 920 Apollo Rd, Eagan, MN 55121 | Avenger Flight Group LLC | 1 | Electric | $ 202.70 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 890 | Electric | $ 278.18 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 2287 | Electric | $ 556.68 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 3987 | Electric | $ 414.15 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 4861 | Electric | $ 397.05 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 4879 | Electric | $ 293.35 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 5683 | Electric | $ 593.89 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 5691 | Electric | $ 677.99 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 9479 | Electric | $ 255.77 |
| NV Energy | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight Group | 9922 | Electric | $ 284.28 |
| OUC The Reliable One | 2612 Consulate Dr, Suite 200B, Orlando, FL 32819 | Avenger Flight Group LLC | 2118 | Water | $ 156.45 |
| Southwest Gas | 5475 Decatur Blvd, Suite 112, Las Vegas, NV 89118 | Avenger Flight | 8665 | Gas | $ 13.55 |
| Verizon Business | 1450 Lee Wagener Blvd, Fort Lauderdale, FL 33315 | Avenger Flight Group LLC | 0002 | Cell Phone | $ 718.25 |
| Waste Connections Lone Star, Inc. | 4649 Diplomacy Rd, Fort Worth, TX 76155 | AFG Flight Group | 3001 | Waste | $ 432.29 |
| Waste Management of Florida | 2612 Consulate Dr, Suite 200B, Orlando, FL 32819 | Avenger Flight Group MCO | 3005 | Waste | $ 451.42 |
| Waste Management of Minnesota | 920 Apollo Rd, Eagan, MN 55121 | Avenger Flight Group | 3007 | Waste | $ 346.16 |

Waste Management of Texas, Inc.

2800 Valley View Ln, Ste 180, Irving, TX 75062

Avenger Flight Group

3006

Waste

$ 296.28