**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10183 (MFW)<br><br>(Jointly Administered) |

Objection Deadline: February 27, 2026 at 4:00 p.m. (ET)
Hearing Date: March 6, 2026 at 11:30 a.m. (ET)

**MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS AND RULE 2015.3
FINANCIAL REPORTS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors") file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) extending the deadline by which the Debtors must file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements"), (ii) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 of the Bankruptcy Rules (as defined herein) (the "2015.3 Reports"), or to file a motion seeking a modification of such reporting requirements for cause, to thirty days after the meeting of creditors to be held pursuant to section 341 of the

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

Bankruptcy Code (the "341 Meeting"), without prejudice to the Debtors' ability to request additional extensions, and (iii) granting related relief. In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 521(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c), 2015.3 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1.

## BACKGROUND

4. On February 11, 2026, (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are

authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

5. Avenger Flight Group, LLC and its affiliates (collectively, "Avenger" or the "Company") is a global leader in the commercial aviation simulation and training business. Avenger provides a full suite of advanced flight simulator training solutions to their customers, which include blue-chip passenger airlines, regional airlines, charter operators, and training operators. As of the Petition Date, the Company owns, operates or services 50 full-flight simulators and 15 flight training devices across 11 training centers in 4 countries.

6. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Lawrence Perkins in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]

## RELIEF REQUESTED

7. The Debtors respectfully request entry of an order (a) extending the deadline by which the Debtors must file their Schedules and Statements beyond the twenty-eight (28) day deadline established by the Local Rules, through and including March 27, 2026, without prejudice to the Debtors' right to request additional time if necessary; (b), extending the deadline by which the Debtors must file their 2015.3 Reports, or to file a motion seeking a modification of such reporting requirements for cause, to thirty days after the 341 Meeting, without prejudice to the Debtors' ability to request additional extensions, and (c) granting related relief.

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

**BASIS FOR RELIEF REQUESTED**

8. Section 521 of the Bankruptcy Code requires a debtor to file schedules of assets and liabilities and statements of financial affairs unless the bankruptcy court orders otherwise. *See* 11 U.S.C. § 521(a)(1)(A)–(B). These schedules and statements must be filed within fourteen (14) days after the petition date unless the bankruptcy court grants an extension of time "on motion for cause shown and on notice to the United States Trustee, any committee . . . , trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c). The Court has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(a). *See* Fed R. Bankr. P. 1007(c); Del. Bankr. L.R. 1007-1(a). In addition, Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the Schedules and Statements "for cause." Fed. R. Bankr. P. 9006(b)(1). Moreover, Local Rule 1007-1(a) provides that if a debtor in a voluntary chapter 11 case (a) has more than 200 creditors and (b) files with its petition the list required by Local Rule 1007-2, then the debtor's time to file its Schedules and Statement of Financial Affairs is extended to 28 days from the petition date. Del. Bankr. L.R. 1007-1(a).

9. Here, a consolidated list of the Debtors' creditors has been filed, and it includes more than 200 creditors. Therefore, under Local Rule 1007-1(a) the deadline to file the Debtors' Schedules and Statements is automatically extended to twenty-eight (28) days after the Petition Date, or March 11, 2026 (the "Initial Deadline").

10. The Debtors respectfully submit that cause exists to grant an extension of time to file the Schedules and Statements beyond the Initial Deadline, to March 27, 2026. To complete the Schedules and Statements, the Debtors must collect, review, and assemble a substantial amount of information relating to, among other things, their assets, contracts, leases, and claims

of creditors. This information is voluminous and will require a significant expenditure of time and effort by the Debtors, their representatives and professionals. Although the Debtors have been working diligently to compile the Schedules and Statements, given the amount of work required to complete the Schedules and Statements, the competing demands on the Debtors' employees and professionals to stabilize the Debtors' business operations and allocate limited resources efficiently during the initial phase of these chapter 11 cases and to provide continued support to the Debtors' efforts to execute their restructuring strategy, the twenty-eight (28) day time period provided by Local Rule 1007-1(a) will be insufficient for the Debtors to complete the Schedules and Statements.

11. Thus far, the Debtors' efforts have been dedicated to preparing to file these cases and transitioning into chapter 11 as smoothly as possible. In particular, since the Petition Date, the Debtors, with the assistance of their advisors, have obtained certain "first-day" relief, including approval of debtor in possession financing, to stabilize operations and preserve the status quo. The Debtors continue to market the sale of the their assets with the goal of obtaining Court approval of, and consummation of, a value-maximizing transaction.

12. Although the Debtors have commenced the process that will enable them to prepare and finalize the Schedules and Statements, the Debtors anticipate that they will require additional time to complete the Schedules and Statements. The Debtors therefore seek an extension in order to ensure the completeness and accuracy of the Schedules and Statements and in turn facilitate the efficient administration of these chapter 11 cases. Accordingly, the Debtors respectfully submit that there is good and sufficient cause for granting the requested extension of time to file the Schedules and Statements.

13. Courts in this jurisdiction and others have frequently granted similar extensions and waivers such as those requested by the Debtors in this Motion. *See, e.g., In re Marelli Auto. Lighting USA LLC,* No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (extending the deadline to file schedules and statements for a total of sixty (60) days from the petition date); *In re Am. Tire Distribs., Inc.,* No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (extending the deadline to file schedules and statements for a total of forty-seven (47) days from the petition date); *In re Vesta Holdings, LLC,* Case No. 22-11019 (LSS) (Bankr. D. Del. Nov. 1, 2022) (extending the deadline to file schedules and statements for a total of forty-three (43) days from the petition date); *In re EYP Grp. Holdings, Inc.,* Case No. 22-10367 (TMH) (Bankr. D. Del. May 23, 2022) (extending the deadline to file schedules and statements for a total of forty (40) days from the petition date); *In re Connections Cmty. Support Programs, Inc.*, Case No. 21-10723 (MFW) (Bankr. D. Del. May 13, 2021) (extending the deadline to file schedules and statements for a total of thirty-seven (37) days from the petition date); *In re Knotel, Inc.,* Case No. 21-10146 (MFW) (Bankr. D. Del. March 15, 2021) (extending the deadline to file schedules and statements for a total of fifty-eight (58) days from the petition date). Accordingly, due to the nature of these chapter 11 cases, the Debtors respectfully submit that an extension of time to file the Schedules and Statements through and including March 27, 2026 is appropriate under the circumstances.

14. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting, and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. See Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3

Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that a debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

15. Certain of the Debtors maintain interests in non-debtor affiliates that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports. The Debtors are not in a position to complete the initial 2015.3 Reports within the time required under Bankruptcy Rule 2015.3 due to (a) the size and complexity of the Debtors' businesses, (b) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these Chapter 11 Cases, and (c) the same considerations supporting an extension of the date by which to file the Schedules and Statements. Cause accordingly exists to extend the deadline for filing the 2015.3 Reports as requested herein.

16. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their advisors and the Office of the United States Trustee for the District of Delaware (the "U. S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to thirty days after the 341 Meeting.

17. Courts in this district and the Third Circuit have found "cause" to extend the deadline for filing 2015.3 Reports in a number of cases. *See, e.g., In re Am. Tire Distribs., Inc.,* No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (extending the deadline to file 2015.3 reports through the later of (i) thirty days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) forty-seven days from the

petition date); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (extending the deadline to file 2015.3 reports through the later of (i) thirty days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) forty-four days from the petition date); *In re SC Healthcare Holding, LLC*, No. 24-10443 (TMH) (Bankr. D. Del. Apr. 23, 2024) (granting debtors sixty-nine days from the petition date to file 2015.3 reports); *In re Terraform Labs Pte. Ltd.*, No. 24-10070 (BLS) (Bankr. D. Del. Feb. 28, 2024) (granting debtors 106 days from the petition date to file 2015.3 reports); *In re Timber Pharm., Inc.*, No. 23-11878 (JKS) (Bankr. D. Del. Dec. 15, 2023) (granting debtors seventy-five days from the petition date to file 2015.3 reports); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (extending the deadline to file 2015.3 reports through the later of (i) thirty days after the first date scheduled for the meeting of creditors pursuant to section 341 of the Bankruptcy Code, or (ii) forty-four days from the petition date).

18. The Debtors also ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extensions or modifications of the requirement for the Debtors to file the Schedules and Statements and 2015.3 Reports.

## **NOTICE**

1. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: Jon Lipshie, Esq. (jon.lipshie@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders, (i) Proskauer Rose LLP, Eleven Times Square, New York, New York 10036 (Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com)), and (ii) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801

(Attn: Matthew B. McGuire (mcguire@lrclaw.com)); (d) counsel to the DIP Agent, (a) Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com); and (e) any party that requests service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:   February 19, 2026          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Mary F. Caloway*
Richard M. Pachulski, Esq. (admitted *pro hac vice*)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:    (302) 652-4100
Facsimile:      (302) 652 4400
Email:            rpachulski@pszjlaw.com
                     mcaloway@pszjlaw.com

- and -

Gregory V. Demo, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:    (212) 561-7700
Facsimile:      (212) 561-7777
Email:            gdemo@pszjlaw.com
                     cmackle@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*