# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10183 (MFW)<br><br>(Jointly Administered)<br><br>Re Docket No. 13, 15 |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' ASSETS; (B) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO STALKING HORSE APA; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order (this "Order"), pursuant to sections 105(a), 363, 365, 503, 507, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (i) approving the Bid Procedures in connection with the Sale(s) of

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V. (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

[2] A capitalized term used but not defined herein has the meaning ascribed to it in the Motion, the Stalking Horse APA, or the DIP Order, as applicable.

some, all or substantially all of the Assets and approving the form and manner of notice thereof; (ii) authorizing the Debtors to designate the Stalking Horse Bidder; (iii) scheduling the Auction and the Sale Hearing in conjunction with the Sale(s); (iv) authorizing and approving the Debtors to enter into and perform under the Stalking Horse APA; (v) establishing the Contract and Lease Procedures and the form and manner of notice thereof; and (vi) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

          **IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

          A.      The notice of the Motion and the Hearing was reasonable and sufficient in light of the circumstances and nature of the relief requested in the Motion, and no other or further notice of the Motion or the Hearing is necessary. A reasonable and fair opportunity to object to the

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Motion and the relief granted in this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 2002 and all other interested parties under the circumstances.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order.

C. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D. The statutory bases for the relief requested in the Motion and provided for herein are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9007, 9008, and 9014 and Local Rules 2002-1 and 6004-1.

E. The Debtors have demonstrated compelling and sound business reasons for this Court to approve the Stalking Horse APA and the Debtors' designation of AFG Topco LP as the Stalking Horse Bidder for the Assets set forth in the Stalking Horse Bid. The Stalking Horse APA was negotiated in good faith and at arm's-length by the Debtors and the Stalking Horse Bidder.

F. The Stalking Horse APA represents the highest or otherwise best offer the Debtors have received to date to purchase the Assets designated for purchase thereunder. The Stalking Horse APA provides the Debtors with the opportunity to sell such Assets in a manner designed to preserve and maximize their value and provides a floor for a further marketing and auction process. Without the Stalking Horse APA, the Debtors are at significant risk of realizing a lower price for such Assets. The Buyer (as defined in the Stalking Horse APA) shall act as a "stalking horse bidder" pursuant to the Stalking Horse APA and shall be subject to higher or otherwise better offers in accordance with the Stalking Horse APA and the Bid Procedures. The Stalking Horse Bid will enable the Debtors to minimize disruption to the Debtors' restructuring and/or sale process and secure a fair and adequate baseline bid for the Purchased Assets at the Auction(s) (if any). Pursuit of the Buyer as a "stalking horse bidder" and the Stalking Horse APA as a "stalking horse

purchase agreement" is in the best interests of the Debtors and the Debtors' estates and their creditors, and it reflects a sound exercise of the Debtors' business judgment.

G. The Debtors have articulated good and sufficient reasons for, and the best interests of its estates and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this Order for, among other things, the (i) Bid Deadline; (ii) Sale Objection Deadline; (iii) Auction; and (iv) Sale Hearing, each as defined below.

H. The Stalking Horse Bidder and its counsel and advisors have acted in "good faith" within the meaning of Section 363(m) of the Bankruptcy Code in connection with the Stalking Horse Bidder's negotiation of the Bid Procedures and entry into the Stalking Horse APA.

I. The Bid Procedures are fair, reasonable, and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.

J. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from these Chapter 11 Cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors' estates, their creditors, and other parties in interest.

K. The Bid Procedures are designed to solicit the highest or otherwise best value for the Assets. The Bid Procedures represent the best method for maximizing the realizable value of the Assets for the benefit of the Debtors' estates.

L. The Bid Procedures Notice, Stalking Horse Notice, Auction Notice, and Notice of Successful Bidder are reasonably calculated to provide the Sale Notice Parties, the Contract Counterparties, and other interested parties with proper notice of the (i) Bid Procedures; (ii) Auction; (iii) Sale Hearing; and (iv) Sale(s).

M. The Contract and Lease Procedures are fair, reasonable, appropriate, represent the

best available method for maximizing value for the benefit of the Debtors' estates, and comply with the provisions of section 365 of the Bankruptcy Code and Bankruptcy Rule 6006.

N. The Cure Notice is reasonably calculated to provide the Contract Counterparties and other interested parties with proper notice of the Contract and Lease Procedures (including the Contract Objection Deadline and Additional Contract Objection Deadline).

O. The Motion, the Bid Procedures, and the Contract and Lease Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

P. Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

Q. The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein. All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

2. The Sale Hearing will be held before this Court on **April 7, 2026 at 2:00 p.m. (prevailing Eastern Time)**.

*Bid Procedures*

3. The Bid Procedures, which are attached hereto as <u>Exhibit 1</u> and incorporated herein by reference, are hereby approved in all respects and shall govern all Bidders and Bids, including those that may be submitted by Qualified Bidders at the Auction. The procedures and requirements set forth in the Bid Procedures, including those associated with submitting a "Qualified Bid," are

fair, reasonable, and appropriate, and are designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interests. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures.

4. Bidders seeking to submit Bids for the Assets must do so in accordance with the terms of the Bid Procedures and this Order.

5. AFG Topco LP (or such affiliate(s) as it may designate in writing pursuant to the terms of the Stalking Horse APA) is hereby designated and approved as the Stalking Horse Bidder for the Assets pursuant to the terms of the Stalking Horse APA. The Debtors are authorized to enter into the Stalking Horse APA (as shall be amended in accordance with the terms of the Committee Resolution[4]) and comply with any and all obligations set forth in the Stalking Horse APA that are intended to be performed prior to entry of the Sale Order(s).

6. The Stalking Horse Bidder is and shall be deemed a Qualified Bidder (without regard to any of the requirements or conditions set forth herein and without any further action by the Stalking Horse Bidder), and the Stalking Horse Bid (including as it may be increased at any Auction) is and shall be deemed a Qualified Bid for purposes of the Bid Procedures, without regard to any of the requirements or conditions set forth herein and without any further action by the Stalking Horse Bidder, and which Qualified Bid status cannot be abrogated by subsequent amendment or modification by the Debtors of the Bid Procedures.

7. The deadline for all Potential Bidders to submit a Qualified Bid (other than the Stalking Horse Bidder's deemed Qualified Bid) is **March 27, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"), as set forth in the Bid Procedures.

---

[4] "Committee Resolution" has the meaning set forth in the *Final Order (I) Authorizing the Debtors to Obtain Senior Secured Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief.*

8. By **April 1, 2026**, the Debtors shall file a notice on the Court's docket (an "Auction Notice") providing (i) notice of the location of the Auction (if any); and (ii) notice of whether the Debtors believe, in the exercise of their business judgment and after consultation with the Consultation Parties, that the Auction should be held in two or more parts over multiple days so as to maximize value for the estates.

9. As set forth in the Bid Procedures, if at least one Qualified Bid other than the Stalking Horse Bid is received by the Bid Deadline, the Debtors will hold the Auction beginning on **April 2, 2026 at 10:00 a.m. (prevailing Eastern Time)** in accordance with the Bid Procedures at the location designated by the Debtors in the Auction Notice.

10. On or before **April 3, 2026**, the Debtors will file with the Court and serve on the Sale Notice Parties and on all Contract Counterparties to Transferred Contracts included in the Successful Bid(s), the Notice of Successful Bidder. With respect to any Sale, a filed Notice of Successful Bidder shall include, as exhibits, (a) a copy of the Purchase Agreement; (b) a copy of the proposed Sale Order; and (c) identification of the Transferred Contracts for such Sale (which may be in the form of an exhibit or schedule to the Purchase Agreement).[5]

11. Any party in receipt of information relating to "adequate assurance of future performance" pursuant to section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code (such information, "Adequate Assurance Information") under this Order whether by the Stalking Horse Bidder or other Successful Bidder, shall review the Adequate Assurance Information received on a confidential basis and shall not disclose the Adequate Assurance Information except as expressly provided in this Order and the Bid Procedures. Such

---

[5] The Debtors may, in their discretion, serve a Notice of Successful Bidder by U.S. Mail without attached copies of a Purchase Agreement and/or proposed Sale Order; *provided, however*, that any such Notice of Successful Bidder must identify where parties receiving such notice may access such documents free of charge.

counterparty may not use or disclose, except on a confidential basis to representatives, attorneys, advisors and financing sources (collectively, "Representatives"), any confidential Adequate Assurance Information for any purpose other than: (a) evaluating whether adequate assurance of future performance as required under section 365(f)(2)(B) and, if applicable, section 365(b)(3) of the Bankruptcy Code has been provided; and (b) in support of any Adequate Assurance Objection (defined below) (subject to the limitations on disclosure set forth herein). Any Adequate Assurance Objection that includes confidential, non-public Adequate Assurance Information must be filed under seal unless disclosure of such confidential, non-public information is authorized by the Debtors and the applicable bidder(s) providing such information. The party filing an Adequate Assurance Objection under seal shall follow the procedures for the same set forth in the Local Rules. The unredacted versions of such Assignment Objections shall be served upon the Debtors, the bidder providing such confidential Adequate Assurance Information, the Committee, the DIP Lenders, and the U.S. Trustee on a confidential basis; *provided further* that all rights of all parties in interest in the Chapter 11 Cases are reserved to oppose the filing under seal of any such information and to seek any other relief from this Court with respect to such matter. Any Representative receiving Adequate Assurance Information shall be notified and shall agree to be bound by the restrictions set forth in this Order.

12. Any Contract Counterparty to a Transferred Contract that objects to the provision of adequate assurance of future performance (the "Adequate Assurance Objection") by a Non-Stalking Horse Successful Bidder must file such Adequate Assurance Objection with respect to any Successful Bidder other than the Stalking Horse Bidder on or before **April 6, 2026 at 12:00 p.m. (prevailing Eastern Time)** and serve such objection on the Core Notice Parties and the applicable Non-Stalking Horse Successful Bidder. To the extent the parties are unable to

4927-3170-8294.15 05863.00001

resolve an Adequate Assurance Objection, the Court will set a hearing, which may be at the Sale Hearing, on the Adequate Assurance Objection to determine whether terms of the Successful Bid are compliant with section 365 of the Bankruptcy Code in providing adequate assurance of future performance to the Contract Counterparty of the applicable Transferred Contract.

13. Any bidder holding a perfected, non-avoidable security interest in any of the Assets may seek to credit bid all, or a portion of, such bidder's claims for its respective collateral in accordance with section 363(k) of the Bankruptcy Code, provided that such credit bid complies with the terms of the Bid Procedures (except as otherwise provided herein). Any credit bid by the Prepetition Term Loan Secured Parties (or any designee thereof) or the DIP Secured Parties (or any designee thereof) shall automatically be deemed a Qualified Bid.

14. Pursuant to the terms and conditions of the DIP Order, the DIP Agent (at the direction of the Required DIP Lenders) and the Prepetition Term Loan Agent (at the direction of the Required Lenders (as defined in the Prepetition Credit Agreement)) are permitted to credit bid any outstanding DIP Obligations, Term Loan Adequate Protection Obligations, and/or Prepetition Term Loan Obligations, respectively, in accordance with 363(k) of the Bankruptcy Code in any sale of Assets. The DIP Agent (at the direction of the Required DIP Lenders) and the Prepetition Term Loan Agent (at the direction of the Required Lenders (as defined in the Prepetition Credit Agreement)) shall each have the absolute right to assign, transfer, sell, or otherwise dispose of their respective rights to credit bid in whole or in part to any acquisition vehicle formed in connection with such bid (including, but not limited to the Stalking Horse Bidder) or other designee. The Stalking Horse Bidder (as an affiliate of the DIP Lenders and Prepetition Term Loan Lenders or other designee thereof) shall have the unqualified right to credit bid on a dollar-for-dollar basis up to the full amount of the DIP Obligations, the Term Loan Adequate Protection

Obligations, and the Prepetition Term Loan Obligations pursuant to section 363(k) of the Bankruptcy Code.

15.     Following the conclusion of the Auction, and subject to compliance with the terms of the DIP Order then in effect, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the Court's docket and without prejudice to the rights of the Stalking Horse Bidder under the Stalking Horse APA and with the consent of the Successful Bidder.  At the Sale Hearing, the Debtors shall present the Successful Bid(s) to the Court for approval.

16.     The Debtors are hereby authorized to conduct the Sale(s) without the necessity of complying with any state or local transfer laws or requirements.

17.     The Bid Procedures Notice substantially in the form attached to this Order as Exhibit 2 is approved in all respects.  Other than with respect to the Notice of Successful Bidder, no other or further notice of the Bid Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale(s) is required.  The Bid Procedures Notice complies with the provisions of Bankruptcy Rule 9008 and is deemed sufficient and proper notice of the proposed sale of the Assets, the Bid Deadline, the Auction, the Sale Hearing, the Sale Objection Deadline, the Contract Objection Deadline, and Additional Contract Objection Deadline to any other interested parties whose identities are unknown to the Debtors.

18.     Within three (3) business days of the entry of this Order, or as soon thereafter as practicable, the Debtors shall cause the Bid Procedures Notice to be served, by first-class mail, postage prepaid, upon the Sale Notice Parties and all of the Debtors' known creditors.  In addition, as soon as practicable after entry of this Order, the Debtors shall (a) cause the Bid Procedures Notice to be posted on their restructuring website, www.veritaglobal.net/AvengerFG, and (b)

publish the Bid Procedures Notice, with any modifications necessary for ease of publication, on one occasion in *The New York Times* (National Edition) or another publication with similar national circulation.

19. To be considered, any objection to the Sale(s) must: (a) comply with the Bankruptcy Rules and the Local Rules; (b) be made in writing and filed with the Court; and (c) be filed on or before **April 6, 2026 at 12:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline"). Nothing contained herein shall preclude the DIP Lenders or the Prepetition Term Loan Lenders from objecting to the Debtors' selection of the highest and best offer and any aspects of the sale process that relate thereto.

20. The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtors, or the consummation and performance of the Sale(s) of the Assets to the Successful Bidder(s), including the transfer of the Assets free and clear of all Encumbrances (with the same to attach to the cash proceeds of the Sale(s) to the same extent and with the same order of priority, validity, force, and effect which they previously had against the Assets, subject to the rights and defenses of the Debtors and the Debtors' estates with respect thereto), and the Debtors' assumption and assignment or transfer of the Transferred Contracts to the Successful Bidder(s) and such person shall be deemed to "consent" to such sale for purposes of section 363(f) of the Bankruptcy Code.

21. No Qualified Bidder or any other person or entity shall be entitled to any expense reimbursement or any break-up, termination, or other similar fee or payment in connection with the Sale(s).

22. Notwithstanding anything to the contrary herein or in the Bid Procedures, the Bid Procedures shall not be amended or otherwise modified in a manner that (a) conflicts with or is inconsistent with this Order or the DIP Orders, (b) frustrates or otherwise impairs the Stalking Horse Bidder's ability to close the Sale contemplated by the Stalking Horse APA, or (c) extends the Bid Deadline, the date of the Auction, or the closing of the Auction, without the prior written consent of the Required DIP Lenders (as defined in the DIP Orders).

*Contract and Lease Procedures*

23. The Cure Notice substantially in the form attached to this Order as Exhibit 3 is approved in all respects. No other or further notice of the Contract and Lease Procedures, or relevant objection or other deadlines is required. The Contract and Lease Procedures are reasonable and appropriate under the circumstances, fair to all non-Debtor parties, comply in all respects with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and are approved.

24. On or before **March 16, 2026**, the Debtors will file and serve the Cure Notice on each of the non-debtor counterparties (the "Contract Counterparties") listed on the Cure Schedule by first class mail.

25. If, subsequent to filing the Cure Notice, the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract"), the Debtors shall, as soon as practicable after making such a determination, send a supplemental Cure Notice (a "Additional Cure Notice") to the applicable Contract Counterparties to such Additional Contracts.

26. Objections to a proposed Cure Amount (a "Cure Objection"), any other objections to the assumption, assumption and assignment, and/or transfer of any of the Potential Assumed/Assigned Contracts, and/or any Adequate Assurance Objection solely as to the Stalking

4927-3170-8294.15 05863.00001

Horse Bidder (an "Assumption/Assignment Objection" and, together with a Cure Objection, a "Contract Objection") must: (i) be made in writing and filed on the docket for these Chapter 11 Cases no later than **March 30, 2026 at 5:00 p.m. (prevailing Eastern Time)** (the "Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged to be due by such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address) and appropriate documentation in support of the objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Core Notice Parties (as defined in the Cure Notice), so as to be actually received by such parties on or before the Contract Objection Deadline.

27. Any objections from any Contract Counterparty to a proposed Cure Amount listed on an Additional Cure Notice (an "Additional Cure Objection"), any other objections to the assumption, assumption and assignment, and/or transfer of any of the Potential Assumed/Assigned Contracts listed on an Additional Cure Notice, and/or any Adequate Assurance Objection (as defined below) solely as to the Stalking Horse Bidder with respect to Potential Assumed/Assigned Contracts listed on an Additional Cure Notice (an "Additional Assumption/Assignment Objection" and, together with an Additional Cure Objection, an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) fourteen (14) calendar days after the Debtors file and serve the Additional Cure Notice (as applicable, the "Additional Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged to be due by such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address) and appropriate documentation in support of the

13

objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and (iv) be served upon the Core Notice Parties so as to be actually received on or before the Additional Contract Objection Deadline.

28. Any Contract Counterparty that fails to file a Contract Objection or Additional Contract Objection (as applicable) by the Contract Objection Deadline or Additional Contract Objection (as applicable) in accordance with the Contract and Lease Procedures: (i) shall be deemed to have forever waived and released any right to assert a Contract Objection or Additional Contract Objection (as applicable); (ii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth on the Cure Schedule with respect to the Potential Assumed/Assigned Contract and (b) seeking additional amounts arising under the Potential Assumed/Assigned Contract prior to the closing of the relevant Sale; (iii) shall be deemed to have consented to the assumption, assumption and assignment, or transfer, as the case may be, of its Potential Assumed/Assigned Contract without the necessity of obtaining any further order of the Court; and (iv) shall be forever barred and estopped from objecting to the assumption, assumption and assignment, or transfer, as the case may be, of its Potential Assumed/Assigned Contract.

29. Contract Objections shall be heard at (i) the Sale Hearing or (ii) on such other date subsequent to the Sale Hearing as the Court may designate, at the request of the Debtors with the consent of the applicable Successful Bidder, prior to, during, or after the Sale Hearing (the "<u>Cure/Assignment Hearing</u>"). Any Additional Contract Objections will be resolved at a hearing to be held by the Court (i) on or before seven (7) calendar days from the timely filing of the Additional Contract Objection; (ii) at the Cure/Assignment Hearing; or (iii) such other date designated by the Court.

*Miscellaneous*

30. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

31. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

32. All persons and entities that participate in the Sale Process and/or the Auction(s) shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bid Procedures, the Sale Process, and the Auction(s).

33. To the extent of any inconsistences between the Bid Procedures and this Order, this Order shall govern. To the extent of any inconsistencies between the Bid Procedures, this Order, and the terms of the Committee Resolution, the terms of the Committee Resolution shall govern.

34. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Bid Procedures or this Order.

Dated: March 11th, 2026  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

4927-3170-8294.15 05863.00001