**Exhibit 3**

**Cure Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AVENGER FLIGHT GROUP, LLC, *et al.*, <br><br> Debtors.¹ | Chapter 11 <br><br> Case No. 26-10183 (MFW) <br><br> (Jointly Administered) |

**NOTICE OF POTENTIAL ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On February 11, 2026 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are operating their business and managing its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.²

On [●], 2026, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. ●] (the "Bid Procedures Order") authorizing the Debtors to, among other things, establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a Sale or Sales of the Debtors' assets approved by the Court (the "Contract and Lease Procedures").  Pursuant to the Bid Procedures Order, the Court also approved the Debtors' entry into the Stalking Horse APA with the Stalking Horse Bidder, subject to higher or otherwise better Bids received in accordance with the Bid Procedures.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A PARTY TO ONE OR MORE OF THE CONTRACTS OR LEASES REFERRED TO HEREIN.**

---

¹ The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Motion [Docket No. 13] or Bid Procedures Order (defined below).

## POTENTIAL ASSUMED/ASSIGNED CONTRACTS[3]

Attached as Schedule A is a schedule of all Potential Assumed/Assigned Contracts (the "Cure Schedule") that may be assumed, assumed and assigned, and/or transferred, as applicable, by the Debtors in connection with any Sale(s), listing the counterparties to such contracts (the "Contract Counterparties") and the amount, if any, proposed to be paid to cure any monetary defaults under the Potential Assumed/Assigned Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts").[4] **The inclusion of a document on the Cure Schedule is not a commitment that such Potential Assumed/Assigned Contract will, in fact, be assumed by the Debtors, assumed by the Debtors and assigned to a third party, or otherwise transferred by the Debtors to a third party, including in connection with any Sale(s). The identification of any executory contract or unexpired lease as one that, in connection with a Sale, will, in fact, be assumed by the Debtors, assumed by the Debtors and assigned to a third party, or otherwise transferred to a third party are governed by the Bid Procedures Order. All rights of the Debtors and the Successful Bidder with respect to such executory and/or unexpired leases are reserved.**

IF YOU AGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), AND/OR HAVE NO OBJECTION TO THE ADEQUATE ASSURANCE INFORMATION PROVIDED BY THE STALKING HORSE BIDDER, YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.

IF YOU DISAGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), THE PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), AND/OR THE ADEQUATE ASSURANCE INFORMATION PROVIDED BY THE STALKING HORSE BIDDER YOU MUST OBJECT TO THE PROPOSED CURE AMOUNTS NO LATER THAN **MARCH 30, 2026 AT 5:00 P.M. (PREVAILING EASTERN TIME)** (the "Contract Objection Deadline").

Objections to a proposed Cure Amount with respect to any Potential Assumed/Assigned Contracts (a "Cure Objection") must be: (i) made in writing and filed on the docket for the Chapter 11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such Cure Objection with specificity, including, without limitation, the Cure Amount alleged to be due to such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address) and appropriate documentation in support of the objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and

---

[3] The presence of any contract or lease on Exhibit A hereto does not constitute an admission that such contract or lease is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that such contract or lease will be assumed and/or assigned by the Debtors.

[4] For avoidance of doubt, the Debtors reserve all rights to remove any executory contract or unexpired lease from the Cure Schedule prior to closing of any Sale(s).

(iv) be served on the following, so as to be actually received by them on or before the Contract Objection Deadline (collectively, the "Core Notice Parties"):

i. proposed counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Richard Pachulski (rpachulski@pszjlaw.com) and Steven Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn: Gregory Demo (gdemo@pszjlaw.com);

ii. counsel to the DIP Lenders and the Prepetition Term Loan Lenders, (a) Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David M. Hillman (dhillman@proskauer.com) and Matthew R. Koch (mkoch@proskauer.com) and (b) Landis Rath and Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19899, Attn: Matthew B. McGuire (mcguire@lrclaw.com);

iii. counsel to the DIP Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com);

iv. proposed counsel for the Committee, (a) Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099, Attn: Brett H. Miller (bmiller@willkie.com), Todd M. Goren (tgoren@willkie.com), James H. Burbage (jburbage@willkie.com), Joseph R. Brandt (jbrandt@willkie.com), and (b) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, Delaware 19801, Attn: Matthew P. Ward (matthew.ward@wbd-us.com) and Todd A. Atkinson (todd.atkinson@wbd-us.com); and

v. the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jon Lipshie, Esq. (jon.lipshie@usdoj.gov).

Any other objections to the assumption, assumption and assignment, or transfer of any of the Potential Assumed/Assigned Contracts, including an Adequate Assurance Objection with respect to the Stalking Horse Bidder (an "Assumption/Assignment Objection") (other than on the basis of the Cure Amount) must: (i) be made in writing and filed on the docket for the Chapter 11 Cases no later than **March 30, 2026 at 5:00 p.m. (prevailing Eastern Time)** (*i.e.* the Contract Objection Deadline); (ii) state the basis of such Assumption/Assignment Objection with specificity and include complete contact information for such Contract Counterparty (including address, telephone number, and email address) and appropriate documentation in support of the objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the Core Notice Parties so as to be actually received by such parties on or before the Contract Objection Deadline.

If you file a Cure Objection or Assumption/Assignment Objection satisfying the requirements herein, the Debtors will confer with you in good faith to attempt to resolve any such Cure Objection or Assumption/Assignment Objection without Bankruptcy Court intervention. If the applicable parties determine that the Cure Objection or Assumption/Assignment Objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall

resolve such objections (i) at the Sale Hearing scheduled for **[●], 2026 at __:00 _.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, United States Courthouse, 824 N. Market Street, [●], Wilmington, DE 19801, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, or (ii) on such other date subsequent to the Sale Hearing as the Court may designate, at the request of the Debtors and with the consent of the applicable Successful Bidder, prior to, during, or after the Sale Hearing (a "Contract Hearing") before the Bankruptcy Court to consider the objection.

If the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract"), the Debtors shall, as soon as practicable after making such a determination, send an Additional Cure Notice to the applicable Contract Counterparties to such Additional Contracts.  To the extent an executory contract or unexpired lease is not assumed, assumed and assigned, or transferred in connection with a Sale, the Debtors may, in their sole discretion, reject such an executory contract or unexpired lease to the extent permitted by law following the Closing.

Objections from any Contract Counterparty to an Additional Contract (an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) fourteen (14) calendar days after the Debtors file and serve the Additional Cure Notice (as applicable, the "Additional Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged to be due by such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address) and appropriate documentation in support of the objection; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Core Notice Parties so as to be actually received by them on or before the Additional Contract Objection Deadline.

If a timely Additional Contract Objection is filed, and cannot be resolved consensually, the Bankruptcy Court shall resolve such Additional Potential Assignment Objection at a hearing to be held (i) on or before seven (7) calendar days from the timely filing of the Additional Potential Assignment Objection; (ii) at the Sale Hearing; or (iii) such other date designated by the Court.

**IF YOU FAIL TO TIMELY FILE AND PROPERLY SERVE A CURE OBJECTION OR ASSUMPTION/ASSIGNMENT OBJECTION AS PROVIDED HEREIN (I) YOU WILL BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO ASSERT A CURE OBJECTION, ASSUMPTION/ASSIGNMENT OBJECTION, OR ADDITIONAL CONTRACT OBJECTION, AS APPLICABLE, AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT OR ADDITIONAL CONTRACT, AS APPLICABLE, ON THE TERMS SET FORTH IN THIS CURE NOTICE AND THE RELEVANT SALE DOCUMENTS, (II) YOU WILL HAVE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT OF, OR SALE AND TRANSFER OF, THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, ITS POTENTIAL ASSUMED/ASSIGNED CONTRACT, AS THE CASE MAY BE, WITHOUT THE NECESSITY OF OBTAINING ANY FURTHER ORDER OF THE BANKRUPTCY COURT, AND (III) YOU WILL BE**

**BARRED AND ESTOPPED FOREVER FROM ASSERTING OR CLAIMING AGAINST ANY PARTY THAT ANY ADDITIONAL CURE AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, MUST BE SATISFIED, UNDER SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT.**

The Debtors' assumption, assumption and assignment, or sale and transfer, of a Potential Assumed/Assigned Contract is subject to approval by the Bankruptcy Court and consummation of the closing of a Sale. The inclusion of any document on the list of Potential Assumed/Assigned Contracts shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

The dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket available at www.veritaglobal.net/AvengerFG.

This Notice is subject to the full terms and conditions of the Bid Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

# **SCHEDULE A**

Schedule of Potential Assumed/Assigned Contracts

| No. | Contract Counterparty | Contract/Lease Title | Date of Contract/Lease | Cure Amount |
|---|---|---|---|---|
| 1. | [X] | [X] | [X] | $[X] |