**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| AVENGER FLIGHT GROUP, LLC, *et al.*,[1] | Case No. 26-10183 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 13, 161 & 163** |

**SPIRIT AIRLINES, LLC'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO (I) THE NOTICE OF POTENTIAL ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES (D.I. 163) AND (II) THE DEBTORS' SALE MOTION (D.I. 13)**

Spirit Airlines, LLC f/k/a Spirit Airlines, Inc. ("Spirit"), through undersigned counsel, hereby submits this limited objection and reservation of rights (the "Limited Objection") to: (a) the proposed cure amounts, adequate assurance of future performance, and the proposed assumption, assumption and assignment, and/or the transfer of each of its contracts and leases/subleases with Debtor Avenger Flight Group, LLC (collectively, the "Contracts") set forth in the *Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases* (D.I. 163) (the "Cure Notice"); and (b) any proposed sale by the Debtors to the extent that the Debtors purport to sell or transfer any of Spirit's property rights or interests. In support of this Limited Objection, Spirit respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL 33315.

**BACKGROUND**

1.     On August 29, 2025, Spirit Airlines, LLC, and certain affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. Spirit and its affiliate debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. *See In re Spirit Aviation Holdings, Inc.*, Case No. 25-11897 (SHL) (jointly administered) (Bankr. S.D.N.Y.).[2]

2.     On February 11, 2026, the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.     Along with their voluntary petitions, the Debtors filed a consolidated list of their top thirty (30) unsecured creditors, listing Spirit as the second-largest creditor with a fixed, liquidated, and undisputed claim totaling $4,528,143.00. *See, e.g.*, Case No. 26-10183 (D.I. 1).

**Spirit's Relationship with AFG**

4.     Spirit is a customer of Avenger Flight Group, LLC ("AFG"). AFG provides flight simulator training, operating, and maintenance services on full flight simulators and flight training devices, governed by that certain Training Agreement, by and among Spirit and AFG, dated November 11, 2011 (as amended from time to time, the "Training Agreement").[3]

---

[2]     Nothing herein nor the proposed assumption of Spirit's Contracts impacts Spirit's rights vis-à-vis its own bankruptcy case. Spirit reserves all its rights with respect to the powers and protections afforded it under the Bankruptcy Code and applicable law pursuant to its pending bankruptcy case.

[3]     The terms of the Training Agreement and associated amendments are confidential and otherwise in the Debtors' possession. Spirit can make available a copy of the Training Agreement upon reasonable request, subject to appropriate confidentiality protections.

5.     Spirit owns certain full flight simulators, flight training devices, and other personal property that the Debtors house, use, operate, and/or service pursuant to the Training Agreement and Contracts with Spirit, including the following:

### FFS (Full Flight Simulators)

| Station: | Equipment #: | Serial number: |
|---|---|---|
| DFW: | A320-06 | SN: SBV 12-11 |
| MCO: | A320-21 | SN: 11081 |
| FLL: | A320-24 | SN: 11092 |
| FLL: | A320-29 | SN: 1113 |

### FTD (Flight Training Devices)

| Equipment: | Serial number: |
|---|---|
| FTD-A | SN: L2827 |
| FTD-B | SN: L2828 |
| FTD-C | SN: L3119 |

### Other Personal Property

| |
|---|
| A321 Door Trainer |
| Standalone A321 Neo Door trainer (Overwing Exit) |
| Training Raft with Canopy |
| Equipment Pegboard |
| Eros Oxygen Mask Mockup |
| Inflation Station (Life Vest System) |
| Remote Smoke Box for Fire Training |
| Compressors |
| Projectors in Classrooms |
| Laptops/Computers |
| Docking Stations with Monitors |

3

| |
|---|
| Classroom Tables and Chairs |
| IT Server |
| Office Cabinets |
| Office Chairs |
| Office Desks |
| Office Printers |
| Equipment Parts and Tools |
| Stanchions for Safety of Equipment |
| Training Mannequins |

6.     In connection with the Training Agreement, Spirit and AFG also entered into certain lease/sublease agreements related to housing simulators, training devices, tools, parts, equipment, fixtures, furniture, and other materials necessary for training Spirit's pilots, whether on Spirit's own premises (i.e., Dania Beach, FL) or at the Debtors' leased premises, including in Fort Lauderdale, Orlando, Dallas/Fort Worth, and Las Vegas.  Spirit-owned full flight simulator A320-06 is located in the Debtors' Dallas/Fort Worth location, and Spirit-owned full flight simulator A320-21 is located in the Debtors' Orlando location.  There are also tools, parts, equipment, fixtures, furniture, and other training materials owned by Spirit at AFG's various locations, including Orlando and Dallas/Fort Worth.

**AFG's Proposed Sale, Assumption and Assignment Procedures, and Cure Notice**

7.     On February 12, 2026, the Debtors filed a *Motion for (I) An Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry into Stalking Horse APA; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief*; *and (II) An Order or Orders (A) Approving the Sale of the Debtors'*

4

*Assets Free and Clear of All Encumbrances; and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* (D.I. 13) (the "Sale Motion").[4]

8.      On March 11, 2026, the Court entered the *Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry into Stalking Horse APA; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* (D.I. 161) (the "Bid Procedures Order") authorizing the Debtors to, among other things, establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale or sales of the Debtors' assets.

9.      On March 12, 2026, the Debtors filed the Cure Notice pursuant to the Bid Procedures Order with an objection deadline of March 30, 2026, at 5:00 p.m. (ET). The Sale Objection Deadline is April 6, 2026, at 12:00 p.m. (ET).

10.      The Cure Notice identifies five Contracts between Spirit and AFG each with a $0.00 cure amount, despite AFG previously acknowledging that it owes Spirit undisputed amounts in excess of $4.5 million. Below is a chart that reproduces the details provided in the Debtors' Cure Notice, along with an additional column identifying the actual cure amount outstanding:[5]

---

[4]      Capitalized terms used but not defined herein are defined in the Sale Motion.

[5]      Additionally, the Cure Notice references an End User Licensing Agreement (EULA) with Airbus Operatons S.A.S. regarding a Spirit-owned full flight simulator (Index #34 – "Airbus GO5 EULA – A320 Aircraft #6 (Spirit)"). Spirit is party to an EULA with Airbus for Spirit-owned flight simulator A320-06. For the avoidance of doubt, the Debtors cannot assume and assign or transfer any of Spirit's licensing rights with Airbus or any other contract counterparty. To the extent that the Debtors have their own licensing agreements as operators of the full flight simulators with Airbus, the assignability of such licensing agreement(s) is an issue for the Debtors and their respective contract counterparties.

| Index[6] | Contract Counterparty | Debtor Counterparty | Contract/Lease Title | Date of Contract/Lease | Debtors' Proposed Cure Amount | Actual Cure Amount |
|---|---|---|---|---|---|---|
| 242 | Spirit Airlines, Inc. | Avenger Flight Group, LLC | Training Agreement | 11/11/2011 | $0.00 | Not less than $6,321,888.00 |
| 243 | Spirit Airlines, Inc. | Avenger Flight Group, LLC | Agreement for Sale and Purchase of One (1) A320 Full Flight Simulator[7] | | $0.00 | $0.00 |
| 244 | Spirit Airlines, Inc. | Avenger Flight Group, LLC | Sublease Agreement | 7/19/2016 | $0.00 | $0.00 |
| 245 | Spirit Airlines, Inc. | Avenger Flight Group, LLC | Sublease Agreement[8] | 4/4/2016 | $0.00 | $0.00 |
| 246 | Spirit Airlines, Inc. | Avenger Flight Group, LLC | Lease Agreement | 8/11/2023 | $0.00 | $0.00 |

11.     Spirit is owed not less than $6,321,888.00 in outstanding flight credits under the Training Agreement to be paid in cash upon assumption—$3,029,238.00 in "Special Spirit Credits" and $3,292,650.00 in "Spirit A320 FFS Credit Hours" each as defined in the Training Agreement.  AFG was obligated to apply these flight credits to prior invoices but failed to do so. Flight credits continue to accrue under the Training Agreement.

12.     On March 30, 2026, AFG filed the *Notice of Successful Bidder and Cancellation of Auction* (D.I. 244) declaring the Stalking Horse Bidder as the Successful Bidder for the Debtors' assets pursuant to the terms of the Stalking Horse APA.

---

6     AFG omits from its Cure Notice that certain Sublease Agreement, dated October 14, 2021, regarding Spirit's sublease at the AFG Orlando Training Center.  Spirit reserves its rights with respect to the same.

7     Spirit does not have a record of this agreement.  As of the date of this Limited Objection, the Debtors have not provided Spirit with a copy of the agreement.  Spirit reserves all rights with respect to this alleged agreement.

8     This Sublease Agreement, dated April 4, 2016, regarding Spirit's sublease at the AFG Las Vegas Training Center has expired by its terms, and Spirit no longer maintains any property in AFG's Las Vegas location.

## LIMITED OBJECTIONS

### I.   THE DEBTORS MUST CURE ALL OUTSTANDING DEFAULTS PRIOR TO ASSUMING AND ASSIGNING SPIRIT'S CONTRACTS.

13.     Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—(A) cures, or provides adequate assurance that the trustee will promptly cure, such default[.]"  11 U.S.C. § 365(b)(1); *see, e.g.*, *In re Network Access Solutions Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("[W]hen a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid.").  Section 365(b)(1) makes clear that defaults must be cured as of the assumption.

14.     The Debtors' proposed assumption and assignment of Spirit's Contracts requires the Debtors to cure all defaults under the Contracts, including by paying not less than $6,321,888.00 on account of outstanding flight credits.

### II.   THE SUCCESSFUL BIDDER MUST DEMONSTRATE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE.

15.     Section 365(f) provides that a trustee or debtor in possession may assign an executory contract only if "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease." 11 U.S.C. § 365(f)(2); *see, e.g.*, *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 370 (Bankr. D. Del. 1999).

16.     The services provided under the Training Agreement are regulated and highly technical.  Spirit has not yet been provided any evidence that the Stalking Horse Bidder or any potential purchaser has the necessary operational, technical, and financial wherewithal to

perform under the Training Agreement, including obtaining the necessary certifications and qualifications required by the Federal Aviation Administration and other applicable law.

17.     Accordingly, the Successful Bidder must provide adequate assurance of future performance as a condition to any proposed assignment.

### III.   THE DEBTORS CANNOT SELL SPIRIT'S PROPERTY.

18.     Spirit objects, out of an abundance of caution, to any purported sale of Spirit's property or rights and interests in property, including the above-referenced full flight simulators, flight training devices, and any other personal property of Spirit's, including tools, parts, equipment, fixtures, furniture, and other training materials, wherever located.[9]

19.     Any sale order entered in these cases must make clear that none of Spirit's property or rights and interests in property are being transferred or sold.[10]

### RESERVATION OF RIGHTS

20.     Nothing contained herein shall constitute a waiver or limitation of Spirit's rights and remedies under the Contracts or any other contract or agreement with the Debtors, including any right to payment for any amounts that are due thereunder.  Spirit reserves all rights under the Contracts and otherwise with respect to administrative expense claims and other adjustments and charges due in accordance with the Contracts, regardless of their accrual or billing date.  Spirit further reserves its rights of setoff, recoupment, or counterclaim, if any, arising out of, or relating to the Contracts or any other agreement between the Debtors and Spirit, the parties'

---

[9]     Moreover, any attempt to sell, encumber, exercise control over, or otherwise interfere with Spirit's property would violate the automatic stay in Spirit's chapter 11 case and would be void ab initio.

[10]    Spirit previously requested a copy of the schedules to the Asset Purchase Agreement, by and among AFG, *et al.* and AFG Topco, LP, dated February 11, 2026, so that Spirit could confirm its property was not purportedly being sold.  Spirit has not received a copy of those schedules from the Debtors as of the date of this Limited Objection.  Spirit reserves the right to supplement this Limited Objection, including based on information learned after the date hereof.

business relationship to each other, or by operation of law or in equity.  Spirit further reserves all rights to object to any proposed sale or assumption of the Contracts and reserves all rights to make such other and further objections as may be appropriate, including, but not limited to, objecting to the proposed adequate assurance of future performance of a Successful Bidder.  Spirit reserves its respective rights to amend and/or supplement this Limited Objection, as circumstances might require, including, without limitation, regarding the terms of any proposed order(s) approving any sale(s) or assumption and assignment of any of Spirit's Contracts or any proposed assumption and assignment agreement concerning any such Contract.  As of the filing of this Limited Objection, no proposed sale order has been docketed and Spirit has not been provided with a full and complete copy of the Stalking Horse APA, including all schedules.  Accordingly, Spirit reserves all rights as to the content of such documents.

*Remainder of Page Intentionally Left Blank*

## CONCLUSION

WHEREFORE, Spirit respectfully requests that the Court: (a) condition any assumption, assignment, or transfer of Spirit's Contracts on resolution of the limited objections asserted herein; (b) ensure that any order entered by this Court does not purport to sell or transfer any property rights or interests of Spirit; and (c) grant Spirit such other and further relief as the Court may deem just or proper under the circumstances.


Dated: March 30, 2026          **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
      Wilmington, Delaware

*/s/ Jonathan M. Weyand*
Robert J. Dehney, Sr. (No. 3578)
Matthew B. Harvey (No. 5186)
Jonathan M. Weyand (No. 6959)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@morrisnichols.com
      mharvey@morrisnichols.com
      jweyand@morrisnichols.com

*Counsel for Spirit Airlines, LLC*