IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AVENGER FLIGHT GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 26-10183 (MFW), *et seq.,*<br>Jointly Administered<br><br>**Obj. Deadline: March 30, 2026**<br>**Hearing Date: April 7, 2026, 2:00 p.m. (ET)**<br>**Re: Docket Nos. 13, 161 and 163** |

### NATION FUND I, LLC'S LIMITED OBJECTION TO NOTICE OF POTENTIAL ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Nations Fund I, LLC ("Nations Fund"), by its undersigned attorneys, files this limited objection (the "Objection") to the *Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases* (the "Notice") (Dkt. No. 163) filed by the above-captioned debtors and debtors in possession (collectively, "Debtors") and reserves its rights with respect to any sale of certain leased equipment described herein. In support of its Objection, Nations Fund states as follows:

---

[1]    The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206).

**BACKGROUND**

1. On February 11, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors-in-possession.

2. Prior to the Petition Date, Debtor, AFG Dallas III, LLC ("AFG Dallas") and Nations Fund entered into to a Master Lease Agreement, dated August 28, 2020 (together with all riders thereto, the "First Master Lease"), under which Nations Fund agreed to lease AFG Dallas certain equipment described in schedules thereto.

3. Pursuant to Equipment Schedule AFG-0008 to the First Master Lease executed on September 30, 2021 (together with all riders thereto, "Schedule 0008"), Nations Fund agreed to lease to AFG Dallas a certain flight simulator and related equipment more particularly described therein (collectively, the "Schedule 0008 Equipment").

4. Debtor, Avenger Flight Group, LLC ("Avenger"), unconditionally guarantees payment and performance of AFG Dallas's obligations under the First Master Lease and Schedule 0008 thereto pursuant to a Master Lease Guaranty dated on or about August 28, 2020. The First Master Lease, Schedule 0008, the

2

forgoing guaranty and other related transaction documents are hereinafter collectively referred to as the "First Master Lease Documents."

5. Prior to the Petition Date, AFG Dallas and NEFPASS LLC entered into to a Master Lease Agreement, dated August 11, 2022 (together with all riders thereto, the "Second Master Lease"), under which NEFPASS LLC agreed to lease AFG Dallas certain equipment described in schedules thereto.

6. Pursuant to Equipment Schedule AFG-0007 to the Second Master Lease executed on August 11, 2022 (together with all riders thereto, "Schedule 0007"), NEFPASS LLC agreed to lease to AFG Dallas a certain flight attendant trainers more particularly described therein (collectively, the "Schedule 0007 Equipment").

7. Pursuant to Equipment Schedule AFG-0009 to the Second Master Lease executed on February 6, 2023 (together with all riders thereto, "Schedule 0009"), NEFPASS LLC agreed to lease to AFG Dallas a certain aircraft fire and smoke trainer more particularly described therein (collectively, the "Schedule 0009 Equipment").

8. Pursuant to Equipment Schedule AFG-0010 to the Second Master Lease executed on August 29, 2022 (together with all riders thereto, "Schedule 0010"), NEFPASS LLC agreed to lease to AFG Dallas a certain flight training

device and related equipment more particularly described therein (collectively, the "Schedule 0010 Equipment").

9.      Avenger unconditionally guarantees payment and performance of AFG Dallas's obligations under the Second Master Lease and Schedules 0007, 0009 and 0010 thereto pursuant to a Master Lease Guaranty dated on or about August 11, 2022 (the "Second Avenger Guaranty").

10.     NEFPASS assigned all of its right, title in and to the NEFPASS Lease Documents to Nations Fund under the terms of an Assignment of Lease Documents effective as of June 1, 2025 (the "Assignment of Lease").  The Second Master Lease, Schedule 0007, Schedule 0009, Schedule 0010, the Second Avenger Guaranty, the Assignment of Lease and other related transaction documents are hereinafter collectively referred to as the "Second Master Lease Documents."

11.     The First Master Lease Documents and the Second Master Lease Documents are hereinafter collectively referred to as the "Nations Fund Lease Documents."  The Schedule 0007 Equipment, the Schedule 0008 Equipment, the Schedule 0009 Equipment and the Schedule 0010 Equipment is hereinafter collectively referred to as the "Nations Fund Equipment."

12.     The Court entered an Order on March 6, 2026 authorizing the Debtors to reject Schedule 0009, among other unexpired leases, effective as of the Petition Date.[2]

13.     On March 11, 2026, the Court entered an *Order (A) Approving Bid Procedures for the Sale of the Debtors' Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry into Stalking Horse APA; (C) Schedule the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* (Dkt. No. 161) (the "Bidding Procedures Order").

6.     Pursuant to the Bidding Procedures Order, the Court (i) approved certain bidding procedures for the sale of the Debtors' assets, (ii) authorized the Debtors to enter into that certain Asset Purchase Agreement dated as of February 11, 2026, (iii) established assumption and assignment procedures for executory contracts and unexpired leases in connection with the asset sale, (iv) established a "Contract Objection Deadline" of March 30, 2026, (v) set April 6, 2026 as the deadline for parties-in-interest to object to, among other things, the sale of the Debtors' assets free and clear of interests pursuant to section 363(f) of the Bankruptcy Code, (vi) scheduled a hearing on the sale of the Debtors' assets for April 7, 2026, and (vii) granted the Debtors other related relief.

---

[2]     According to the Certificate of Service (Dkt. No. 96) filed in connection with the Debtor's motion for entry of an order authorizing rejection of executory contracts (including Schedule 0009), such motion was not served at the correct address for Nations Fund (*See* Dkt No. 96 at Ex. G).

7. On March 12, 2026, Debtors filed the Notice. Schedule A to the Notice lists the following proposed cure information for Nations Fund and NEFPASS LLC:

| | Counterparty | Debtor | Lease Title | Date | Cure Amount |
|---|---|---|---|---|---|
| 203 | Nations Fund | AFG Dallas | Master Lease Agreement | 8/__/2020 | $0.00 |
| 204 | Nations Fund | Avenger | Master Lease Guaranty | 8/__/2020 | $0.00 |
| 205 | Nations Fund | AFG Dallas | Master Lease Agreement | 8/11/2021 | $0.00 |
| | | | | | |
| 211 | NEFPASS LLC | AFG Dallas | Master Lease Agreement | 8/11/2022 | $9,639.13 |
| 212 | NEFPASS LLC | Avenger | Master Lease Guaranty | 8/11/2022 | $0.00 |

8. Nations Fund and the Debtors are conferring in good faith regarding Nations Fund's objections to the Notice, but as of the date of this Objection, such discussions have not resulted in a resolution of Nations Fund's objections.

## OBJECTIONS TO NOTICE AND SUPPLEMENTAL NOTICE

8. Provided that the requirements of the Bankruptcy Code are satisfied (including Nations Fund's receipt of adequate assurance of future performance), Nations Fund supports the assignment and assumption of the Nations Fund Lease

6

Documents and desires to work with the Debtors and any proposed assignee on such assignment. The Debtors' Notice is objectionable, however, because it includes ambiguity as to which Nations Fund equipment schedules may be assumed and assigned.

9. The Bankruptcy Code requires the Debtors to cure all defaults under an unexpired lease as of the date of assumption. Section 365(b)(1) of the Bankruptcy Code provides:

> (b)(1)    If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee --
>
>> (A)   cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
>>
>> (B)   compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>>
>> (C)   provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

10. The Notice does not specify an "as of" date for the cure amounts listed for the Nations Fund Lease Documents and makes no provision for payment of post-petition amounts. The assumption of the Nations Fund Lease Documents should be conditioned on compensation to Nations Fund for rent and other charges

7

or pecuniary losses that are or may become due through the date of assumption, and Nations Fund reserves all rights to such compensation.

11.     Section 365 of the Bankruptcy Code requires that, to assume a lease of personal property, the debtor must cure any default or provide adequate assurance that any default would be cured; compensate or provide adequate assurance of compensation for any actual pecuniary loss to a party other than the Debtor resulting from the default; and provide adequate assurance of future performance under the lease.  11 U.S.C. § 365(b)(1).

12.     The Notice is also objectionable to the extent that it omits certain obligations of AFG Dallas, such as the obligations of AFG Dallas to pay personal property taxes and indemnify Nations Fund for tax liabilities, that arose before the assumption of the Nations Fund Lease Documents but have not yet been liquidated.

13.     AFG Dallas is required to cure all nonmonetary and/or unliquidated obligations under the Nations Fund Lease Documents including, without limitation, tax indemnification obligations under the Nations Fund Lease Documents.  *See* 11 U.S.C. § 365(b)(2); *In re Akron Thermal, L.P.*, No. 07-51884, 2008 WL 1886171, *17 (Bankr. N.D. Ohio Apr. 25, 2008); *In re Fleming Cos., Inc.*, No. 03-10945, 2004 WL 385517, *5 (Bankr. D.Del. Feb. 27, 2004).

14.     AFG Dallas is therefore required to provide (a) adequate assurance that the correct cure cost will be paid and any unliquidated obligations, such as tax indemnification obligations, will be cured and (b) adequate assurance of future performance as mandated by section 365 of the Bankruptcy Code.  11 U.S.C. § 365(b)(1).

15.     In addition, Nations Fund is entitled to recover attorneys' fees and costs incurred in the enforcement of the covenants and obligations of the Nations Fund Lease Documents.  *See In re Revco D.S., Inc.*, 109 B.R. 264, 273 (Bankr. N.D. Ohio 1989); *In re Senior Care Ctr., LLC*, 607 B.R. 580, 592 (Bankr. N.D. Tex. 2019).  Nations Fund requires payment of these amounts as a condition of the assumption or assumption and assignment of the Nations Fund Lease Documents, and to the extent additional amounts come due after the assumption or assumption and assignment of the Nations Fund Lease Documents, Nations Fund objects to any request by the Debtors or any assignee to limit Nation Fund's recovery or deem a waiver of them by failure to identify them before they come due.

16.     Nations Fund objects to any assumption or assumption and assignment of the Nations Fund Lease Documents unless (a) the full amount of the cure cost under the Nations Fund Lease Documents is paid to Nations Fund at or prior to assumption, and (b) the Debtors and any assignee of a Nations Fund Lease Documents acknowledge in writing that any and all unliquidated obligations,

including, without limitation, tax indemnification obligations, shall be cured at or prior to assumption or survive the assumption and, if applicable, assignment, and that any assignee shall take the Nations Fund Lease Documents subject to all of their respective terms and undertake to satisfy all monetary and non-monetary obligations under the Nations Fund Lease Documents, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Nations Fund Lease Documents.

17.    Finally, the Debtors have not provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code regarding any potential assumption and assignment of the Nations Fund Lease Documents including, regarding not only the payment of all the monetary obligations pursuant to the Nations Fund Lease Documents but also the performance of all non-monetary obligations and unliquidated obligations, if any. Nations Fund requests that the Debtors provide information to establish any proposed purchaser's ability to perform pursuant to the Nations Fund Lease Documents, and Nations Fund objects to the approval of any assignment thereof absent such information.

## **RESERVATION OF RIGHTS**

19.    Nothing in this Objection is intended to be, or should be construed as, a waiver by Nations Fund of any rights under the Nations Fund Lease Documents,

the Bankruptcy Code, or applicable law.  Nations Fund expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Objection to assert any additional objections with respect to the Notice and/or any proposed assumption and assignment of the Nations Fund Lease Documents; (b) amend the cure costs pursuant to the terms of the Nations Fund Lease Documents; (c) assert any additional unliquidated obligations and/or nonmonetary defaults, if any, under the Nations Fund Lease Documents; (d) object to the ability of any proposed purchaser to provide adequate assurance of future performance; (e) assert a claim for allowance of administrative expenses under section 503 of the Bankruptcy Code; and (f) demand immediate payment of all amounts due under, and full compliance with, the Nations Fund Lease Documents to the extent required under section 365(d)(5).

21.    Nations Fund reserves all rights with respect to any sale of any Nations Fund Equipment.

**WHEREFORE**, Nations Fund respectfully requests that this Court enter an order providing: (a) this Objection is sustained; (b) as a condition to the assumption of any Nations Fund Lease Documents by any Debtor, (i) the correct cure cost, including attorneys' fees and expenses, shall be paid to Nations Fund on or before assumption, (ii) all unliquidated obligations shall be cured prior to, or survive the assumption and assignment, and that any assignee shall undertake to

11

satisfy all monetary and non-monetary obligations under the Nations Fund Lease Documents, regardless of whether such obligations existed, occurred, or accrued prior to the assumption or assumption and assignment of the Nations Fund Lease Documents, and (iii) the Debtors shall provide adequate assurance of future performance under the Nations Fund Lease Documents prior to assumption or assumption and assignment thereof; and (c) Nations Fund shall be granted such other and further relief as this Court deems just and proper under the circumstances.

Dated:  March 30, 2026
Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC


 /s/ Adam Hiller
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Walter R. Kirkman, Esquire
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland 21202
(410) 862-1150 telephone
wkirkman@bakerdonelson.com

*Attorneys for Nations Fund I, LLC*

12