**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AVENGER FLIGHT GROUP, LLC, *et al.*, | Case No. 26-10183 (MFW) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) CONDITIONAL APPROVAL OF
DISCLOSURES; (II) HEARING TO CONSIDER CONFIRMATION
OF THE COMBINED PLAN; (III) DEADLINE FOR FILING OBJECTIONS
TO CONFIRMATION OF THE COMBINED PLAN; AND (IV) DEADLINE
<u>FOR VOTING ON THE COMBINED PLAN</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On February 11, 2026 or February 12, 2026, as applicable (the "<u>Petition Date</u>"), Avenger Flight Group, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

**THE COMBINED PLAN AND DISCLOSURE STATEMENT**

2.      On May 1, 2026, the Debtors filed the *Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 376] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "<u>Combined Plan</u>").

**INTERIM CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT**

3.      By an Order dated May 4, 2026 (the "<u>Solicitation Procedures Order</u>"), the Bankruptcy Court conditionally approved, on an interim basis, the disclosures (the "<u>Disclosures</u>") in the Combined Plan as containing adequate information within the meaning of section 1125 of

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Avenger Flight Group, LLC (1216); AFG Dallas III, LLC (5615); AFG Dallas IV, LLC (5558); AFG Dallas, LLC (3418); AFG EU Operations Corp. (9406); AFG FLL, LLC (6470); AFG Latam Holding Corp. (6475); AFG Latam Sim Holdings II, LLC (0473); AFG Latam Sim Holdings III, LLC (2592); AFG Latam Sim Holdings IV, LLC (0093); AFG Latam Sim Holdings, LLC (6475); AFG Latam, LLC (9545); AFG Mexico Corp. (1402); AFG Orlando, LLC (8409); AFG Sanford, LLC (6661); AFG Sim Holding Corp. (3325); Avenger Flight Group Europe, Corp. (5908); Avenger Flight Group Topco, LLC (5643); Avenger Flight Training, LLC (5640); Avenger Flight Group Mexico II, S. de R.L. de C.V, (N/A); and Papi Flight Training, LLC (6206). The location of the Debtors' corporate headquarters and the Debtors' service address is Avenger Flight Group LLC, 1450 Lee Wagener Blvd., Fort Lauderdale, FL  33315.

Bankruptcy Code.  The Solicitation Procedures Order reserves all parties' rights to raise objections to the adequacy of information in the Disclosures and Combined Plan.

4.      By the Solicitation Procedures Order, the Court established **June 15, 2026 at 5:00 p.m. (Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Combined Plan must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Voting Agent in accordance with the instructions found on the ballot.

### THE COMBINED HEARING

5.      On **June 23, 2026 at 10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Judge Mary F. Walrath in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 4, Wilmington, DE 19801 to consider final approval of the Disclosures and confirmation of the Combined Plan, as the same may be amended or modified (the "Combined Hearing").

6.      The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtors will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) and on any parties that have filed objections to approval of the Disclosures or confirmation of the Combined Plan.  The Combined Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Combined Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

### INJUNCTIONS, RELEASES, AND DISCHARGE

7.      Sections 16.1, 16.2 and 16.3 of the Combined Plan contain the exculpation, release, and injunction provisions set forth below:

**Exculpation: The Debtors, the directors and officers of the Debtors who served during any portion of the cases, the Debtors' professionals retained in these cases, the Committee, the members of the Committee in their capacity as such, each individual who participated in the Committee on behalf of a member, each in its capacity as such, and the Committee's professionals retained in these cases (collectively, the "Exculpated Parties"), will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Cases, the sale or other disposition of the Debtors' assets or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan or the Chapter 11 Cases; *provided however*, that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not exculpate any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided however,* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reasonable reliance shall form a defense**

to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.

**Releases:**

**(a)    Debtor/Estate Release of Released Parties.**

Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtors and the Estates (collectively, the "**Debtor/Estate Releasors**") shall release (the "**Debtor/Estate Release**") each Released Party, and each Released Party is deemed released by the Debtor/Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor/Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor/Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' businesses or assets, the Debtors' liquidation, sale, alternative transaction, transition, and operational efforts, the transition or termination of any contracts and related matters, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date,, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; *provided however*, the foregoing Debtor/Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and further provided that nothing herein shall act as a discharge of the Debtors.

Notwithstanding anything to the contrary herein, the foregoing releases shall not apply to any claim or Cause of Action that is a Litigation Trust Asset.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Debtor/Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor/Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

**"Released Parties"** means, collectively, (a) the Debtors' Independent Manager and postpetition officers and directors, all of whom are employed by the Debtors or the Buyer as of the Petition Date; (b) the Prepetition Lenders Managers; (c) the Debtors' outside professionals and advisors, in their respective capacities as such, who provided services to the Debtors postpetition, including without limitation Pachulski Stang Ziehl & Jones LLP and SierraConstellation Partners; (d) the Committee and the individual members thereof in their capacity as such, and their professionals in their respective capacities as such; (e) the Prepetition Agent in its capacity as such; (f) the Prepetition Lenders in their respective capacity as such; (g) the DIP Agent in its capacity as such; (h) the DIP Lenders in their respective capacity as such; (i) SIM International; (j) the Buyer and (k) the Related Persons of the preceding parties, solely in their respective capacities as such.  For the avoidance of doubt, notwithstanding any of the foregoing or any other provision of the Plan, the Buyer shall not be released by the Plan from any of the Buyer's obligations under the Sale Order and any related agreements and documents, including, without limitation, the Sale Agreement.

**"Related Persons"** means, subject to any exclusions expressly set forth in the Plan, with respect to a specific Person, said Person's successors and assigns, and as applicable, said Person's current and former shareholders, affiliates, subsidiaries, employees, agents, officers, directors, managers, trustees, partners, members, professionals, representatives, advisors, attorneys, financial advisors, accountants, and consultants, solely in their respective capacities as such.

**(b)     Third Party Release.**

On and after and subject to the occurrence of the Effective Date, except as otherwise provided in the Plan, each Holder of a Claim against the Debtors who (i) votes to accept the Plan and does not affirmatively opt out of the releases provided hereunder; (ii) is deemed to accept the Plan and affirmatively opts in to the releases provided hereunder; and/or (iii) votes to reject and/or are deemed to reject the Plan and affirmatively opts in to the releases provided hereunder (collectively, the "Releasing Parties"), for (1) themselves and their respective successors, assigns, transferees, (2) and such Holders' officers and directors, managers, agents, members, financial and other advisors, attorneys, employees, partners, affiliates, and representatives (in each case in their capacity as such) ("Additional Release Parties"), shall release (the "Third Party Release") each Released Party, and each Released Party is deemed released from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of any of the Debtors or the Estates, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' businesses or assets, the Debtors' liquidation, sale, alternative transaction, transition, and operational efforts, the transition or termination of any contracts and related matters, the Chapter 11 Cases, the purchase, sale, transfer of any security, asset, right, or interest of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or

**contractual arrangements between the Debtors and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct or gross negligence; *provided however*, the foregoing Third Party Release shall not release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan; and *provided further* that, notwithstanding any of the foregoing, strictly as to the scope of the Third Party Release by the Additional Release Parties in favor of the Released Parties, the Third Party Release will apply only to claims and causes of action of an Additional Release Party that (a) are derivative of the claims held by the Releasing Party to whom the Additional Release Party is related, or (b) solely to the extent such Additional Release Party would be obligated to grant a release under applicable non-bankruptcy law if they were so directed by the Releasing Party to whom they are related.**

**Notwithstanding anything to the contrary herein, the foregoing releases shall not apply to any claim or Cause of Action that is a Litigation Trust Asset.**

**<u>Injunction</u>:  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Interests in the Debtors, the Litigation Trust, or the Estates that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the assets or property of the Debtors, the Estates, the Litigation Trust, or any of the Litigation Trust Assets, with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the assets or property of the Debtors, the Estates, the Litigation Trust, or any of the Litigation Trust Assets, with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the assets or property of the Debtors, the Estates, or the Litigation Trust, or any of the Litigation Trust Assets, with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest.  Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtors or the Litigation Trust under the Plan.**

**DEADLINE FOR OBJECTIONS TO FINAL APPROVAL OF THE
DISCLOSURES OR CONFIRMATION OF THE COMBINED PLAN**

8.       Objections, if any, to final approval of the Disclosures or confirmation of the Combined Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, DE 19801 together with proof of service **on or before June 15, 2026 at 5:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Combined Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, at 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Richard Pachulski (rpachulski@pszjlaw.com) and Mary Caloway (mcaloway@pszjlaw.com), and at 1700 Broadway, 36th Fl., New York, NY 10019, Attn: Gregory Demo (gdemo@pszjlaw.com); (ii) counsel to the Committee, (a) Womble Bond Dickinson (US) LLP, 1313 North Market Street, Suite 1200, Wilmington, DE 19801, Attn: Matthew Ward (matthew.ward@wbd-us.com) and Todd Atkinson (todd.atkinson@wbd-us.com), and (b) Willkie Farr & Gallagher LLP, 787 Seventh Ave., New York, NY 10019, Attn: Brett Miller (bmiller@willkie.com), Todd Goren (tgoren@willkie.com), and Joseph Brandt (jbrandt@willkie.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware, 19801, Attn: Jon Lipshie, (jon.lipshie@usdoj.gov); (iv) counsel to the Prepetition Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: David Hillman (dhillman@proskauer.com) and Matthew Koch (mkoch@proskauer.com), and (b) Landis Rath & Cobb LLP, 919 Market St., Suite 1800, Wilmington, DE 19801, Attn: Adam Landis (landis@lrclaw.com) and Matthew McGuire (mcguire@lrclaw.com); and (v) counsel to the Prepetition Agent, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: William Hao (william.hao@alston.com) and Dylan S. Cassidy (dylan.cassidy@alston.com).

**COPIES OF THE COMBINED PLAN AND BALLOTS, IF APPLICABLE**

9.       A copy of the Combined Plan may be obtained, free of charge, on the website maintained by the Debtors' Voting Agent, KCC dba Verita ("Verita" or the "Voting Agent"), at https://www.veritaglobal.net/avengerfg.  You can obtain additional hard or electronic copies of the Combined Plan, free of charge, upon request to the Voting Agent, Verita ("Verita"), by (a) writing to AFG Ballot Processing Center, c/o KCC dba Verita, 222 N. Pacific Coast Highway, Suite 300, El Segundo, CA 90245, (b) contacting the Voting Agent by email via https://www.veritaglobal.net/avengerfg/inquiry; or (c) by phone at (877) 725-7534 (U.S./Canada) or +1 (424) 236-7243 (International). Copies of the Combined Plan are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

10.      IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE COMBINED PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

11.     **IF YOU DO NOT RECEIVE A SOLICITATION PACKAGE (INCLUDING A BALLOT) AND YOU BELIEVE YOU ARE ENTITLED TO VOTE ON THE PLAN, PLEASE PROMPTLY CONTACT THE VOTING AGENT AS SET FORTH ABOVE TO OBTAIN A BALLOT.  THE DEBTORS RESERVE ALL RIGHTS WITH RESPECT TO ANY SUCH CAST BALLOTS PURSUANT TO THE SOLICITATION PROCEDURES.**

Dated:    May 4, 2026                     **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Richard M. Pachulski, Esq. (admitted *pro hac vice*)
Steven W. Golden, Esq. (DE Bar No. 6807)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652 4400
Email:          rpachulski@pszjlaw.com
                sgolden@pszjlaw.com
                mcaloway@pszjlaw.com


- and -


Gregory V. Demo, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:      (212) 561-7700
Facsimile:      (212) 561-7777
Email:          gdemo@pszjlaw.com
                cmackle@pszjlaw.com


*Counsel to the Debtors and Debtors-in-Possession*