**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AF LIQUIDATING, LLC, *et al.*, | Case No. 26-10183 (MFW) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Dkt. No. 376** |

**NOTICE OF FILING OF PLAN SUPPLEMENT FOR COMBINED DISCLOSURE
STATEMENT AND FIRST AMENDED PLAN OF LIQUIDATION OF AVENGER
FLIGHT GROUP, LLC AND ITS AFFILIATED DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on May 1, 2026, the Debtors filed the *Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [D.I. 376] (the "Combined Disclosure Statement and Plan") in the United States Bankruptcy Court for the District of Delaware (the "Court").[2]

**PLEASE TAKE FURTHER NOTICE** that, as contemplated by the Combined Disclosure Statement and Plan, the Debtor hereby files the Plan Supplement, which includes the following documents:

| Exhibit | Description |
|---|---|
| A. | Draft Litigation Trust Agreement |
| B. | Identification of Litigation Trustee and Litigation Trust Oversight Board Members |
| C. | Estate-Retained Causes of Action |

---

[1]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are:  AF Liquidating, LLC (1216); AF Dallas III Liquidating, LLC (5615); AF Dallas IV Liquidating, LLC (5558); AF Dallas Liquidating, LLC (3418); AF EU Operations Liquidating Corp. (9406); AF FLL Liquidating, LLC (6470); AF Latam Holding Liquidating Corp. (6475); AF Latam Sim Holdings II Liquidating, LLC (0473); AF Latam Sim Holdings III Liquidating, LLC (2592); AF Latam Sim Holdings IV Liquidating, LLC (0093); AF Latam Sim Holdings Liquidating, LLC (6475); AF Latam Liquidating, LLC (9545); AF Mexico Liquidating Corp. (1402); AF Orlando Liquidating, LLC (8409); AF Sanford Liquidating, LLC (6661); AF Sim Holding Liquidating Corp. (3325); AF Group Europe Liquidating, Corp. (5908); AF Group Topco Liquidating, LLC (5643); and AF Training Liquidating, LLC (6206).  The Debtors' service address is 2800 Valley View Lane, Suite 180, Irving, Texas 75062.  Debtor AF Liquidating, LLC was formerly known as Avenger Flight Group, LLC.

[2]   Any capitalized terms not defined herein shall have the meanings ascribed to them in the Combined Disclosure Statement and Plan.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right, subject to the terms and conditions set forth in the Combined Disclosure Statement and Plan, to alter, amend, modify, or supplement the Plan Supplement, and any information contained therein, at any time before the Effective Date of the Combined Disclosure Statement and Plan, or any such other date as may be provided for by the Combined Disclosure Statement and Plan or by order of the Court.

**PLEASE TAKE FURTHER NOTICE** that the Combined Disclosure Statement and Plan, the Plan Supplement, as well as further information regarding these Chapter 11 Cases are available for inspection on the Court's website at https://www.deb.uscourts.gov/, or free of charge on the Debtors' restructuring website at https://www.veritaglobal.net/avengerfg.

Dated: June 2, 2026        **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Richard M. Pachulski, Esq. (admitted *pro hac vice*)
Steven W. Golden, Esq. (DE Bar No. 6807)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652 4400
Email: rpachulski@pszjlaw.com
sgolden@pszjlaw.com
mcaloway@pszjlaw.com

- and -

Gregory V. Demo, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: gdemo@pszjlaw.com
cmackle@pszjlaw.com

*Counsel to the Debtors and Debtors-in-Possession*

## EXHIBIT A

## DRAFT LITIGATION TRUST AGREEMENT

# LITIGATION TRUST AGREEMENT

This Trust Agreement (the "Trust Agreement" or "Agreement"), dated as of [●], 2026, is by and among [AF Liquidating, LLC f/k/a Avenger Flight Group, LLC] and its affiliated debtors and debtors-in-possession (collectively, the "Debtors")[1] in the chapter 11 bankruptcy cases jointly administered under Case No. 26-10183 (MFW) currently pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC, solely in his capacity as trustee hereunder (the "Trustee"), and is being entered into in connection with the *Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 376] (as amended or modified, the "Plan")[2], which was confirmed by the Bankruptcy Court by Order dated [●], 2026 (the "Confirmation Order") and provides that, among other things:

(a)     The Litigation Trust Assets[3] of the Debtors and their Estates will, on the Effective Date, be transferred to and vest automatically in the Litigation Trust, as required by the Plan, for distribution and use in accordance with the terms of the Plan, including to the holders of Allowed Unsecured Claims and Prepetition Lenders Deficiency Claims entitled to receive Litigation Trust Interests (the "Beneficiaries") pursuant

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases is attached hereto as Schedule A.

[2]     Capitalized terms used but not defined herein have the meaning given to them in the Plan.

[3]     As described in the Plan, "Litigation Trust Assets" means the following assets, which the Debtors shall transfer to the Litigation Trust on the Effective Date and which shall be held in the Litigation Trust in accordance with the Plan and the Litigation Trust Agreement: (i) $500,000 in Cash to be funded from Available Cash; (ii) any remaining Cash from the Base Wind-Down Amount (as defined in the Committee Resolution); (iii) any excess, unused Cash that was otherwise previously reserved for the payment of the Allowed Professional Fee Claims of the Committee's Professionals in accordance with the Committee Resolution; (iv) any Estate-Retained Causes of Action, including any and all claims and Causes of Action of the Debtors against any former officer, director, employee, partner, member, equity holder, professional services firm, or representative of any Debtor, whether arising by way of counterclaim or otherwise; (v) any and all remaining Avoidance Actions of the Debtors against any party; (vi) any and all of the Debtors' rights under any director and officer insurance policies, fiduciary policies or employment practices policies (in each case of the foregoing, including any tail policies or coverage thereon) and any proceeds thereof, to the extent that any such policies provide coverage on account of any of the foregoing claims and causes of action and to the extent permitted without impairing such policy or estate rights thereunder; (vii) all books and records of the Debtors as of the Effective Date (subject to the Sale Order); and (viii) any proceeds realized from the foregoing claims, causes of action, and rights. The Trustee also shall have access to the Administrative / Priority / Other Distributions Reserve to make distributions consistent with the terms of the Plan.

The Litigation Trust Assets and Estate-Retained Causes of Action shall not include any claims or causes of action against (i) any director, officer, or employee of any Debtor or Target Company (or any of their respective subsidiaries) that is a director, officer, or employee of such entity on or following the Petition Date, (ii) any current or former customer, (iii) any supplier, vendor, or contract counterparty of the Buyer's post-closing business, (iv) any employee hired by the Buyer, (v) the Buyer, (vi) any Prepetition Lender and its appointed designees to the board of managers of any Debtor, (vii) any DIP Lender, (viii) Wilmington Trust, National Association, as the DIP Agent and the Prepetition Term Loan Agent (each as defined in the Final DIP Order), (ix) any of the Released Parties (as defined in the Final DIP Order), (x) any of the Released Parties (as defined in the Plan), or (xi) the Related Persons of each of the foregoing.

**Unknown**

to and in accordance with this Trust Agreement, the Plan, the Confirmation Order, and the Bankruptcy Code;

(b)     For federal income tax purposes, (i) the Beneficiaries are to be treated as the grantees of the Litigation Trust and deemed to be the owners of the Litigation Trust Assets; and (ii) the Debtors are to treat the transfer of the Litigation Trust Assets to the Litigation Trust as a deemed transfer to such Beneficiaries followed by a deemed transfer by such Beneficiaries to the Litigation Trust;

(c)     The Litigation Trust Assets will be pursued, settled, liquidated or otherwise disposed of, and the Litigation Trust Assets Proceeds will be distributed to the Beneficiaries as set forth in this Trust Agreement and the Plan; and

(d)     The Trustee will make Distributions to all other Holders of Allowed Claims pursuant to the Plan (including Sections 8, 10, 11, and 12 thereof) and Article VII hereof.

**NOW, THEREFORE,** pursuant to the Plan and in consideration of the promises, the mutual agreements of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

## ARTICLE I
## DECLARATION OF TRUST

**1.1     Purpose of the Litigation Trust.** The Debtors and the Trustee, pursuant to the Plan and the Confirmation Order, and in accordance with the Bankruptcy Code, applicable tax statutes, rules and regulations, to the extent incorporated in this Trust Agreement, hereby declare and establish the Litigation Trust for the purpose of liquidating the Litigation Trust Assets and making Distributions to Beneficiaries in accordance with the Plan, with no objective to continue or engage in the conduct of a trade or business. In particular, the Litigation Trust, through the Trustee, shall (i) administer the Litigation Trust Assets, including liquidating the Litigation Trust Assets to Cash; (ii) administer the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, the Disputed Claims Reserve, and any other appropriate reserves that may be established by the Trustee; (iii) resolve and/or reconcile all Disputed Claims; (iv) investigate, prosecute, abandon, settle, and/or defend Causes of Action that constitute Litigation Trust Assets; (v) file tax returns and any other applicable tax-related document(s) for the Litigation Trust; (vi) make any and all Distributions to Beneficiaries and all other Creditors provided for under the Plan and pursuant to this Trust Agreement; (vii) pay the Litigation Trust Expenses in accordance with the Plan and this Trust Agreement; (viii) obtain the Debtors' books and records, or copies thereof, on the Effective Date, which the Trustee will maintain and may later discard in accordance with Section 12.11 of the Plan; (ix) immediately or subsequently dissolve all or some of the Debtors, without any further action required on the part of the Trustee, the Debtors and/or any other parties; and (x) perform all actions required under the Plan and take such steps as are reasonably necessary to accomplish such purpose, all as more fully provided in, and subject to the terms and provisions of the Plan, the Confirmation Order, and this Trust Agreement. The Trustee shall be the estate

2

representative designated to prosecute any and all Causes of Action that constitute Litigation Trust Assets pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The Trustee shall succeed to all such powers as would have been applicable to the Debtors' directors, officers and managers with respect to all Litigation Trust Assets and the Trustee will be the sole officer, director, member and/or manager (as applicable) of each of the Debtors after the Effective Date.

1.2     **Limitation on Trade or Business Activities.** The Litigation Trust shall not have authority to engage in a trade or business, and no portion of the Litigation Trust Assets shall be used in the conduct of a trade or business, except to the extent that is reasonably necessary to reduce Litigation Trust Assets to Litigation Trust Asset Proceeds, consistent with the purpose of the Litigation Trust and closing the Chapter 11 Cases.

1.3     **Name of the Litigation Trust.** The Litigation Trust established hereby shall be known as the "AF Litigation Trust". In connection with the exercise of its powers, the Trustee may use such name or such variation thereof as it deems necessary; provided that such name or such variation thereof does not use "Avenger Flight Group" or "AFG" or any name confusingly similar thereto for any purpose.

1.4     **Transfer of Assets to Create Litigation Trust.** The Debtors and the Estates hereby grant, release, assign, transfer, convey, and deliver the Litigation Trust Assets to the Litigation Trust as of the Effective Date, free and clear of all liens and encumbrances of all Persons and Entities, to have and to hold unto the Trustee and its successors in trust and to be administered as specified in the Plan and this Trust Agreement. On the Effective Date, the Debtors shall execute and deliver or cause to be executed and delivered to or upon the order of the Trustee all such documents, in recordable form where necessary or appropriate, and the Debtors shall take or cause to be taken such further or other action, as the Trustee may deem appropriate, to vest or perfect in or confirm to the Trustee, or upon the order of the Trustee, title to and possession of all of the Litigation Trust Assets. Upon the transfer of the Litigation Trust Assets, the Trustee, on behalf of and for the benefit of the Beneficiaries, shall succeed to all rights, title and interest of the Debtors in the Litigation Trust Assets, and neither the Debtors nor any other Entity or Person will have any interest in or control over the Litigation Trust Assets or any Litigation Trust Asset Proceeds. The Litigation Trust shall not be deemed a successor in interest of the Debtors.

1.5     **Acceptance by Trustee.** The Trustee hereby accepts (a) the appointment to serve as Trustee; (b) the transfer of the Litigation Trust Assets on behalf of the Litigation Trust and access to the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, and the Disputed Claims Reserve; and (c) the trust imposed on the Trustee by this Trust Agreement. The Trustee agrees to receive, hold, administer, and distribute the Litigation Trust Assets, the Litigation Trust Asset Proceeds, the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, the Disputed Claims Reserve, and the income derived from any of the foregoing, if any, in each case pursuant to the terms of the Plan, the Confirmation Order, and this Trust Agreement.

## ARTICLE II
## TRUSTEE AND THE LITIGATION TRUST OVERSIGHT BOARD

**2.1** **Appointment.** The initial Trustee shall be Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC, solely in his capacity as Trustee hereunder.

**2.2** **Term of Service.** The Trustee shall serve until (a) the termination of the Litigation Trust in accordance with Article IX of this Trust Agreement; or (b) the Trustee's resignation, death or removal in accordance with this Trust Agreement.

**2.3** **Services.** The Trustee shall be entitled to engage in such other activities as he deems appropriate which are not in conflict with the Plan, this Trust Agreement, or the interests of the Beneficiaries. The Trustee shall devote such time as is reasonably necessary to fulfill all of its duties as Trustee.

**2.4** **Resignation, Death or Removal of Trustee.** The Trustee may resign at any time upon thirty (30) days' written notice, in accordance with the notice provisions of the Plan, to the Bankruptcy Court and the United States Trustee. Such resignation shall become effective prior to the expiration of such thirty (30) day notice period upon the appointment of a permanent or interim successor Trustee. The Trustee may be removed for cause by the Bankruptcy Court *sua sponte* or upon motion by a party in interest; provided, however, in any such case, the Trustee shall remain vested with all rights and obligations under this Trust Agreement pending the Bankruptcy Court's adjudication. Upon the effectiveness of the Trustee's resignation or removal, the resigning or removed Trustee shall file with the Bankruptcy Court an accounting of all Litigation Trust Assets received, disbursed, and held during such Trustee's term of service. Upon the resignation, death or removal of the Trustee, a majority of the Litigation Trust Oversight Board shall appoint a successor Trustee without need for approval of the Bankruptcy Court; provided that such successor Trustee is reasonably acceptable to the Required Lenders. If a successor Trustee is not so appointed within thirty (30) days of such resignation, death or removal of the Trustee, the Bankruptcy Court shall appoint a successor in accordance with the best interests of the Beneficiaries. Upon appointment pursuant to this Section 2.4 of the Trust Agreement, the successor Trustee, without any further act, shall become fully vested with all of the rights, powers, duties, and obligations of his, her, or its predecessor. A successor Trustee shall succeed to and hold the same respective rights and benefits of the predecessor for purposes of privilege, including the attorney-client privilege.

**2.5** **Trust Continuance.** The death, resignation, or removal of the Trustee shall not terminate the Litigation Trust or revoke any existing agency (other than any agency of such Trustee as the Trustee hereunder) created pursuant to this Trust Agreement or invalidate any action previously taken by the Trustee. By accepting the position as Trustee, such successor Trustee agrees that the provisions of this Trust Agreement shall be binding upon, and inure to the benefit of, such successor Trustee and all of its heirs and legal and personal representatives, successors, or assigns.

4

**2.6** **Compensation and Expenses of Trustee.** The Trustee shall be entitled to fair and reasonable compensation for services rendered on behalf of the Litigation Trust as determined by the Trustee, the Creditors' Committee, and the Required Lenders. The Trustee shall also be entitled to the reimbursement of all reasonable, documented, out-of-pocket expenses. Such compensation and all reasonable and documented expense reimbursement shall be charged against and paid solely out of the Litigation Trust Assets as Litigation Trust Expenses, without further Bankruptcy Court approval or order. Following the Effective Date, any alteration to the arrangements for compensation of the Trustee (including the compensation for any successor Trustee) shall be determined by and require unanimous approval by the Litigation Trust Oversight Board.

**2.7** **Retention and Payment of Professionals.** The Trustee, in consultation with the Litigation Trust Oversight Board, may retain such professionals, consultants, or other persons as the Trustee deems reasonably necessary to carry out its duties under this Trust Agreement, including, without limitation, any advisory firm of which such Trustee is employed or affiliated with, or any counsel, advisory firm, or other professional previously retained in these Chapter 11 Cases (the "Trustee's Professionals"). The Trustee may pay the reasonable fees, costs and expenses of the Trustee's Professionals out of the Litigation Trust Assets in the ordinary course of business and without any further notice to any party or action, order or approval of the Bankruptcy Court. Professionals retained by the Trustee shall receive compensation and reimbursement of expenses in a manner to be determined by the Trustee, with approval by a majority of the Litigation Trust Oversight Board. The Trustee and the members of the Litigation Trust Oversight Board shall not be personally liable to any of the Trustee's Professionals for any unpaid invoices or claims for services rendered. The Bankruptcy Court shall retain jurisdiction to resolve any disputes relating to the foregoing.

**2.8** **No Bond.** Notwithstanding any state law to the contrary, the Trustee (including any successor) shall be exempt from giving any bond or surety or other security in any jurisdiction, unless the Trustee decides in its reasonable judgment to obtain such bond or surety or other security. The cost of any bond shall be an expense of the Litigation Trust and paid from the Litigation Trust Assets.

**2.9** **Litigation Trust Oversight Board**. In furtherance of the Plan, on the Effective Date, the Litigation Trust Oversight Board shall be established to oversee the implementation of the Plan and the Litigation Trust. The Litigation Trust Oversight Board shall have access to the Trustee and the right to consult with and, to the extent provided in this Trust Agreement and Plan, advise the Trustee in connection with the administration and implementation of the Plan and the Litigation Trust on and after the Effective Date, as set forth in this Trust Agreement and the Plan. The Litigation Trust Oversight Board shall initially consist of two (2) members and one (1) *ex officio* member designated by the Creditors' Committee prior to the Effective Date and one (1) member designated by the Required Lenders prior to the Effective Date. The *ex officio* member shall not be entitled to vote on any issue, nor shall the *ex officio* member be counted for purposes of determining whether any approval by the members of the Litigation Trust Oversight Board required hereunder has been obtained. The Litigation Trust Oversight Board shall consist of no fewer than two (2) and no more than three (3) members (exclusive of any *ex officio* member), provided that one (1) member of the Litigation Trust Oversight Board shall at all times be a

5

member designated by the Required Lenders. In the event of the resignation of a member, the remaining members may designate a successor member; provided that (i) any successor shall be a Beneficiary or an affiliate thereof; and (ii) one (1) member of the Litigation Trust Oversight Board shall at all times be a member designated by the Required Lenders. In the event the Litigation Trust Oversight Board has fewer than two (2) members and the existing members as provided herein fail to fill such vacancy within sixty (60) days, the Trustee shall be permitted to appoint a sufficient number of members so that the Litigation Trust Oversight Board has at least two (2) members.

Members of the Litigation Trust Oversight Board shall not be compensated for performance of their duties in connection with the Litigation Trust Oversight Board, but shall be reimbursed from the Litigation Trust for any actual and reasonable out-of-pocket expenses incurred in such capacity without approval or order of the Bankruptcy Court (but not, for the avoidance of doubt, any fees or expenses of any professionals retained by any member of the Litigation Trust Oversight Board); provided, however, that in the event the Trustee or any member of the Litigation Trust Oversight Board objects to the payment of any expenses requested by a member, then such dispute shall be determined by the Bankruptcy Court.

## ARTICLE III
## POWERS AND LIMITATIONS OF TRUSTEE

**3.1     General Powers of Trustee.** In connection with the administration of the Litigation Trust, and subject to the Litigation Trust Oversight Board and the provisions set forth in this Trust Agreement, the Trustee is authorized to perform those acts reasonably necessary and desirable to accomplish the purposes of the Litigation Trust set forth in the Plan and this Trust Agreement, including but not limited to, using the Litigation Trust Assets and Litigation Trust Asset Proceeds to fund the administration of the Litigation Trust, as set forth in the Plan, and administering the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, and the Disputed Claims Reserve. The Litigation Trust shall succeed to all of the rights and responsibilities of the Debtors necessary to protect, conserve, pursue, and liquidate all Litigation Trust Assets as quickly as reasonably practicable, including without limitation all applicable attorney-client and attorney work product privileges. In furtherance of the purposes of the Litigation Trust, except as otherwise provided in this Trust Agreement, the Litigation Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such claims that the Debtors have or would have had under applicable law. Subject to the limitations set forth in this Trust Agreement, the Plan, and the Confirmation Order, the Trustee may exercise all powers granted hereunder related to, or in connection with, the collection, prosecution, settlement, liquidation, and distribution to the Beneficiaries, of the Litigation Trust Assets. Without limiting, but subject to, the foregoing, the Trustee shall be expressly authorized:

(a)     To open and maintain bank accounts on behalf of or in the name of the Litigation Trust and/or any Debtor(s) in the Trustee's discretion, calculate and make Distributions and take other actions consistent with the Plan and the implementation thereof, including the establishment, re-evaluation, adjustment,

and maintenance of appropriate reserves that may be required, in the name of the Litigation Trust.

(b)     To administer, receive and manage all Litigation Trust Assets, including the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, and the Disputed Claims Reserve, and to make Distributions in accordance with the Plan and the LT Distribution Waterfall.

(c)     To effect all actions and execute all agreements, instruments, and other documents necessary to implement the applicable provisions of the Plan and this Trust Agreement.

(d)     To receive, conserve, and manage the Litigation Trust Assets.

(e)     To hold legal title to any and all Litigation Trust Assets.

(f)     To raise additional funding from any source to support or facilitate any function, duty or responsibility of the Litigation Trust or the Trustee, in each case in accordance with this Agreement and subject to approval by a majority of the Litigation Trust Oversight Board.

(g)     Subject to the applicable provisions of the Plan and this Trust Agreement, to investigate, pursue, prosecute, settle, defend, collect, and liquidate the Litigation Trust Assets, including any Causes of Action that constitute Litigation Trust Assets.

(h)     To take discovery from third parties, including but not limited to, issuing Fed. R. Bankr. P. 2004 subpoenas and discovery requests.

(i)     To make decisions, in consultation with the Litigation Trust Oversight Board, regarding the retention or engagement of Trustee's Professionals and to pay, from the Litigation Trust Assets, the fees and charges incurred by the Litigation Trust, including but not limited to the fees and expenses of the Trustee and the Trustee's Professionals relating to the implementation of the Plan and performance by the Trustee of its duties under this Trust Agreement.

(j)     To pay all lawful expenses, debts, charges and liabilities of the Litigation Trust.

(k)     To wind down the affairs of the Litigation Trust and the Debtors, including the filing of final tax returns, establishing any administrative reserves necessary to close the Litigation Trust and making all Distributions to the Beneficiaries and other Creditors provided for or contemplated by the Plan.

(l)     To withhold from the amount distributable to any Person such amount as may be sufficient to pay any tax or other charge which the Trustee has determined, in its sole discretion, may be required to be withheld therefrom under the income tax laws

of the United States or of any state or political subdivision thereof. In the exercise of its discretion and judgment, the Trustee may enter into agreements with taxing or other governmental authorities for the payment of such amounts as may be withheld in accordance with the provisions of this section.

(m)    To abandon in any commercially reasonable manner, including abandonment or donation to a charitable organization of its choice, any Litigation Trust Assets if the Trustee concludes, in consultation with the Litigation Trust Oversight Board, that they are of no significant value or benefit to the Litigation Trust.

(n)    If any of the Litigation Trust Assets are situated in any state or other jurisdiction in which the Trustee is not qualified to act as trustee, to nominate and appoint a Person duly qualified to act as trustee in such state or jurisdiction and require from each such trustee some form of adequate security as designated by the Trustee; confer upon such trustee all the rights, powers, privileges and duties of Trustee, subject to the conditions and limitations of this Trust Agreement, except as modified or limited by the Trustee and except where the conditions and limitations may be modified by the laws of such state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such trustee is acting shall prevail to the extent necessary); require such other trustee to be answerable to the Trustee for all monies, assets, and other property that may be received in connection with the administration of all property; and remove such other trustee, with or without cause, and appoint a successor trustee at any time by the execution by the Trustee of a written instrument declaring such other trustee removed from office, and specifying the effective date and time of removal.

(o)    Except as otherwise set forth in this Trust Agreement and the Plan, to have exclusive power to investigate, prosecute, abandon, compromise, defend, and/or settle all causes of action and counterclaims that constitute Litigation Trust Assets, as described in the Plan and Disclosure Statement, and exercise, participate in or initiate any proceeding before the Bankruptcy Court or any other court of competent and appropriate jurisdiction and voluntarily participate as a party or otherwise in any administrative proceeding, arbitration, mediation, or other nonjudicial proceeding and litigate or settle such actions on behalf of the Litigation Trust, and pursue such actions to settlement or final order, all in accordance with the terms of this Trust Agreement, provided, however, that the Trustee may not settle, compromise, or abandon any action where the initial amount at issue exceeds $250,000, without consideration of any defenses, without the consent of a majority of the Litigation Trust Oversight Board.

(p)    To hold any unclaimed Distributions or payment to a Beneficiary or other Creditor in accordance with this Trust Agreement, the Confirmation Order, and the Plan.

(q)    To purchase or create and carry all insurance policies and pay all insurance premiums and costs it deems necessary or advisable.

(r)     To implement and/or enforce all provisions of the Plan.

(s)     To collect and liquidate all Litigation Trust Assets pursuant to the Plan, the Confirmation Order, and this Trust Agreement, and to ultimately close the Chapter 11 Cases.

(t)     To object to Claims and supervise and administer the resolution, settlement, withdrawal, compromise, allowance, and/or payment of such Claims, together with any Distributions to the Beneficiaries and other Creditors in accordance with this Trust Agreement and the Plan. Specifically, the Trustee may compromise or settle any such Claim (Disputed or otherwise) free of any restrictions other than those restrictions expressly imposed by the Plan, the Confirmation Order, or this Trust Agreement.

(u)     To exercise such rights of setoff as the Debtors or the Estates may have had against any Beneficiary and/or seek Bankruptcy Court approval of such exercise.

(v)     To voluntarily engage in arbitration or mediation with regard to any dispute.

(w)     To (i) seek a determination of tax liability under section 505 of the Bankruptcy Code; (ii) file, if necessary, any and all tax returns required with respect to the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treas. Reg. 1.67-4(a) or otherwise; (iii) make tax elections by and on behalf of the Litigation Trust; and (iv) pay taxes, if any, payable by the Litigation Trust.

(x)     To make all Distributions to Creditors and any and all other payments as provided for or contemplated by the Plan.

(y)     To obtain the Debtors' books and records or copies thereof as of the Effective Date pursuant to Section 12.11 of the Plan, and to resolve issues pertaining to the retention or disposal of the Litigation Trust's and Debtors' administrative and business records subject to the Plan (including Section 12.11 thereof).

(z)     To perform any other actions or duties required to be performed by the Trustee pursuant to the provisions of the Plan and/or Confirmation Order.

(aa)    To assert or waive any attorney-client, work product, or other privilege on behalf of the Debtors and Estates with regard to the Litigation Trust Assets.

(bb)    To provide periodic reports and updates to the Litigation Trust Oversight Board regarding the status of the administration of the Litigation Trust Assets and consulting with the Litigation Trust Oversight Board regarding the status of the Litigation Trust Assets and any other matters addressed in this Trust Agreement, all in connection with the Litigation Trust Oversight Board's role of overseeing the implementation of the Plan; and

9

(cc)    To exercise other rights and powers set forth in Section 14.7 of the Plan.

**3.2    Limitations on the Trustee.** Notwithstanding anything in this Trust Agreement to the contrary, the Trustee shall not do or undertake any of the following:

(a)    Take any action in contravention of the Plan, the Confirmation Order, or this Trust Agreement.

(b)    Take any action that would significantly jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes.

(c)    Grant liens on any of the Litigation Trust Assets; provided, however, that the Trustee shall be permitted to, with the unanimous consent of the Litigation Trust Oversight Board, grant liens on any of the Litigation Trust Assets if such is necessary to raise additional funding pursuant to Section 3.1(f) hereof.

(d)    Guaranty any debt; provided, however, that the Trustee shall be permitted to, with the unanimous consent of the Litigation Trust Oversight Board, guaranty any debt if such is necessary to raise additional funding pursuant to Section 3.1(f) hereof.

(e)    Loan Litigation Trust Assets to the Trustee.

(f)    Purchase Litigation Trust Assets from the Litigation Trust.

(g)    Transfer Litigation Trust Assets to another trust with respect to which the Trustee serves as trustee.

(h)    Make investments other than investments in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as Treasury bills.

(i)    Act as an attorney, agent, or other professional for any Beneficiary in connection with the Debtors.

**3.3    Trustee Conflicts of Interest.** If the Trustee determines in its reasonable discretion that the Trustee has a material conflict of interest with respect to any matter, the Trustee shall, in consultation with the Litigation Trust Oversight Board, designate a person to act on behalf of the Litigation Trust solely with respect to such matter with such designee's authority to act on behalf of the Litigation Trust to terminate upon the matter's conclusion. If the Trustee is unable to appoint a designee to act on behalf of the Litigation Trust with respect to any matter, the Trustee, after notice to the United States Trustee, may request the Bankruptcy Court to approve a designee of the Trustee to act on behalf of the Litigation Trust solely with respect to such matter, with such designee's authority to act on behalf of the Litigation Trust to automatically terminate upon the matter's conclusion.

**3.4**    **No Implied Obligations**. The Trustee shall only have the duties and obligations specifically set forth in this Trust Agreement, the Plan, and the Confirmation Order, and no implied covenants or obligations shall be read into this Trust Agreement against the Trustee.

**3.5**    **Cooperation of the Debtors**. The Debtors (and any successors thereto, but, for the avoidance of doubt, excluding the Buyer and any affiliates thereof) shall, upon reasonable notice, reasonably cooperate with the Trustee in the administration of the Litigation Trust, including with respect to the investigation, prosecution, abandonment, compromise, defense, and/or settlement of all Litigation Trust Assets, including by providing reasonable access during normal business hours to personnel, books, and records to the extent necessary to enable the Trustee to perform its duties. Access that does not require the expenditure of material time or resources outside the ordinary course of business shall be provided without charge. The Bankruptcy Court shall retain jurisdiction to resolve any disputes regarding such cooperation.

**ARTICLE IV**
**LIABILITY OF TRUSTEE**

**4.1**    **Trustee's Standard of Care; Exculpation.** Neither the Trustee, nor any partner, director, officer, member, manager, affiliate, employee, employer, professional, advisor, agent or representative of the Trustee, nor any member of the Litigation Trust Oversight Board ("Indemnified Persons"), shall be held personally liable in connection with the affairs of the Litigation Trust to any Person, including any Beneficiary of the Litigation Trust, or to the Litigation Trust, except for acts or omissions of the Indemnified Person that constitute fraud, willful misconduct, or gross negligence. Any act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute fraud, willful misconduct, or gross negligence.  Notwithstanding anything to the contrary herein, any determination that an Indemnified Person engaged in fraud, willful misconduct, or gross negligence shall be made only upon the rendering of a final judgment of a court of competent jurisdiction that is no longer subject to appeal or review.

**4.2**    **Indemnification.** Except as otherwise set forth in the Plan or Confirmation Order, Indemnified Persons shall be defended, held harmless and indemnified from time to time by the Litigation Trust against any and all losses, claims, costs, expenses, and liabilities to which such Indemnified Persons may be subject by reason of such Indemnified Person's performance in good faith of its duties pursuant to the discretion, power and authority conferred on such Person by this Trust Agreement, the Plan or the Confirmation Order; provided, however, that the indemnification obligations arising pursuant to this section shall not indemnify any Indemnified Person for any actions taken by an Indemnified Person which constitute fraud, willful misconduct, or gross negligence.   Notwithstanding anything to the contrary herein, any determination that an Indemnified Person engaged in fraud, willful misconduct, or gross negligence shall be made only upon the rendering of a final judgment of a court of competent jurisdiction that is no longer subject to appeal or review. Satisfaction of any obligation of an Indemnified Person arising pursuant to the terms of this Section 4.2 shall be payable as Litigation Trust Expenses from the Litigation Trust Assets as provided in the Plan. The indemnification provisions of this Trust Agreement with respect to any Indemnified Persons shall survive the termination of such Indemnified Person from

the capacity for which such Indemnified Person is indemnified. Termination or modification of this Trust Agreement shall not affect any indemnification rights or obligations in existence at such time.

**4.3     No Liability for Acts of Predecessor Trustees.** No successor Trustee shall be in any way liable for the acts or omissions of any predecessor Trustee unless a successor Trustee expressly assumes in writing such responsibility.

**4.4     Reliance by Trustee on Documents, Mistake of Fact, or Advice of Counsel.** Except as otherwise provided in this Trust Agreement, the Trustee, together with its representative(s) and professionals, in good faith may rely, and shall be protected from liability for acting, upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order or other paper or document reasonably believed by the Trustee to be genuine and to have been presented by an authorized party. The Trustee, together with its representative(s) and professionals, shall not be liable if it acts based on a mistake of fact before having actual knowledge of an event or for any action taken or suffered by such person if such person has reasonably relied upon the advice of counsel or other professionals engaged by the Trustee in accordance with this Trust Agreement.

**4.5     Insurance.** Subject to approval by a majority of the Litigation Trust Oversight Board, the Trustee may purchase errors and omissions insurance with the Litigation Trust Assets for itself (and any firm affiliated with the Trustee) with regard to any liabilities, losses, damages, claims, costs and expenses such Person may incur, including but not limited to attorneys' fees, arising out of or due to its actions or omissions, or consequences of such actions or omissions, other than as a result of its fraud, gross negligence, or willful misconduct, with respect to the implementation and administration of the Plan and this Trust Agreement.

**ARTICLE V**
**DUTIES OF TRUSTEE**

**5.1     General**. The Trustee shall have all duties specified in the Plan, the Confirmation Order, and this Trust Agreement as being the responsibility of the Trustee.

**5.2     Books and Records**. Subject to the Sale Order, the Trustee shall maintain, in respect of the Litigation Trust, all books and records of the Litigation Trust and the Debtors relating to the Litigation Trust Assets, income realized therefrom, and expenses of and claims against or assumed by the Litigation Trust, in such detail and for such period of time as may be necessary to enable it to make full and proper reports in respect thereof. Except as expressly provided in this Trust Agreement, the Plan, or the Confirmation Order, nothing in this Trust Agreement is intended to require the Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or Distribution to a Beneficiary out of the Litigation Trust Assets. The Trustee shall provide such additional statements, reports, submissions, and information to the Litigation Trust Oversight Board as may reasonably be requested, including without limitation, periodic updates on the status of the

Litigation Trust, its assets, and the projected timing of future Distributions (to the extent known by the Trustee).

**5.3     Asset Valuation.** The valuation of the Litigation Trust Assets agreed to by the parties hereto shall be used consistently by all such parties for all federal income tax purposes. The Litigation Trust shall file (or cause to be filed) any other statements, returns or disclosures related to the Litigation Trust that are required by any governmental unit. Any dispute regarding the valuation of Litigation Trust Assets shall be resolved by the Bankruptcy Court. The Litigation Trust may request an expedited determination of taxes of the Litigation Trust under Bankruptcy Code section 505(b) for all tax returns filed for or on behalf of the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

**ARTICLE VI**
**BENEFICIARIES**

**6.1     Interest Beneficial Only.** The ownership of a beneficial interest in the Litigation Trust shall not entitle any Beneficiary to any title in or to the Litigation Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

**6.2     Evidence of Beneficial Interest.** Ownership of a beneficial interest in the Litigation Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Litigation Trust by the Trustee.

**6.3     Limitation on Transferability.** The beneficial interests herein shall be non-transferable and non-assignable during the term of this Trust Agreement except upon death of the interest holder or by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Trustee, and the Trustee may continue to cause the Litigation Trust to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Trustee may rely upon such proof without the requirement of any further investigation.

**6.4     Effect of Death, Incapacity, or Bankruptcy of Beneficiary.** The death, incapacity, or bankruptcy of a Beneficiary during the term of the Litigation Trust shall not operate to terminate the Litigation Trust, nor shall it entitle the representative or creditors of the deceased, incapacitated, or bankrupt Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Litigation Trust Assets or for a partition thereof nor shall it otherwise affect the rights and obligations of the Beneficiary under this Trust Agreement or in the Litigation Trust.

**6.5     Standing of Beneficiary.** Except as expressly provided in this Trust Agreement, the Plan, or the Confirmation Order, a Beneficiary does not have standing to direct the Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party (other than the Trustee) upon or with respect to the Litigation Trust Assets.

13

## ARTICLE VII
## DISTRIBUTIONS

**7.1    Distributions from Litigation Trust Assets and Reserves.** All Distributions of and from the Litigation Trust Assets and the proceeds thereof and from any reserves, to be made by the Trustee to the Beneficiaries and other Creditors, shall be made only in accordance with the Plan, the LT Distribution Waterfall, the Confirmation Order, and this Trust Agreement, and only to the extent any such distribution is in excess of $50.00.  Specifically, in accordance with the Plan, the Trustee will administer and make the applicable Distributions from the Administrative / Priority / Other Distributions Reserve, the Trust Claims Reserve, the Disputed Claims Reserve, and any other appropriate reserves that may be established by the Trustee. Any Distribution made by the Trustee in good faith shall be binding and conclusive on all interested parties.

**7.2    LT Distribution Waterfall.**  As set forth in the Plan, distributions of the proceeds of the Litigation Trust Assets to the Litigation Trust and the Beneficiaries of the Litigation Trust shall be made in accordance with the following priorities:

i.   *First*, to the Litigation Trust to pay any Litigation Trust Expenses;

ii.   *Second*, after any Litigation Trust Expenses are paid in full: 40% of such proceeds to the holders of Litigation Trust Interests on account of Allowed Unsecured Claims, and 60% to the holders of Litigation Trust Interests on account of Prepetition Lenders Deficiency Claims, up until the Prepetition Lenders Deficiency Claims have been paid in full in cash; provided, however, that if the Prepetition Lenders Deficiency Claims comprise less than 60% of the total aggregate amount of Prepetition Lenders Deficiency Claims and Allowed Unsecured Claims, then the percentage of proceeds allocated to holders of Litigation Trust Interests on account of Prepetition Lenders Deficiency Claims shall be reduced from 60% to such lesser percentage (and the percentage of Litigation Trust proceeds allocated to holders of Litigation Trust Interests on account of Allowed Unsecured Claims shall be increased proportionally); and

iii.   *Third*, after the Prepetition Lenders Deficiency Claims have been paid in full in cash, 100% of all subsequent proceeds of the Litigation Trust Assets shall be distributed to the holders of the Litigation Trust Interests on account of Allowed Unsecured Claims, up to the Allowed amount of the Allowed Unsecured Claim of each applicable holder.

No holder of a Litigation Trust Interest shall receive any distribution from the Litigation Trust in excess of such holder's Prepetition Lenders Deficiency Claim or Allowed Unsecured Claim, as applicable.

**7.3    Distributions; Withholding.** To the extent that sufficient funds are contained in the Litigation Trust from which to make a Distribution, the Trustee may make discretionary Distributions on an interim basis to the Beneficiaries from all net Cash income and all other Cash

14

held in the Litigation Trust; provided, however, that in the event that the Trustee receives any proceeds on account of any Causes of Action that constitute Litigation Trust Assets, the Trustee shall make a Distribution within thirty (30) days after receiving any such proceeds or as soon as reasonably practicable thereafter, unless otherwise approved by a majority of the Litigation Trust Oversight Board; provided, further, that the Litigation Trust may retain such amounts (a) as are reasonably necessary to meet contingent liabilities of the Litigation Trust; (b) to pay reasonable administrative expenses including, without limitation, the compensation to and reasonable, actual and necessary costs and expenses of the Trustee, including, without limitation, the Litigation Trust Expenses and the fees and expenses of Trustee's Professionals, in connection with the performance of the Trustee's duties in connection with this Trust Agreement; and (c) to satisfy all other liabilities incurred or assumed by the Litigation Trust (or to which the Litigation Trust Assets are otherwise subject) in accordance with the Plan, the Confirmation Order, and this Trust Agreement. All such Distributions shall be made as provided, and subject to any withholding, in this Trust Agreement, the Plan, or the Confirmation Order. Additionally, the Trustee may withhold from amounts distributable to the Beneficiaries any and all amounts, determined in the Trustee's reasonable discretion, to be required for any law, regulation, rule, ruling, directive or other governmental requirement, in consultation with the Litigation Trust Oversight Board. In no event shall the Trustee be required to make any Distribution if the same would be administratively burdensome or unreasonably expensive in relation to the dollar amount of the total Cash to be distributed. Notwithstanding any provision in the Plan to the contrary, no partial payments and no partial Distributions will be made with respect to a Disputed Claim until the resolution of such disputes by settlement or Final Order.

**7.4    Non-Cash Property.** If, in the Trustee's judgment, any Litigation Trust Asset that is not Cash cannot be sold, settled, or otherwise reduced to Cash in a commercially reasonable manner, the Trustee shall have the right to abandon, withdraw, or otherwise dispose of such property consistent with applicable law, including by donation of such property to a charity designated by the Trustee. Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a cause of action against the Litigation Trust, the Trustee, or any partner, director, officer, employee, representative, consultant of, or professional employed by the Trustee in connection with the Litigation Trust arising from or related to the disposition of non-Cash property in accordance with this Section 7.4.

**7.5    Interest and Investment Income**. Beneficiaries shall be entitled to receive interest and income (if any) generated on account of the Litigation Trust Assets, which shall be distributed to Beneficiaries in accordance with the LT Distribution Waterfall.

**7.6    Method of Cash Distributions.** Any Cash Distribution to be made by the Litigation Trust pursuant to the Plan (including Section 11.4 thereof) will be in U.S. dollars and may be made, at the sole discretion of the Trustee, by check, wire transfer, or as otherwise required or provided in any relevant agreement or applicable law.

**7.7    Distributions on Non-Business Days.** Any payment or Distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

**7.8**    **Documents Requested by the Trustee.** The Trustee may require any Beneficiary to furnish to the Trustee on a confidential basis its social security number or employer or taxpayer identification number as assigned by the IRS and complete any related documentation (including but not limited to a Form W-8 or Form W-9). Any Beneficiary that fails to return such documents and/or forms to the Trustee within 90 days of a request by the Trustee, in writing, shall forfeit its right to Distribution and shall cease being a Beneficiary of the Litigation Trust, unless otherwise agreed by the Trustee.

**7.9**    **Undeliverable Distributions.** Subject to Bankruptcy Rule 9010, any Litigation Trust distribution or delivery to a Beneficiary shall be made: (a) at the addresses set forth on the respective proofs of claim filed by such holders; (b) at the address set forth in any written notices of address changes delivered to the Trustee after the date of any related proof of claim; or (c) at the address reflected in the schedules if no proof of claim was filed and the Trustee has not received a written notice of a change of address. If any Distribution to any Beneficiary is returned as undeliverable, and after reasonable efforts the Trustee has not been able to determine the current address of the Beneficiary, such undeliverable and/or unclaimed Distribution shall be deemed unclaimed property within one-hundred and eighty (180) days of the original disbursement and shall be reallocated to the remaining Beneficiaries in accordance with the Plan. Such undeliverable or unclaimed Distributions shall not be subject to (i) any claims by such Beneficiary or (ii) the unclaimed property or escheat laws of any state or governmental unit. Any Litigation Trust Assets which are undistributable in accordance with this section revert back to the Litigation Trust to be administered in accordance with the Plan. Notwithstanding anything to the contrary stated herein, nothing shall require the Trustee to attempt to determine a Beneficiary's current address or otherwise locate a Beneficiary.

**7.10**    **Forfeiture of Distribution**. Subject to Section 11.5 of the Plan, as long as the mailing has not been returned as "undeliverable", all Distributions to Beneficiaries made in the form of a check that are not negotiated within ninety (90) days after the date of issuance shall be forfeited. Such unclaimed Distribution shall not be subject to (i) any claims by such Beneficiary or (ii) the unclaimed property or escheat laws of any state or governmental unit. Any Litigation Trust Assets which are undistributable in accordance with this section revert back to the Litigation Trust to be administered in accordance with the Plan. Unless the Trustee directly receives a request in writing from the Creditor or Beneficiary that was originally issued a non-negotiated check within one-hundred and eighty (180) days of the disbursement of the Distribution, no further Distributions to a Holder of such Claim shall be made.

## ARTICLE VIII
## TAXES

**8.1**    **Income Tax Status.** Consistent with Revenue Procedure 94-45, 1994-28 I.R.B. 124, the Litigation Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to Sections 671-677 of the Internal Revenue Code ("Grantor Trust"). As such, the Beneficiaries will be treated as both the grantors and the deemed owners of the Litigation Trust. Notwithstanding anything to the contrary herein, no provision herein shall be construed or implemented in a manner that would cause the Litigation

16

Trust to fail to qualify as a "liquidating trust" within the meaning of Section 301.7701-4(d) of the Treasury Regulations. Any items of income, deductions and credit loss of the Litigation Trust shall be allocated for federal income tax purposes, to the Litigation Trust.

**8.2     Tax Returns**. In accordance with Treasury Regulation Section 1.671-4(a), the Litigation Trust shall file with the Internal Revenue Service annual tax returns on Form 1041 together with the separate statements required under such Regulation. In addition, the Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay any taxes shown as due thereon.

**8.3     Withholding of Taxes Related to Litigation Trust Operations.** To the extent that the operation of the Litigation Trust or the liquidation of the Litigation Trust Assets creates a tax liability in excess of applicable net operating losses, the Litigation Trust shall promptly pay such tax liability and any such payment shall be considered a Litigation Trust Expense payable from the Litigation Trust Assets or the Litigation Trust Asset Proceeds. The Trustee may reserve a sum, the amount of which shall be determined by the Trustee in its sole discretion, sufficient to pay the accrued or potential tax liability arising out of the operations of the Litigation Trust or the operation of the Litigation Trust Assets. In the exercise of discretion and judgment, the Trustee may enter into agreements with taxing authorities or other governmental units for the payment of such amounts as may be withheld.

No later than the time required under applicable law after the end of each calendar year, the Trustee shall cause to be filed all required federal, state, and other tax returns. Pursuant to the requirement under the Plan for the Litigation Trust to be treated as a Grantor Trust, all items of income will be treated as income subject to tax on a current basis. Further, for federal income tax purposes, all items of income, gain, loss, and deduction of the Litigation Trust for such calendar year shall be allocated to all Beneficiaries on a pro rata basis, based on either their Allowed Claim(s) or, in the case of Disputed Claims, the greater of (a) the amount of the claim as scheduled by the Debtors in their bankruptcy Schedules and Statement of Financial Affairs filed by the Debtors in these Chapter 11 Cases; and (b) the amount set forth in any proof of claim filed by the Beneficiary in these Chapter 11 Cases. Such pro-rata allocation will be calculated as of the end of each calendar year and, with respect to each Disputed Claim, until such claim either becomes an Allowed Claim or is disallowed. Further, such pro rata allocation in regard to Disputed Claims shall not in itself entitle any Beneficiary to any payment and shall be irrespective of whether any payments are actually disbursed to such Beneficiary.

**ARTICLE IX**
**TERMINATION OF TRUST**

**9.1     Maximum Term.** The Litigation Trust shall commence as of the Effective Date and shall continue and remain in full force and effect until (i) the conclusion by settlement or Final Order of all pending litigation to which the Trustee is a party and, in the opinion and discretion of the Trustee, in consultation with the Litigation Trust Oversight Board, the exhaustion of all efforts to collect thereon, (ii) all of the Litigation Trust Assets are liquidated or disposed of in accordance with the Plan and this Trust Agreement and all of the funds held by the Litigation Trust have been

17

completely distributed in accordance with the Plan and this Trust Agreement, (iii) all tax returns and any other filings or reports have been filed with the appropriate state or federal regulatory authorities and all time periods and all opportunity for such authorities to challenge such final tax returns have expired, and (iv) the order closing the Chapter 11 Cases is a Final Order (the "Trust Term"). The Plan provides for the termination of the Litigation Trust no later than the fifth anniversary of the Effective Date. Notwithstanding the foregoing, the Plan provides that within 30 days of the fifth anniversary of the Effective Date, the Trustee may file a motion with the Bankruptcy Court requesting an extension of the term of the Litigation Trust. An extension shall only be granted if the Bankruptcy Court determines that: (i) an extension is necessary to facilitate or complete the recovery on Litigation Trust Assets and (ii) further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for federal income tax purposes. For purposes of this Section, a favorable letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Trustee shall be conclusive proof that further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for federal income tax purposes.

**9.2     Distribution Upon Termination.** Upon the termination of the Litigation Trust, the Trustee shall distribute the remaining assets held by the Litigation Trust, if any, including the Litigation Trust Assets, to the Beneficiaries or other Creditors, in accordance with the Plan, Confirmation Order, and this Trust Agreement.

**9.3     Winding Up and Discharge of the Trustee.** For the purposes of winding up the affairs of the Litigation Trust at its termination, the Trustee shall continue to act as Trustee until its duties have been fully discharged. The Litigation Trust shall terminate in accordance with the Plan and Section 9.1 hereof. After such termination, the Trustee and its agents and employees and the Litigation Trust Oversight Board shall have no further duties or obligations hereunder, except as required by this Trust Agreement, the Plan, or applicable law concerning the termination of a trust.

## ARTICLE X
## ADMINISTRATIVE EXPENSES

**10.1     Trust Administrative Expenses.** The Litigation Trust Expenses, including, without limitation, the compensation to and the reimbursement of reasonable, actual and necessary costs, fees and expenses of the Trustee, including, without limitation, the reasonable fees, costs and expenses of the Trustee's Professionals, in connection with the performance of the Trustee's duties in connection with this Trust Agreement, shall be paid from the Litigation Trust Assets.

**10.2     Final Reserves and Distributions.** At the time of making final Distributions to Beneficiaries, the Trustee may reserve amounts from the Litigation Trust Assets that the Trustee deems necessary to wind down the Litigation Trust and close these Chapter 11 Cases. In the event that the Trustee is holding funds after making the final Distributions to Beneficiaries, on account of excess reserved amounts or Distributions returned to the Litigation Trust due to Beneficiaries failing to negotiate Distributions issued by check, the Trustee may donate such remaining funds to a not-for-profit organization of its choosing.

18

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

**11.1     Amendments.** Any substantive provision of this Trust Agreement may be amended or waived in writing by the Trustee and the Litigation Trust Oversight Board, by unanimous vote of the members of the Litigation Trust Oversight Board, or by order of the Bankruptcy Court if necessary to implement the Plan. Non-material amendments to this Trust Agreement may be made, as necessary to clarify this Trust Agreement or enable the Trustee to effectuate the terms of this Trust Agreement, upon written notice to the Debtors and to the Litigation Trust Oversight Board; provided, however, that all amendments of this Trust Agreement shall be consistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d) and this Trust Agreement. No amendment to or waiver of this Trust Agreement that is inconsistent with the terms of the Plan shall be effective.

**11.2     Exemption from Registration.** The rights of the Beneficiaries arising under this Trust Agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (a) the parties hereto intend that such rights shall not be securities and (b) if the rights arising under this Trust Agreement in favor of the Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No party to this Trust Agreement shall make a contrary or different contention.

**11.3     Waiver.** No failure by the Trustee to exercise or delay in exercising any right, power or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power or privilege hereunder preclude any further exercise thereof, or of any other right, power or privilege.

**11.4     Cumulative Rights and Remedies.** The rights and remedies provided in this Trust Agreement are cumulative and are not exclusive of any rights under law or in equity.

**11.5     Irrevocability.** The Litigation Trust is irrevocable.

**11.6     Relationship to the Plan.** The principal purpose of this Trust Agreement is to aid in the implementation of the Plan and, therefore, this Trust Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order. In the event that any provision of this Trust Agreement is found to be inconsistent with a provision of the Plan or the Confirmation Order, the provisions of the Plan or the Confirmation Order shall control.

**11.7     Division of Trust**.   Under no circumstances shall the Trustee have the right or power to divide the Litigation Trust unless authorized to do so by the Bankruptcy Court.

**11.8     Governing Law.** This Trust Agreement shall be governed and construed in accordance with the laws of the State of Delaware, without giving effect to conflicts of law principles.

**11.9    Retention of Jurisdiction.** Notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Litigation Trust after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in connection therewith, including, without limitation, this Trust Agreement, or any entity's obligations incurred in connection herewith, including without limitation, any action against the Trustee or any professional retained by the Trustee or the Litigation Trust, in each case in its capacity as such. Each party to this Trust Agreement hereby irrevocably consents to the exclusive jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Trust Agreement or of any other agreement or document delivered in connection with this Trust Agreement, and also hereby irrevocably waives any defense of improper venue, forum non conveniens or lack of personal jurisdiction to any such action brought in the Bankruptcy Court. Each party further irrevocably agrees that any action to enforce, interpret, or construe any provision of this Trust Agreement will be brought only in the Bankruptcy Court. Each party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, to be sent to its address set forth in Section 11.12 of this Trust Agreement or such other address as such party may designate from time to time by notice given in the manner provided above, of any process in any action to enforce, interpret or construe any provision of this Trust Agreement.

**11.10    Severability.** In the event that any provision of this Trust Agreement or the application thereof to any person or circumstance shall be determined by the Bankruptcy Court or another court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Trust Agreement, or the application of such provision to persons or circumstances, other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and such provision of this Trust Agreement shall be valid and enforced to the fullest extent permitted by law.

**11.11    Limitation of Benefits.** Except as otherwise specifically provided in this Trust Agreement, the Plan, or the Confirmation Order, nothing herein is intended or shall be construed to confer upon or to give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Trust Agreement.

**11.12    Notices.** All notices, requests, demands, consents and other communication hereunder shall be in writing and shall be deemed to have been duly given, if delivered in person or by electronic mail or if sent by overnight mail or by registered or certified mail with postage prepaid, return receipt requested, to the following addresses.

If to the Debtors:

[_____]

If to the Trustee:

[_____]

20

With copy to:

[_____]

The parties hereto may designate in writing from time to time other and additional places to which notices may be sent. All demands, requests, consents, notices and communications shall be deemed to have been given (a) at the time of actual delivery thereof, (b) if given by certified or registered mail, five (5) business days after being deposited in the United States mail, postage prepaid and properly addressed, or (c) if given by overnight courier, the next business day after being sent, charges prepaid and properly addressed.

**11.13  Further Assurances.** From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Trust Agreement, and to consummate the transactions contemplated hereby.

**11.14  Integration**. This Trust Agreement, the Plan, and the Confirmation Order constitute the entire agreement with, by, and among the parties hereto, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, and in the Confirmation Order. This Trust Agreement, together with the Plan and the Confirmation Order, supersede all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, of the parties hereto, relating to any transaction contemplated hereunder.  Except as otherwise provided herein, the Plan, or Confirmation Order, nothing herein is intended or shall be construed to confer upon or give any person other than the parties hereto and the Beneficiaries any rights or remedies under or by reason of this Trust Agreement.

**11.15  Successors or Assigns**. The terms of this Trust Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

**11.16  Interpretation.** The enumeration and section headings contained in this Trust Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Trust Agreement or of any term or provision hereof. Unless the context otherwise requires, whenever used in this Trust Agreement the singular shall include the plural and the plural shall include the singular, and words importing the masculine gender shall include the feminine and the neuter, if appropriate, and vice versa, and words importing persons shall include partnerships, associations and corporations. The words "herein", "hereby", and "hereunder" and words with similar import, refer to this Trust Agreement as a whole and not to any particular section or subsection hereof unless the context requires otherwise.

**11.17  Counterparts.** This Trust Agreement may be signed by the parties hereto in counterparts, which, when taken together, shall constitute one and the same document.

**IN WITNESS WHEREOF**, the parties hereto have either executed and acknowledged this Trust Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers or agents all as of the date first above written.

**[AF Liquidating, LLC f/k/a Avenger Flight Group, LLC] and Its Affiliated Debtors**

By: _____

[_____]

**Trustee: Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC, solely in his capacity as Trustee hereunder**

By: _____

Peter Hurwitz

<u>**Schedule A**</u>

Avenger Flight Group, LLC
AFG Dallas III, LLC
AFG Dallas IV, LLC
AFG Dallas, LLC
AFG EU Operations Corp.
AFG FLL, LLC
AFG Latam Holding Corp.
AFG Latam Sim Holdings II, LLC
AFG Latam Sim Holdings III, LLC
AFG Latam Sim Holdings IV, LLC
AFG Latam Sim Holdings, LLC
AFG Latam, LLC
AFG Mexico Corp.
AFG Orlando, LLC

22

AFG Sanford, LLC
AFG Sim Holding Corp.
Avenger Flight Group Europe, Corp.
Avenger Flight Group Topco, LLC
Papi Flight Training, LLC

i

## <u>EXHIBIT B</u>

## IDENTITY OF LITIGATION TRUSTEE AND
## LITIGATION TRUST OVERSIGHT BOARD MEMBERS

| Litigation Trustee |
| --- |
| Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC |

| Litigation Trust Oversight Board Members |
| --- |
| Brent Wilson (Required Lenders Designee) |
| Laura Overton, Esq., on behalf of Allegiant Air LLC (Committee Designee) |
| Shehzad Ahmed on behalf of Bow Systems (Private) Limited (Committee Designee) |
| *Ex Officio* Member: Philip Adrian on behalf of Multi Pilot Simulations (Committee Designee) |

## EXHIBIT C

### ESTATE-RETAINED CAUSES OF ACTION

The Debtors expressly reserve the right to alter, modify, amend, remove, augment or supplement this non-exclusive exhibit of retained and reserved claims and Causes of Action of the Debtors and the Estates in accordance with the Plan.  Pursuant to the Plan,[1] all Causes of Action[2] of the Debtors and the Estates as of the Effective Date that have not been sold pursuant to the Sale Order, or released pursuant to the Plan or any order of the Bankruptcy Court, are retained by the Debtors and the Estates for the benefit of the Estates and the Litigation Trustee.  From and after the Effective Date, all such Estate-Retained Causes of Action will be prosecuted or settled by the Litigation Trustee in accordance with the terms of the Plan and the Litigation Trust Agreement, as applicable.  The Estate-Retained Causes of Action include all Causes of Action that are Litigation Trust Assets.

Section 16.5 of the Plan provides:

(a)     Vesting of Causes of Action

Except as otherwise provided in the Plan or Confirmation Order, in accordance with Section 1123(b)(3) of the Bankruptcy Code, the Estate-Retained Causes of Action shall vest upon the Effective Date in the Litigation Trust. Except as otherwise provided in the Confirmation Order, after the Effective Date, the Litigation Trustee shall have the exclusive right to institute, prosecute, abandon, settle, or compromise any Estate-Retained Causes of Action in accordance with the terms of the Plan and the Litigation Trust Agreement, as applicable, and without further order of the Bankruptcy Court, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in the Chapter 11 Cases. Litigation Trust Assets and recoveries therefrom shall remain the sole property of the Litigation Trust for the benefit of the Beneficiaries of the Litigation Trust, and such Beneficiaries shall have no direct right to or interest in any such Litigation Trust Assets or recovery therefrom.

(b)     Preservation of All Causes of Action Not Expressly Settled or Released.

Unless a Cause of Action against a holder of a Claim or other Entity is expressly waived, relinquished, released, compromised, or settled in the Plan (including, without limitation, pursuant to the Debtor/Estate Release) and/or any Final Order (including the Confirmation Order and Final DIP Order), the Debtors, the Estates, and the Litigation Trustee, as applicable, expressly reserve such retained Cause of Action for later adjudication by the Litigation Trustee (including, without limitation, Causes of Action not

---

[1]   Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan. In the event of any inconsistency between the Plan and this Plan Supplement exhibit, the Plan shall govern.

[2]   As set forth in the Plan, "Causes of Action" means all claims, actions, causes of action, choses in action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, remedies, rights of setoff, third-party claims, subrogation claims, contribution claims, reimbursement claims, indemnity claims, counterclaims, and crossclaims, including, without limitation, all claims and any avoidance, preference, recovery, subordination or other actions of the Debtors and/or the Estates (unless the context expressly states that such Causes of Action belong to another Entity) against Creditors, insiders, and/or any other Persons or Entities, based in law or equity, including, without limitation, under the Bankruptcy Code, whether direct, indirect, derivative, or otherwise and whether asserted or unasserted as of the Effective Date.

specifically identified or described in the Plan Supplement or elsewhere, or of which the Debtors may be presently unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time, or facts or circumstances that may change or be different from those the Debtors now believe to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Causes of Action upon or after the entry of the Confirmation Order or Effective Date based on the Disclosure Statement, Plan, or Confirmation Order, except where such Causes of Action have been released or otherwise resolved by a Final Order (including the Confirmation Order). In addition, the Debtors and the Litigation Trustee expressly reserve the right to pursue or adopt claims alleged in any lawsuit in which the Debtors are defendants or interested parties against any Entity, including, without limitation, the plaintiffs or co-defendants in such lawsuits.

Subject to the immediately preceding paragraph, any Entity to which the Debtors have incurred an obligation (whether on account of services, the purchase or sale of goods, or otherwise), or that has received services from the Debtors or a transfer of money or property of the Debtors, or that has transacted business with the Debtors, or that has leased property from the Debtors, should assume and is hereby advised that any such obligation, transfer, or transaction may be reviewed by the Litigation Trustee subsequent to the Effective Date and may be the subject of an action after the Effective Date, regardless of whether (i) such Entity has filed a proof of claim against the Debtors in the Chapter 11 Cases; (ii) the Debtors or Litigation Trustee have objected to any such Entity's proof of claim; (iii) any such Entity's Claim was included in the Schedules; (iv) the Debtors or Litigation Trustee have objected to any such Entity's scheduled Claim; (v) any such Entity's scheduled Claim has been identified by the Debtors or Litigation Trustee as disputed, contingent, or unliquidated; or (vi) the Debtors have identified any potential claim or Cause of Action against such Entity herein or in the Disclosure Statement.

As a supplement to the foregoing, and without limiting the generality of the foregoing Plan provisions, the Debtors have identified the following certain specific, non-exclusive categories of Estate-Retained Causes of Action that are being retained and may be pursued by the Litigation Trustee. These categories, however, shall not be deemed to limit the Debtors, the Estates, or the Litigation Trustee in any way. Failure to include any specific or category of Estate-Retained Causes of Action herein shall not constitute a release or waiver of such Estate-Retained Causes of Action, and shall not indicate that such Estate-Retained Causes of Action against any Person or Entity have not been retained and/or will not be pursued by the Litigation Trustee. ***All estate claims and causes of action as of the Effective Date not sold or transferred pursuant to the Sale Order, or not otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, are retained by the Debtors and their Estates for the benefit of the Estates and the Litigation Trustee.***

Notwithstanding anything herein to the contrary, the Estate-Retained Causes of Action shall not include any claims or causes of action against (i) any director, officer, or employee of any Debtor or Target Company (or any of their respective subsidiaries) that is a director, officer, or employee of such entity on or following the Petition Date, (ii) any current or former customer, (iii) any supplier, vendor, or contract counterparty of the Buyer's (or its designee's) post-closing

business, (iv) any employee hired by the Buyer (or its designee), (v) the Buyer (or its designee), (vi) any Prepetition Lender and its appointed designees to the board of managers of any Debtor, (vii) any DIP Lender, (viii) Wilmington Trust, National Association, as the DIP Agent and the Prepetition Term Loan Agent (each as defined in the Final DIP Order), (ix) any of the Released Parties (as defined in the Final DIP Order), (x) any of the Released Parties (as defined in the Plan), or (xi) the Related Persons of each of the foregoing.

### Former Directors, Officers, Employees, and Other Persons and Entities

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and their Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, any and all claims and Causes of Action of the Debtors against any former officer, director, employee, partner, member, equity holder, professional services firm, or representative of any Debtor.

### Avoidance Actions

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all Avoidance Actions and all other Causes of Action against any party in which property is recoverable under sections 502(d), 542, 544, 545, 547, 548, 549, 550, 551, 553(b), or 724(a) of the Bankruptcy Code or any other avoidance actions under the Bankruptcy Code or applicable state-law equivalents.

### Insurance Policies

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, any and all of the Debtors' rights under any director and officer insurance policies, fiduciary policies or employment practices policies (in each case of the foregoing, including any tail policies or coverage thereon), to the extent that any such policies provide coverage on account of any Estate-Retained Causes of Action and to the extent permitted without impairing such policy or estate rights thereunder.

### Contracts and Leases

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all claims and causes of action of the Debtors and the Estates based in whole or in part upon any and all contracts and leases to which any Debtor is or was a party, or pursuant to which any Debtor or any of the Estates has any rights whatsoever, regardless of whether such contract or lease is specifically identified herein (including, without limitation, the contracts and leases identified in the Debtors' Schedules).

4898-4706-6802.1 05863.00002                           3

**Litigation and Possible Litigation**

The Debtors are a party to, or believe they may become a party to, litigation, arbitration or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial (including, without limitation, the actions identified in the Debtors' Schedules). Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all claims and causes of action of the Debtors and/or the Estates against or related to all Persons and Entities that are a party to or that may in the future become a party to litigation, arbitration or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal, judicial or non-judicial.

**Tax or Fee Refunds, Credits, Overpayments, Recoupments or Offsets**

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all rights, claims, counterclaims, defenses, and other Causes of Action against or arising from or related to all Persons and Entities that (i) owe, or may in the future owe, money or other Cash to the Debtors, the Estates, and/or the Litigation Trust arising from or related to tax or fee refunds, credits, overpayments, recoupments or offsets (including, without limitation, those described in the Schedules), and (ii) assert, or may in the future assert, that the Debtors, the Estates, or the Litigation Trust owe money or other Cash to them arising from or related to tax or fee refunds, credits, overpayments, recoupments or offsets, regardless of whether such Person or Entity is expressly identified in the Plan, the Plan Supplement, or any amendments thereto.

**Accounts Receivable and Accounts Payable**

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all Causes of Action against or related to all Entities and Persons that owe or that may in the future owe money or other Cash to the Debtors or the Litigation Trust (including, without limitation, such matters identified in the Debtors' Schedules).

**Deposits, Adequate Assurance Postings, and Prepayments**

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve and retain, for the benefit of the Estates and the Litigation Trustee, all Causes of Action based in and/or related to all security deposits, adequate assurance payments, retainers, any other type of deposits, prepayments, and other similar payments, and/or postings of money or other collateral, including, without limitation, all those described in the Schedules.

4898-4706-6802.1 05863.00002                                       4

## Setoffs, Recoupments and Defenses

Unless sold or transferred pursuant to the Sale Order, or otherwise expressly waived, relinquished, released, compromised, or settled pursuant to the Plan or an order of the Bankruptcy Court, the Debtors and the Estates expressly reserve, for the benefit of the Estates and the Litigation Trustee, all Causes of Action relating to any Claims filed against or scheduled for the Debtors, including, without limitation, any and all of the Debtors' and the Estates' setoffs, legal and equitable defenses, rights of recoupment or other offsets against any Claims.