**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AF LIQUIDATING, LLC[1], *et al.*, | Case No. 26-10183 (MFW) |
| Debtors.[2] | (Jointly Administered) |
| | **Rel. Dkt. Nos. 376 & 380** |

**NOTICE OF FILING OF PROPOSED ORDER GRANTING FINAL
APPROVAL OF COMBINED DISCLOSURE STATEMENT AND
CONFIRMING FIRST AMENDED PLAN OF LIQUIDATION OF
AVENGER FLIGHT GROUP, LLC AND ITS AFFILIATED DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on May 1, 2026, the above captioned debtors and debtors in possession (the "Debtors"), filed the *Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Combined Plan and Disclosure Statement") [Docket No. 376] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on May 4, 2026, the Court entered the *Order (I) Granting Conditional Approval of the Disclosures; (II) Scheduling a Combined*

---

[1]   On June 1, 2026, the Court entered an *Order (I) Dismissing Certain of the Debtors' Cases and (II) Authorizing Change of Case Caption* [Docket No. 455].

[2]   The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: AF Liquidating, LLC (1216); AF Dallas III Liquidating, LLC (5615); AF Dallas IV Liquidating, LLC (5558); AF Dallas Liquidating, LLC (3418); AF EU Operations Liquidating Corp. (9406); AF FLL Liquidating, LLC (6470); AF Latam Holding Liquidating Corp. (6475); AF Latam Sim Holdings II Liquidating, LLC (0473); AF Latam Sim Holdings III Liquidating, LLC (2592); AF Latam Sim Holdings IV Liquidating, LLC (0093); AF Latam Sim Holdings Liquidating, LLC (6475); AF Latam Liquidating, LLC (9545); AF Mexico Liquidating Corp. (1402); AF Orlando Liquidating, LLC (8409); AF Sanford Liquidating, LLC (6661); AF Sim Holding Liquidating Corp. (3325); AF Group Europe Liquidating, Corp. (5908); AF Group Topco Liquidating, LLC (5643); and AF Training Liquidating, LLC (6206). The Debtors' service address is 2800 Valley View Lane, Suite 180, Irving, Texas 75062. Debtor AF Liquidating, LLC was formerly known as Avenger Flight Group, LLC.

*Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballot; and (V) Granting Related Relief* [Docket No. 380].

**PLEASE TAKE FURTHER NOTICE** that a hearing with respect to final approval of the disclosures in and confirmation of the Combined Plan and Disclosure Statement will commence on **June 23, 2026 at 10:30 a.m. Eastern Time**, before the Honorable Mary F. Walrath, United States Bankruptcy Judge, at the United States Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801 (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is the proposed *Order Granting Final Approval of Disclosure Statement and Confirming Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* (the "Proposed Confirmation Order"). The Debtors intend to present the Proposed Confirmation Order to the Bankruptcy Court at the Hearing. The Debtors reserve the right to alter, amend, or modify the Proposed Confirmation Order prior to the Hearing.

Dated:    June 19, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Richard M. Pachulski, Esq. (admitted *pro hac vice*)
Steven W. Golden, Esq. (DE Bar No. 6807)
Mary F. Caloway, Esq. (DE Bar No. 3059)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652 4400
Email:        rpachulski@pszjlaw.com
              sgolden@pszjlaw.com
              mcaloway@pszjlaw.com

- and -

Gregory V. Demo, Esq. (admitted *pro hac vice*)
Cia H. Mackle, Esq. (admitted *pro hac vice*)
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:        gdemo@pszjlaw.com
              cmackle@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

4924-5180-3318.1 05863.00002                    3

**Exhibit A**
**(Proposed Confirmation Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AF LIQUIDATING, LLC, *et al.*, | Case No. 26-10183 (MFW) |
| Debtors.[1] | (Jointly Administered) |

**ORDER GRANTING FINAL APPROVAL OF DISCLOSURE
STATEMENT AND CONFIRMING COMBINED
DISCLOSURE STATEMENT AND FIRST AMENDED PLAN OF LIQUIDATION
OF AVENGER FLIGHT GROUP, LLC AND ITS AFFILIATED DEBTORS
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2]

having:

(a)    commenced on February 11 or February 12, 2026 (as applicable, the "Petition Date"), the chapter 11 cases of the Debtors by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code;

(b)    operated their businesses and managed their properties during these chapter 11 cases as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

(c)    filed, on April 10, 2026, the *Debtors' Motion for Entry of An Order (I) Granting Conditional Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Confirmation Hearing and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Forms of Ballots; and (V) Granting Related Relief* [Docket No. 302] (the "Solicitation Procedures Motion");

---

[1]    The Debtors in these Chapter 11 Cases and the last four digits of their respective federal tax identification numbers are: AF Liquidating, LLC (1216); AF Dallas III Liquidating, LLC (5615); AF Dallas IV Liquidating, LLC (5558); AF Dallas Liquidating, LLC (3418); AF EU Operations Liquidating Corp. (9406); AF FLL Liquidating, LLC (6470); AF Latam Holding Liquidating Corp. (6475); AF Latam Sim Holdings II Liquidating, LLC (0473); AF Latam Sim Holdings III Liquidating, LLC (2592); AF Latam Sim Holdings IV Liquidating, LLC (0093); AF Latam Sim Holdings Liquidating, LLC (6475); AF Latam Liquidating, LLC (9545); AF Mexico Liquidating Corp. (1402); AF Orlando Liquidating, LLC (8409); AF Sanford Liquidating, LLC (6661); AF Sim Holding Liquidating Corp. (3325); AF Group Europe Liquidating, Corp. (5908); AF Group Topco Liquidating, LLC (5643); and AF Training Liquidating, LLC (6206). The Debtors' service address is 2800 Valley View Lane, Suite 180, Irving, Texas 75062. Debtor AF Liquidating, LLC was formerly known as Avenger Flight Group, LLC.

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Plan (defined below).

4924-9699-6519.5 05863.00002

(d)     filed, on May 1, 2026, the *Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 376] (as may be amended, modified, or supplemented from time to time, collectively with all exhibits, additions, and annexes thereto, the "Combined Plan and Disclosure Statement" or the "Plan");

(e)     filed, on May 4, 2026, the *Notice of (I) Conditional Approval of Disclosures; (II) Hearing to Consider Confirmation of the Combined Plan; (III) Deadline for Filing Objections to Confirmation of the Combined Plan; and (IV) Deadline for Voting on the Combined Plan* [Docket No. 381] (the "Combined Hearing Notice"), which contained notice of the date and time set for the hearing to consider Confirmation of the Plan and final approval of the Disclosure Statement (the "Combined Hearing") and the deadline for filing objections to confirmation of the Plan or final approval of Disclosure Statement;

(f)     filed, on June 2, 2026, the *Notice of Filing of Plan Supplement for Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 456] (the "Plan Supplement");

(g)     filed, on June 19, 2026, the *Debtors' Memorandum of Law in Support of Final Approval of Disclosure Statement and Confirmation of First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 480] (the "Confirmation Brief");

(h)     filed, on June 19, 2026, the *Declaration of Marc Sullivan, Debtors' Chief Financial Officer, In Support of Confirmation of Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 479] (the "Sullivan Declaration" );

(i)     filed, on June 19, 2026, the *Declaration of P. Joseph Morrow IV With Respect to the Tabulation of Votes on the Combined Disclosure Statement and First Amended Plan of Liquidation of Avenger Flight Group, LLC and Its Affiliated Debtors Under Chapter 11 of the Bankruptcy Code* [Docket No. 478] (the "Voting Declaration" and together with the Sullivan Declaration, the "Plan Declarations").

The Bankruptcy Court having:

(a)     entered, on May 5, 2026, the *Order (I) Granting Conditional Approval of the Disclosures; (II) Scheduling a Combined Hearing to Consider Final Approval of the Disclosures and Confirmation of the Combined Plan, and Setting Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV)*

*Approving the Forms of Ballot; and (V) Granting Related Relief* [Docket No. 380] (the "Solicitation Procedures Order");

(b)     reviewed the Combined Plan and Disclosure Statement, the Confirmation Brief, the Plan Declarations, the Combined Hearing Notice, and all pleadings filed with respect to final approval of the Disclosure Statement and confirmation of the Plan, including all objections, statements, and reservations of rights with respect thereto filed on the docket in these chapter 11 cases or voiced at the Combined Hearing;

(c)     held the Combined Hearing on June 23, 2026;

(d)     considered the statements and arguments made by counsel in respect of confirmation of the Plan, the adequacy of the Disclosure Statement, and the objections thereto; and

(e)     considered all oral representations, affidavits, testimony, documents, filings, and other evidence regarding confirmation of the Plan, the adequacy of the Disclosure Statement and the objections thereto.

**NOW**, **THEREFORE**, it appearing to the Bankruptcy Court that notice of the Combined Hearing and the opportunity for any party in interest to object to the final approval of the Disclosure Statement and confirmation of the Plan have been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation of the Plan and other evidence presented at the Combined Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

**INTRODUCTION**

A.     Findings and Conclusions.  The determinations, findings, judgments, decrees, and orders set forth and incorporated in this order (this "Order" or "Confirmation Order") constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  Each finding of fact set forth or incorporated herein, to the extent it is or may be deemed a conclusion of law, shall also

constitute a conclusion of law. Each conclusion of law set forth or incorporated herein, to the extent it is or may be deemed a finding of fact, shall also constitute a finding of fact.

B. <u>Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(6)(2) and 1334(a))</u>. The Bankruptcy Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

C. <u>Eligibility for Relief</u>. The Debtors are proper debtors under section 109 of the Bankruptcy Code, and the Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

D. <u>Solicitation and Notice</u>. In accordance with the Solicitation Procedures Order, notice of the Combined Hearing, and an appropriate ballot, with a return envelope (collectively, the "<u>Solicitation Packages</u>"), were transmitted and served on all Holders of Claims entitled to vote on the Plan; the Combined Hearing Notice was served on all parties in interest; and notices of non-voting status in lieu of Solicitation Packages were served on Holders of Claims and Interests not entitled to vote on the Plan; with all such service in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order. The solicitation of votes on the Plan complied with the solicitation procedures in the Solicitation Procedures Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.

All parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to final approval of the Disclosure Statement and confirmation of the Plan) have been provided due, proper, timely, and adequate notice and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

E. Disclosure Statement. The Disclosure Statement provides Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125 of the Bankruptcy Code. The Disclosure Statement also provides Holders of Claims and other entities with sufficient notice of the injunction, exculpation, and release provisions contained in the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

F. Voting. All procedures used to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other applicable rules, laws, and regulations. As evidenced by the Voting Declaration, Classes 2, 3, and 6 voted to accept the Plan. By virtue of the consummation of the SIM International Settlement as described in, *inter alia*, footnote 4 of the Plan, there are no remaining claims in Class 5 and, therefore, Class 5 did not vote on the Plan.

G. Burden of Proof. The Debtors have met their burden of proving the elements of section 1129 of the Bankruptcy Code by a preponderance of the evidence.

H. Notice of Plan Supplement Documents. The documents identified in the Plan Supplement were filed as required, and notice of such documents was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases and was in compliance with the provisions of the Plan, the Solicitation Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules. All information and documents included in the Plan Supplement and any amendments thereto are

integral to, part of, and incorporated by reference into the Plan.  The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required.

I.  Bankruptcy Rule 3016.  The Plan is dated and identifies its proponents in accordance with Bankruptcy Rule 3016(a).  The filing of the Disclosure Statement on the docket of the Chapter 11 Cases satisfied Bankruptcy Rule 3016(b).

## COMPLIANCE WITH SECTION 1129 OF THE BANKRUPTCY CODE

J.  Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(l)).  The evidentiary record at the Combined Hearing, the Plan Declarations, the contents of the Plan and the Disclosure Statement, the related affidavits of service, and the Confirmation Brief support the findings of fact and conclusions of law set forth herein.

K.  Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(l)).  The Plan designates Classes of Claims, other than Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which, pursuant to section 1123(a)(l) of the Bankruptcy Code, need not be designated, and Interests.  As required by section 1122(a) of the Bankruptcy Code, each Class of Claims or Interests (as applicable) contains only Claims or Interests (as applicable) that are substantially similar to the other Claims or Interests (as applicable) within that Class.  Valid reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan.  The Plan, therefore, satisfies sections 1122 and 1123(a)(l) of the Bankruptcy Code.

L.  Specified Unimpaired and Impaired Classes (11 U.S.C. §§ 1123(a)(2) and 1123(a)(3)).  The Plan specifies that Claims in Classes 1 and 4 are Unimpaired.  The Plan also

specifies the treatment of each Impaired Class under the Plan, which are Classes 2, 3, 5, 6, 7 and 8. The Plan, therefore, satisfies sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.

M.      No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides the same treatment for each Claim or Interest within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment with respect to such Claim or Interest.  The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

N.      Implementation of the Plan (11 U.S.C. § 1123(a)(5)).  The Plan provides adequate and proper means for the Plan's implementation, including Section 14 (Means for Implementation of the Plan), among other provisions of the Plan.  The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

O.      Non-Voting Equity Securities (11 U.S.C. § 1123(a)(6)).  Paragraph 29 of this Order provides that if and to the extent applicable, the Debtors shall comply with section 1123(a)(6) of the Bankruptcy Code.

P.      Directors and Officers (11 U.S.C. § 1123(a)(7)).  The Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.  The Plan and the Plan Supplement disclose the identity and affiliation of the Litigation Trustee and Litigation Trust Oversight Board. Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC will be appointed the Litigation Trustee.  The Litigation Trust Oversight Board is comprised of the following non-insider members: (i) Brent Wilson, on behalf of the Required Lenders;(ii) Laura Overton, Esq., on behalf of Allegiant Air LLC, and (iii) Shehzad Ahmed on behalf of Bow Systems (Private) Limited, as well as *ex officio* member Philip Adrian on behalf of Multi Pilot Simulations, as more fully described in the Plan Supplement.  The foregoing appointments are consistent with the interests of creditors and with public policy.

Q.      Assumption and Rejection (11 U.S.C. § 1123(b)(2)).      Consistent with section 1123(b)(2) of the Bankruptcy Code and except as otherwise set forth herein, the Plan provides for the assumption or rejection, as applicable, of all of the executory contracts or unexpired leases of the Debtors that have not already been assumed, assumed and assigned, or rejected in the Chapter 11 Cases.

R.      Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).  The Debtors have complied with the applicable provisions of the Bankruptcy Code.  Specifically: (a) the Debtors are proper debtors under section 109 of the Bankruptcy Code; (b) the Debtors have complied with all applicable provisions of the Bankruptcy Code, including section 1125, except as otherwise provided or permitted by order of the Bankruptcy Court; and (c) the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in transmitting the Solicitation Packages and in tabulating the votes with respect to the Plan.  In full compliance with the Solicitation Procedures Order, on or before May 8, 2026, the Debtors caused the Solicitation Packages and other documents to be served and the Debtors caused the notices relating to the Combined Hearing, Plan, and Disclosure Statement to be served in compliance with the Solicitation Procedures Order.  Without limiting the generality of the foregoing, the Combined Hearing Notice provided due and proper notice of the Combined Hearing and all relevant dates, deadlines, procedures, and other information relating to the Plan and/or the solicitation of votes thereon, including, without limitation, the Voting Deadline and the deadline to file objections to the Plan and Disclosure Statement, the time, date, and place of the Combined Hearing and, coupled with the applicable Ballot or Opt-In Form, the provisions in the Plan concerning the Releases provided for in the Plan.  Based on the foregoing, all persons entitled to receive notice of the Disclosure Statement, the Plan, and the Combined Hearing have received

4924-9699-6519.5 05863.00002                     8

proper, timely, and adequate notice in accordance with the Solicitation Procedures Order, the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and have had an opportunity to appear and be heard with respect thereto, as such, the Debtors are in compliance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b) and 3017(d)-(f).  No other or further notice is required.

S.      Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).  The Plan has been proposed by the Debtors in good faith and in the belief that the proposed liquidation and other actions contemplated under the Plan will maximize value for the Debtors' creditors.   The Plan accomplishes the goals promoted by section 1129(a)(3) of the Bankruptcy Code by enabling distributions to be made to the Debtors' creditors on a fair and equitable basis, in accordance with the priorities established by the Bankruptcy Code subject to concessions made by certain creditors. The Plan has been proposed with the legitimate and honest purpose of implementing a chapter 11 liquidation of the Debtors and maximizing the value of the Estates to achieve the best interests of the Debtors' creditors.  In so finding, the Bankruptcy Court has considered the totality of the circumstances in the Chapter 11 Cases.

T.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  No payment for services or costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been or will be made by the Debtors other than payments that have been authorized by an order of the Bankruptcy Court, including without limitation by the confirmation of the Plan by this Confirmation Order.  Pursuant to the Plan, such Professionals' applications for allowance of final compensation and reimbursement of expenses must be filed and served no later than forty-five (45) days after the Effective Date.  Such

applications will be subject to review and approval by the Bankruptcy Court. Therefore, the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

U.    <u>Proper Disclosure of Officers (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) by providing such disclosures in the Plan and Plan Supplement. The Plan, in conjunction with the Plan Supplement, satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

V.    <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Plan.

W.    <u>"Best Interest Test" (11 U.S.C. § 1129(a)(7))</u>. Each Holder of an Impaired Claim or Impaired Interest has either accepted the Plan or will receive or retain on account of such Claim or Interest, property of a value on the Effective Date of the Plan that is not less than the amount that such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. The Combined Plan and Disclosure Statement and the evidence related thereto, as supplemented by any evidence proffered or adduced at or prior to the Combined Hearing, are persuasive and credible. The Plan, therefore, satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

X.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept a plan or be unimpaired under a plan. Classes 1 and 4 are Unimpaired Classes of Claims, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. Classes 2, 3, 5 and 6 are Impaired Classes entitled to vote on the Plan. Classes

2, 3, and 6 voted to accept the Plan.  As described in, *inter alia*, footnote 4 of the Plan, due to the consummation of the SIM International Settlement, there are no SIM International Claims remaining and Class 5 did not vote on the Plan.  Classes 7 and 8 are conclusively presumed to reject the Plan because no distribution is anticipated to the Holders of such Claims or Interests, in accordance with section 1126(g) of the Bankruptcy Code.  The Plan, therefore, does not satisfy the requirement of section 1129(a)(8) of the Bankruptcy Code because at least one Impaired Class has voted against the Plan. Notwithstanding the foregoing, the Plan is confirmable because it satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code.

Y.      Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code (11 U.S.C. § 1129(a)(9)).  The treatment of Administrative Claims and Priority Tax Claims as set forth in the Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code.  The Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

Z.      Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).  As set forth in the Voting Declaration, Classes 2, 3, and 6 are Impaired Classes of Claims under the Plan and voted to accept the Plan.  While Class 5 was designated an Impaired Class of Claims under the Plan, given the consummation of the SIM International Settlement, no SIM International Claims remain.  The Plan, therefore, satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

AA.     Confirmation is Not Likely to be Followed by Need for Further Reorganization (11 U.S.C. § 1129(a)(11)).  The Plan provides for the liquidation of the Debtors' remaining assets and, accordingly, no further reorganization of the Debtors is contemplated.  Based on the evidence proffered or adduced at or prior to the Combined Hearing and in the Confirmation Brief and the

Disclosure Statement, the Debtors have sufficient funds available as of the Effective Date to pay all claims and expenses that are required to be paid on the Effective Date under the Plan (including, as applicable, Administrative Claims and Priority Tax Claims), and the Litigation Trustee has funds and resources to make the other post-Effective Date distributions provided for under the Plan.  Accordingly, the Plan is feasible.  The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

BB.    Payment of Bankruptcy Fees (11 U.S.C. § 1129(a)(12)).  Section 19.1 of the Plan provides for the payment of all fees payable under 28 U.S.C. § 1930(a).  The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

CC.    Non-applicability of Certain Sections (11 U.S.C. §§ 1129(a)(13), (14), (15), and (16)).  The Debtors do not owe any retiree benefits, domestic support obligations, are not individuals, and are not nonprofit corporations.  Therefore, sections 1129(a)(13), 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to the Chapter 11 Cases.

DD.    "Cram Down" Requirements (11 U.S.C. § 1129(b)).  The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Notwithstanding the fact that Classes 7 and 8 are deemed to reject the Plan (collectively, the "Rejecting Classes"), the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code given that Classes 2, 3, and 6 voted to accept the Plan, and no Class 5 SIM International Claims remain.  *First*, all of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8), have been met.  *Second*, the Plan is fair and equitable with respect to the Rejecting Classes.  The Plan has been proposed in good faith, is reasonable and meets the requirements that no Holder of any Claim or Interest that is junior to each such Class will receive any property under the Plan on account of such junior Claim or Interest (as applicable) and no Holder of a Claim or Interest in a Class equal

to such Classes is receiving more favorable treatment than the Rejecting Classes. Accordingly, the Plan is fair and equitable towards all Holders of Claims or Interests (as applicable) in the Rejecting Classes. *Third*, the Plan does not discriminate unfairly with respect to the Rejecting Classes because similarly situated creditors or interest Holders (as applicable) will receive substantially similar treatment on account of their Claims or Interests irrespective of Class. The Plan may therefore be confirmed despite the fact that not all Impaired Classes have voted to accept the Plan because the Plan does not discriminate unfairly and is fair and equitable with respect to the Rejecting Classes.

EE.     Only One Plan (11 U.S.C. § 1129(c)). The Plan (including previous versions thereof) supersedes any other plan filed in the Chapter 11 Cases. The Debtors seek confirmation of the Plan. No party other than the Debtors has proposed a plan. The Plan, therefore, satisfies the requirements of section 1129(c) of the Bankruptcy Code.

FF.     Principal Purpose of the Plan (11 U.S.C. § 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act, 15 U.S.C. § 77e. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

GG.     Good Faith Solicitation (11 U.S.C. § 1125(e)). Based on the record in the Chapter 11 Cases, the Exculpated Parties have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the Plan, including, but not limited to, any action or inaction in connection with their participation in the activities described in section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in the Plan.

4924-9699-6519.5 05863.00002                    13

HH.    Implementation.  The various means for implementation of the Plan, as set forth in Section 14 and other provisions of the Plan (collectively, the "Implementation Activities"), have been designed and proposed in good faith.  The Implementation Activities are adequate and will promote the maximization of the value of the ultimate recoveries under the Plan in a fair and equitable manner in accordance with the priorities established by the Bankruptcy Code as set forth in the Plan.  The Implementation Activities are not intended to hinder, delay, or defraud any entity to which the Debtors are indebted on the Effective Date.

II.    Satisfaction of Confirmation Requirements.  Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS HEREBY ORDERED, THAT:**

1.    Final Approval of Disclosure Statement.  The Disclosure Statement is hereby approved, on a final basis, pursuant to section 1125 of the Bankruptcy Code.

2.    Confirmation.  The Plan, as and to the extent modified by this Order, is approved and confirmed pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan, the Plan Supplement and each of the documents comprising the Plan Supplement, any amendments, modifications, or supplements thereto, and all documents and agreements thereto are incorporated by reference into and are an integral part of the Plan, and such terms and their implementation are hereby approved and authorized.

3.    Objections.  Except as stated on the record at the Combined Hearing, which record is incorporated herein, all objections or informal comments to the confirmation of the Plan and final approval of the Disclosure Statement are overruled in all respects, and all remaining objections or informal comments, if any, are deemed withdrawn with prejudice.

4924-9699-6519.5 05863.00002                              14

4.      Omission of Reference to Particular Plan Provisions.  The failure to specifically describe or include any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Bankruptcy Court that the Plan be confirmed in its entirety.

5.      Implementation.  The Debtors and the Litigation Trustee are authorized to take all actions necessary, appropriate, or desirable to enter into, implement, and consummate the contracts, instruments, releases, agreements, or other documents created or executed in connection with the Plan.  Without further order or authorization of this Bankruptcy Court, the Debtors, the Litigation Trustee, and their successors (if any) are authorized and empowered to make all modifications to all Plan related documents in accordance with the Plan.  Execution versions of the Plan and all related documents, where applicable, shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

6.      Classifications.  The classification of Claims for purposes of distributions made under the Plan shall be governed solely by the terms of the Plan and this Order.

7.      Effective Date. The Effective Date of the Plan shall occur on the date determined by the Debtors when the requisite conditions set forth in the Plan have been satisfied or, as applicable, waived in accordance with the terms of the Plan.

8.      Modifications or Alterations to Plan. To the extent the Plan has been modified, supplemented, or altered subsequent to solicitation, such modifications, supplements, and alterations constitute clarifications or technical changes, and do not materially adversely affect or change the treatment of any Claims or Interests.  Accordingly, pursuant to Bankruptcy Rule 3019, such modifications or alterations, if any, do not require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor

do they require that Holders of Claims or Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan.

9. <u>Plan Supplement</u>. The documents contained in the Plan Supplement, and any amendments, modifications, and supplements thereto, and the execution, delivery, and performance thereof by the Debtors and the Litigation Trustee, as applicable, and their successors are authorized when they are finalized, executed, and delivered. Without further order or authorization of this Bankruptcy Court, the Debtors and the Litigation Trustee, as applicable, and their respective successors, are authorized and empowered to make all modifications to all documents included as part of the Plan Supplement in accordance with the Plan and Plan Supplement. Execution versions of the documents comprising or contemplated by the Plan Supplement shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms.

10. <u>Resolution of Claims</u>. All distributions made to Holders of Allowed Claims in any Class in accordance with the Plan are intended to be and shall be final.

11. <u>Post-Confirmation Governance</u>. On and after the Effective Date, Peter Hurwitz, as a managing member of Burton Hastings Advisors LLC, is appointed as the Litigation Trustee and the members of the Litigation Trust Oversight Board, as designated in the Plan Supplement, are appointed. The Litigation Trustee and the members of the Litigation Trust Oversight Board shall serve in such capacity in accordance with the Plan and the Plan Supplement. Any subsequent Litigation Trustee or Litigation Trust Oversight Board member shall be appointed pursuant to the Plan and the Plan Supplement, and shall serve in such capacity after the effective date of such person's appointment in the applicable capacity.

12.     <u>Sources of Consideration for Plan Distributions</u>.  As set forth more fully in the Plan, the Debtors or the Litigation Trustee, as applicable, will fund distributions under the Plan as set forth in the Plan.

13.     <u>Vesting of Assets</u>.  Pursuant to the Plan, on the Effective Date, all Litigation Trust Assets will vest in the Litigation Trust, free and clear of all Claims, Liens, charges, other encumbrances and Equity Interests.

14.     <u>Post-Confirmation Liability of Litigation Trustee</u>.  The Litigation Trustee, together with its consultants, agents, advisors, attorneys, accountants, financial advisors, other representatives and the professionals engaged by the foregoing, shall not be liable for any and all liabilities, losses, damages, claims, Causes of Action, costs and expenses, including but not limited to attorneys' fees arising out of or due to their actions or omissions, or consequences of such actions or omissions, to the Holders of Claims or Interests for any action or inaction taken in good faith in connection with the performance or discharge of their duties under the Plan, except such parties will be liable for actions or inactions that are grossly negligent, fraudulent, or which constitute willful misconduct (in each case, liability shall be subject to determination by final order of a court of competent jurisdiction). However, any act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, fraud, or willful misconduct.

15.     <u>Preservation of Causes of Action</u>.  Subject to the Plan, unless a Cause of Action (including the right to object to any Claim asserted against the Estates) is, in writing, expressly waived, relinquished, released, exculpated, assigned, sold, compromised, or settled in the Plan, or pursuant to a Final Order (including the Sale Order), all rights of the Debtors and Estates from and after the Effective Date with respect to all Causes of Action are expressly preserved for the benefit

of, retained by, and fully vested in, the Litigation Trust. Without limiting the generality of the foregoing, the Debtors expressly reserve such retained Causes of Action for later adjudication by the Litigation Trustee, including, without limitation, Causes of Action not specifically identified or described in the Plan, the Disclosure Statement, any Plan Supplement or elsewhere, or of which the Debtors may be presently unaware, or which may arise or exist by reason of additional facts or circumstances unknown to the Debtors at this time, or facts or circumstances that may change or be different from those the Debtors now believe to exist, and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable, or otherwise) or laches shall apply to such Causes of Action upon or after the entry of the Confirmation Order or Effective Date, except where such Causes of Action have been released or otherwise resolved by a Final Order (including the Confirmation Order).  No Entity may rely on the absence of a specific reference in the Plan or the Plan Supplement to any Cause of Action against them as any indication that the Debtors or the Litigation Trustee will not pursue any and all available Causes of Action against them.

16.     <u>Effectuating Documents; Further Transactions</u>.  On and after the Effective Date, the Debtors and the Litigation Trustee are authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, without the need for any approvals, authorization, or consents except for those expressly required pursuant to the Plan.

17.     <u>Section 1146 Exemption</u>.  To the extent permitted by section 1146 of the Bankruptcy Code, any transfers of property pursuant hereto and/or the Plan shall not be subject to any document recording tax, stamp tax, or other similar tax or governmental assessment, and upon

entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

18.     Rejection of Executory Contracts and Unexpired Leases.  On the Effective Date, except as otherwise provided in the Plan, each Executory Contract or Unexpired Lease not previously assumed, assumed and assigned, or rejected shall be automatically rejected, pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease is the subject of a motion to assume such Executory Contracts or Unexpired Leases that is pending on the Confirmation Date or is a contract, release, or other agreement or document entered into in connection with the Plan; *provided however,* that nothing in this Order or the Plan shall cause the rejection, breach, or termination of any contract of insurance benefiting the Debtors and the Estates, the Debtors' officers, managers and directors, and/or the Litigation Trust.  This Confirmation Order shall constitute an order of the Bankruptcy Court approving such rejection, pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

19.     Claims Based on Rejection of Executory Contracts or Unexpired Leases.  **All Proofs of Claim with respect to claims arising from the rejection of Executory Contracts or Unexpired Leases must be filed with the Bankruptcy Court within thirty (30) days after the Effective Date or such other date set by Final Order.**

20.     Injunction.  The injunction contained in Section 16.3 of the Plan is approved in all respects.

21.     Releases by the Debtors.  The releases by the Debtors contained in Section 16.2(a)(1) of the Plan are approved in all respects.  The Debtor/Estate Release is: (a) in exchange

for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtors and all holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Debtor/Estate Releasors asserting any Claim or Cause of Action released pursuant to the Debtor/Estate Release.

22.     Releases by Third Parties.   The Third Party Releases contained in Section 16.2(a)(2) of the Plan are approved.  The Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (i) consensual; (ii) essential to the confirmation of the Plan, important to the overall objectives of the Plan and an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (iii) given in exchange for the good and valuable consideration provided by the Released Parties, including, without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (iv) materially beneficial to, and in the best interests of the Debtors and their respective Estates and stakeholders; (v) fair, equitable, and reasonable; and (vi) given and made after due notice and opportunity to voluntarily opt-in or opt-out thereof (as applicable) and for hearing thereon.

23.     Exculpation.  The exculpation provisions contained in Section 16.1 of the Plan are approved.  The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

24.  Administrative Expense Bar Date.  The Administrative Expense Bar Date as to **Administrative Claims arising or deemed to have arisen after April 14, 2026 shall be thirty (30) days after the Effective Date**,  **Holders of Administrative Claims that are required to file and serve a request for payment of such Administrative Claims pursuant to the Plan, but do not file and serve such a request by the Administrative Expense Bar Date shall be forever barred, estopped, and enjoined from asserting such Administrative Claims against the Debtors, the Litigation Trust, or any of their respective property.**

25.  Professional Fee Claims.  **All final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be Filed no later than forty-five (45) days after the Effective Date.**  All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

26.  Notices of Confirmation and Effective Date.  The Debtors shall serve a combined notice of entry of this Confirmation Order and notice of the Effective Date in accordance with Bankruptcy Rules 2002 and 3020(c) by email, if available, otherwise by first class mail, on all creditors, equity holders, and parties having requested notice in the Chapter 11 Cases within five (5) Business Days after the Effective Date.  Notwithstanding the above, no notice of Confirmation or Effective Date or service of any kind shall be required to be mailed or made upon any party to whom the Debtors mailed notice of the Combined Hearing, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address.  The above-referenced notices are adequate

under the particular circumstances of the Chapter 11 Cases and no other or further notice is necessary.

27.     Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction over the Chapter 11 Cases and any of the proceedings related to the Chapter 11 Cases pursuant to section 1142 of the Bankruptcy Code and 28 U.S.C. § 1334 as set forth in the Plan to the fullest extent permitted by the Bankruptcy Code and other applicable law, including, without limitation, such jurisdiction as is necessary to ensure that the purpose and intent of the Plan are carried out.

28.     Payment of Statutory Fees.  All U.S. Trustee Fees shall be paid in accordance with section 19.1 of the Plan.

29.     Non-Voting Equity Securities.  If and to the extent applicable, the Debtors shall comply with section 1123(a)(6) of the Bankruptcy Code.

30.     Successors and Assigns.  The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, Affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

31.     Immediate Binding Effect of the Plan.  Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Litigation Trustee, any and all Holders of Claims or Interests (irrespective of whether their Claims or Interests are deemed to have accepted the Plan), each Entity that is party to or is subject to any settlement, compromise, release, or injunction described in the Plan, each Entity acquiring

property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

32.     Governmental Approvals Not Required.  Except as otherwise specifically provided herein, this Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referenced to in, or contemplated by, the Plan and the Disclosure Statement.

33.     Plan and Confirmation Order Mutually Dependent.  This Order shall constitute a judicial determination and shall provide that each item and provision of the Plan is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' consent; and (c) nonseverable and mutually dependent.

34.     Recording.  To the extent permitted by section 1146 of the Bankruptcy Code, the Debtors and/or the Litigation Trustee, as applicable, are authorized to deliver a notice or short form of this Order, with the Plan attached, to any state or local recording officer, and such officer is authorized to accept for filing such documents or instruments without charging any recording tax, stamp tax, transfer tax, conveyance fee, intangibles or similar tax, sale tax, use tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment.  Such notice (a) shall have the effect of an order of this Bankruptcy Court, (b) shall constitute sufficient notice of the entry of this Order to such filing and recording officers, and (c) shall be a recordable instrument notwithstanding any contrary provision of non-bankruptcy law.  The Bankruptcy Court specifically retains jurisdiction to enforce the foregoing direction.

35.    <u>Tax Identification Numbers</u>.  Notwithstanding anything in the Plan to the contrary, the Litigation Trustee may require any Beneficiary of the Litigation Trust to furnish to the Litigation Trustee on a confidential basis its social security number or employer or taxpayer identification number as assigned by the IRS and complete any related documentation (including but not limited to a Form W-8 or Form W-9). Any Litigation Trust Beneficiary that fails to return such documents and/or forms to the Litigation Trustee within 90 days of a request by the Litigation Trustee, in writing, shall forfeit its right to Distribution and shall cease being a Beneficiary of the Litigation Trust, unless otherwise agreed by the Litigation Trustee.

36.    <u>Spirit</u>.  All of Spirit Airlines, LLC f/k/a Spirit Airlines Inc.'s and its affiliates' (collectively, "<u>Spirit</u>") rights with respect to proof of claim 74 and the administrative expense claim filed at Docket No. 457, are expressly preserved, and nothing in this Order or the Plan shall affect Spirit's setoff, recoupment, or like rights, if any, against the Debtors or AFG Topco, LP and its designee, AFG Newco, LLC, including any of Spirit's rights preserved in the Final DIP Order, Sale Order, and/or Spirit's filed claims.  All claims, rights, objections and defenses of the Debtors, AFG Topco, LP and its designee, AFG Newco, LLC, the Litigation Trustee, and any other party in interest, as applicable, assertible against Spirit, including to dispute or object to any claim asserted by Spirit on any grounds, are expressly preserved.

37.    <u>Conflicts Between this Order and the Plan.</u>  The provisions of the Plan and of this Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of this Order shall govern and any such provision of this Order shall be deemed a modification of the Plan and shall control and take precedence.